UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                       Chapter 13
                                              Case Number 25-10233-KB
Brian J. Goodman Sr.                   Honorable Kimberly Bacher

      Debtor
_____/

**<u>MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362</u>**

U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust, a secured lien holder in the above captioned Chapter 13 proceeding, moves this court for an order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy Procedure for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a mortgage which it holds on real property known and numbered as 42 Hall Street, Concord, NH 03301 and commence a summary process action against occupants of the Property. In support of its motion, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust states the following:

1.      On October 8, 2004, Brian J. Goodman executed a note to 1-800-East-West Mortgage Company Inc. in the original principal amount of $148,800.00 (the "Note"). The Note was subsequently endorsed into blank and transferred to Movant.

2.      The Note is secured by a mortgage from Brian J. Goodman to Mortgage Electronic Registration Systems, Inc. dated October 8, 2004 and recorded with the Merrimack County Registry of Deeds at Book 2710, Page 215, subsequently assigned to OneWest Bank FSB by assignment dated August 24, 2009 and recorded in said Merrimack County Registry of Deeds at Book 3198, Page 0230, subsequently assigned to Ocwen Loan Servicing, LLC by assignment dated May 12, 2016 and recorded in said Merrimack County Registry of Deeds at Book 3523,

Page 2250, subsequently assigned to Federal National Mortgage Association by assignment dated May 12, 2016 and recorded in said Merrimack County Registry of Deeds at Book 3523, Page 2251, subsequently assigned to US Bank Trust National Association, not in its individual capacity but solely as owner trustee for VRMTG Asset Trust by assignment dated December 24, 2024 and recorded in said Merrimack County Registry of Deeds at Book 3878, Page 46. The Mortgage is a first mortgage on real property owned by the Debtor known and numbered as 42 Hall Street, Concord, NH 03301 (the "Property").

3. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust is the current holder of the Mortgage.

4. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust is the current holder of the Note.

5. Rushmore Servicing is the servicing agent for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust.

6. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note-holder or has been duly endorsed.

7. Rushmore Servicing services the loan on the property referenced in this Motion for Relief.  In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust ("Note-holder").  Note-Holder directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Note-holder or has been duly endorsed.  Note-holder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

8. On April 11, 2025, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

9. The Ch. 13 Plan has not yet been confirmed.

10. As of June 24, 2025, the Note and the Mortgage are in post-petition default for the May 1, 2025 payment and all subsequent payments in the net total amount $2,901.62, plus reasonable attorney's fees and costs and other charges incurred.

11. An Assignment of Rents further secures the obligation.

12. According to Debtor's Schedule A/B, the fair market value of the Property is $204,600.00. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust estimates that the liquidation value of the Property is no greater than $192,324.00, which is the market value minus 6% for the cost of sale.

13. According to Schedule C, the Debtor is not claiming an exemption in the Property.

14. As of June 24, 2025, the total outstanding balance owed on the Note is $357,427.25.

15. Fortworth Associates, LLC also has a lien on the property in the amount of $75,000.00.

16. As of June 24, 2025, the estimated amount of encumbrances on the Property is $432,427.25.

17. The Debtor's arrearage at the time of filing totaled $46,920.57.

18. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtor has not made payments pursuant to the Note and Mortgage.

19. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust is entitled to relief from the automatic stay for cause pursuant to

11 U.S.C. §362(d)(2) because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

WHEREFORE, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust moves that the court enter an order granting U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may exercise its rights pursuant to the Note and Mortgage in accordance with applicable state and federal law, and may commence a summary process action against occupants of the Property. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust moves that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(A)4

        U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust
By its attorneys,

Date:  July 2, 2025

Respectfully Submitted,

/s/ Jamie Welch_____
Jamie Welch, Esq. BNH07700
Orlans Law Group PLLC
Attorneys for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust
PO Box 540540
Waltham, MA 02454
(781) 790-7800
Email: bankruptcyNE@orlans.com
File Number: 25-005894