**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In Re:  Brian J. Goodman, Sr.<br><br>            Debtor<br><br>Brian J. Goodman, Sr.<br><br>            Plaintiff<br><br>       v.<br><br>Mark Plantier<br><br>            Defendant | Case No.: 25-10233-KB<br>Chapter 13<br><br><br>Hearing Date:  8/20/2025<br>Hearing Time: 9:00 A.M. |

## OBJECTION TO PROOF OF CLAIM NO. 8

**NOW COMES** Brian J. Goodman, Sr., Debtor in the above-captioned matter, by and through his Attorneys, Raymond J. DiLucci, P.A., and Objects to the Proof of Claim filed by the Defendant, Mark Plantier, and in support thereof states as follows:

1. That the Bankruptcy Court has jurisdiction in this matter pursuant to 28 U.S.C.A. §1334 and the General Reference Order of the United States District Court for the District of New Hampshire.

2. That this matter is a Core Proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) in which this Honorable Court is entitled to enter appropriate orders and judgments.

3. That this matter is an Objection to a Proof of Claim pursuant to 11 U.S.C.A. § 502 and Bankruptcy Rules 3001 and 3007.

4. That on April 11, 2025, the Debtor, Brian J. Goodman, Sr., filed a Voluntary Chapter 13 Bankruptcy Petition in the Bankruptcy Court for the District of New Hampshire and received Case No.: 25-10233-KB.

5. That the Debtor did not list a debt owed to the Defendant, Mark Plantier on his Voluntary Petition, as he does not owe any debt to Mr. Plantier, as set forth in detail below.

6. That, Pursuant to the filing of the Debtor's Chapter 13 Bankruptcy Petition, the Defendant, Mark Plantier filed Claim No. 8 on June 13, 2025 alleging a secured obligation in the claimed amount of $318,129.00, with no arrearages.

7. That said proof of claim was signed by the Defendant, Mark Plantier but is believed to have been filed by Mr. Plantier's attorney, Craig S. Donais, Esq.

8. That the Proof of Claim contains both procedural and substantial substantive problems.

9. That the Proof of Claim mis-identifies the Debtor, Brian J. Goodman, Sr. as "Brian J. Goodwin, Sr." (Claim 8, Page 1).

10. That in response to Part 1, line 1 the Proof of Claim identifies the "current creditor" as "Brian J. Goodwin, Sr." (Claim 8, Page 1)

11. That Part 2, line 9 identifies the claim as secured by a "Mortgage recorded at Merrimack ROD Bk 2909, Pg 1561." (Claim 8, Page 2).

12. That there is no promissory note or other evidence of debt attached to the Proof of Claim.

13. That the Proof of Claim contains what appears to be a calculation of amount owed; however, without any promissory note or other valid evidence of debt the calculations do not provide any evidentiary value to the Proof of Claim.

14. That the Proof of Claim contains a copy of Commercial Mortgage Deed upon property identified as "72 Hall Street, Concord, Merrimack County, New Hampshire". (Claim 8 Pages 6-11).

15. That the Copy of the Commercial Mortgage Deed attached to the Proof of Claim bears a recording stamp on the upper right hand side of the first page as follows:

```
Doc# 690974
Book: 3019  Pages: 0048 - 0053
Filed & Recorded
09/18/2007   10:14AM
```

Book 3019  Page 48

16. That the copy of the Commercial Mortgage Deed attached to the Proof of Claim is not the mortgage identified within the Proof of Claim. The attached mortgage was recorded at Book 3019, Page 48 which is not Book 2909, Page 1561 as identified in part 2 line 9 of the Proof of Claim.

17. That a copy of the mortgage identified in the Proof of Claim itself, recorded at the Merrimack Registry of Deeds at Book 2909, Page 1561 is attached to this Objection as Exhibit A.

18. That the Mortgage recorded with the Merrimack County Registry of Deeds at Book 2909, Page 1561 was discharged on or about July 31, 2006, pursuant to the "Full Mortgage Discharge" recorded with the Merrimack County Registry of Deeds on August 14, 2006, at Book 2918, Page 1657. A copy of said "Full Mortgage Discharge" is attached to this Objection as Exhibit B.

19. That the Commercial Mortgage Deed attached to the Proof of claim has been Discharged pursuant to an Order entered on or about April 1, 2013 by Judge Smukler in the Merrimack Superior Court Case captioned: Brian Goodman V. Mark Plantier; Docket No.: 217-2009-EQ-00148.

20. That a Notice of Order of Discharge of Mortgage on 72 Hall Street, Concord, NH, accompanied by a Notice of Decision and Judge Smukler's Order dated April 1, 2013 was recorded with the Merrimack County Registry of Deeds on November 8, 2013, at Book 3419, Page 939. A copy of said filing is attached to this Objection as Exhibit C.

21. That a review of the Merrimack Country Registry of Deeds does not disclose the existence of any undischarged mortgages or liens granted to Mr. Plantier by the Debtor.

22. That Proof of Claim Number 8, filed by Mr. Plantier should be denied in its entirety.

23. That under the circumstances, this Court should Order Mr. Plantier to reimburse Counsel for the Debtor for all time spent discussing this claim with the Debtor, reviewing documents, and drafting, filing and serving this objection, as well as any costs incurred to serve the objection including costs for postage and copies.

24. That under the circumstances, this Court should Order Mr. Plantier to reimburse Counsel for any time spent subsequent to filing and serving this claim anticipated to include review of any response, preparation for and attendance at the hearing on this Objection, as well as any travel and parking costs incurred attending the hearing.

25. That under the circumstances, this Court should further Order Mr. Plantier to reimburse the Debtor for his costs incurred obtaining copies of the relevant documents from the Merrimack County Registry of Deeds.

26. That under the circumstances, this Court should find that even if Mr. Plantier's claim is withdrawn upon the filing of this Objection Mr. Plantier should still be ordered to reimburse the expenses above incurred in this matter up to the withdrawal of the Claim.

27. That Part 3 of the Proof of Claim directly above the signature section provides the following certifications:

    > I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt
    >
    > I have examined the information in this *Proof of Claim* and have a reasonable belief that the Information is **true** and correct [1]
    >
    > I declare under penalty of perjury that the foregoing Is true and correct.

28. That Part 3 of the Proof of Claim, directly to the left of the above quoted certification, contains the following further warning:

    > A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
    > 18 U.S.C. §§ 152, 157, and 3571.

29. That under the facts and circumstances as set forth in this objection as well as detailed more fully within the Merrimack County Superior Court Case where the claimed mortgage was ordered discharged over a decade ago, the Debtor believes that Claim Number 8 constitutes a "fraudulent

claim".

30. That this Honorable Court should enter an Order further Sanctioning Mr. Plantier as this Court deems appropriate under the facts and circumstances.

**WHEREFORE** the Debtor, Brian J. Goodman, Sr., respectfully requests this Honorable Court:

A    Disallow the Proof of Claim filed by Mark Plantier; and

B.    Order Mr. Plantier to reimburse Counsel for the Debtor for all legal fees and costs incurred objecting to Claim Number 8; and

C.    For such other and further relief as may be deemed fair, just and equitable.

Respectfully Submitted,
Brian J. Goodman, Sr.
By and Through his Attorneys,

Dated: July 16, 2025

/s/ Kathleen E. McKenzie, Esq.
Kathleen E. McKenzie, Esquire
BNH 07628
Raymond J. DiLucci, P.A.
81 South State Street
Concord, NH 03301
Tel: (603) 224-2100