United States Bankruptcy Court
District of New Hampshire

In re Brian J. Goodman Sr. (Debtor)

Brian J. Goodman Sr. (Plaintiff)

v.

Mark Plantier (Defendant)

Case # 25–10233–KB
Chapter 13

**Defendant's Reply to
Debtor's Objection to Proof of Claim # 8**

Defendant Mark Plantier, by and through undersigned counsel, hereby responds to Debtor Brian J. Goodman Sr.'s (Debtor) Objection to Proof of Claim # 8 dated July 16, 2025 (Objection), stating as follows:

1. In the Objection, Debtor alleges Defendant erroneously filed Proof of Claim # 8 regarding a mortgage on real property with an address of 72 Hall Street, Concord, NH 03301 (the Property), as recorded in Book 3019, Page 48 (the Mortgage), in the Merrimack County Registry of Deeds (Registry) *(see generally* Obj.).

2. Debtor claims the Merrimack County Superior Court (Superior Court) discharged the Mortgage by order in April 2013, which Debtor recorded in the Registry in November 2013 (Obj. ¶¶ 19–20).

**Background**

3. In September 2007, the Mortgage was recorded in the Registry (*see* Debtor's Ex. C, Notice of Ord. of Discharge of Mortg.).

4. In 2009, Debtor sued Defendant in Superior Court alleging breach of contract and requesting the Mortgage be extinguished (the 2009 Action) (*see* Debtor's Ex. C, pp. 3–8).

5. In 2010, Defendant filed for Chapter 11 bankruptcy with this Court (the Chapter 11 Case) (*see In re Plantier*, 10–11887–BAH [Bankr. D.N.H. 2010]).

6. In May 2010, Defendant filed a Suggestion of Bankruptcy (First Suggestion) in Superior Court, and, in June 2010, the Superior Court stayed the 2009 Action (*see* Debtor's Ex. C, p. 3; Def.'s Ex. 1, Restated & Updated Suggestion of Bankr. Dated September 2013 ¶ 2).

7. Defendant listed the 2009 Action in a Statement of Financial Affairs filed with this Court dated May 2010 (*see* Def.'s Ex. 2, Statement of Fin. Aff. § 4).

8. In December 2011, this Court confirmed Defendant's Chapter 11 plan (the Confirmation Order) (*see* Def.'s Ex. 3, Confirmation Ord.).

9. The Confirmation Order notably reads Defendant "is hereby discharged of and from . . . all debts and claims that arose against it before the date of entry of this order[.]" (*see* Def.'s Ex. 3, ¶ 27).

10. That order also provided "as of the Effective Date of the plan, the . . . continuation of any action, the employment of any process or any act to collect, recover or offset any claim discharged or interest terminated hereunder is hereby permanently enjoined, stayed and restrained." (*see* Def.'s Ex. 3, ¶ 30).

11. And an addendum to that order provided immediately "upon confirmation of the plan, [Defendant] shall be restored to 'debtor-in-possession' status[.]" (*see* Def.'s Ex. 4, Dec. 2011 Ord. Add. ¶ E).

12. Debtor never filed a proof of claim in the Chapter 11 Case.

13. In July 2012, this Court discharged the Chapter 11 Case (Def.'s Ex. 5, Ord. Closing Case).

14. In March 2013, Debtor moved the Superior Court to reopen the 2009 Action (Debtor's Ex. C, p. 3).

15. In his moving papers, Debtor notably requested the Superior Court 1) reopen the 2009 Action and "require the Defendant to litigate the mortgage on 72 Hall Street[;]" and 2) discharge the Mortgage (Debtor's Ex. C, p. 8).

16. The Superior Court granted *all* of Debtor's requested relief because no "objection has been filed. The court thereby assumes that defendant assents to the relief sought[.]" (Debtor's Ex. C, p. 2).

17. In September 2013, Defendant's former counsel filed a Restated and Updated Suggestion of Bankruptcy (the Updated Suggestion) in Superior Court (*see* Def.'s Ex. 1).

18. Therein, former counsel: 1) informed the Superior Court of Defendant's Chapter 11 plan; 2) asserted Debtor violated this Court's Confirmation Order by moving to reopen the 2009 Action; and 3) explained he untimely filed the Updated Suggestion because he withdrew as Defendant's counsel in July 2010 (*see* Def.'s Ex. 1, ¶¶ 3–5, 8–10, 13).

19. In November 2013, Debtor recorded a purported discharge of the Mortgage in the Registry (Debtor's Ex. C).

20. And in December 2013, after a hearing, the Superior Court stayed the 2009 Action because "it appears that the Defendant is subject to a Chapter 11 plan under an Order of the . . . Bankruptcy Court[.]" (Def.'s Ex. 6, Dec. 2013 Super. Ct. Ord.).

## Analysis

21. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." (11 USC § 1327[a]; *see In re McGrahan*, 459 B.R. 869, 874–75 [B.A.P. 1st Cir. 2011] ["binding effect of confirmation has led courts to conclude that once a plan is confirmed, a creditor's rights and interests are defined within the boundaries of the plan, and proceedings that are inconsistent with the . . . plan are improper(.)"]).

22. In New Hampshire, *after* a mortgagor performs the conditions of a mortgage 1) the mortgagee must give mortgagor a discharge thereof; or 2) if the mortgagee fails to do so, the mortgagor may petition a superior court for a mortgage discharge (NH RSA 479:7; NH RSA 479:10). In the latter case, if "the court, after . . . notice given and a hearing on the petition, shall find [1] that the condition of the mortgage has been performed and [2] that all damages and costs have been paid according to law, or that a legal tender thereof has been made and the amount has been brought into court and lodged with the clerk thereof, the court shall decree that the mortgage be discharged." (NH RSA 479:11). The New Hampshire Supreme Court has "interpreted these statutes to mean that only upon performance of the conditions of a mortgage is it rendered void and a discharged compelled[.]" (*Cadle Co. v. Dejadon*, 904 A.2d 605, 609 [N.H. 2006]).

23. And when a mortgage has been discharged by mistake or legal/administrative error, equity will set the discharge aside and reinstate the mortgage to the position the parties intended it to occupy (*Emigrant Residential LLC v. Pinti*, 134 F.4th 626, 634 [1st Cir. 2025] [citing Massachusetts law]; *Hammond v. Barker*, 1881 WL 4658, *56 [N.H. 1881]; *cf. Gunnison v. Abbott*, 64 A. 23 [N.H. 1906] [attachment *not* dissolved by judgment based on error of law]).

24. Here, the purported discharge of the Mortgage is invalid because it is/was based on a claim discharged by this Court's Confirmation Order. As above, said Order "discharged . . . all debts and claims that arose against it before" December 2011 and permanently stayed and enjoined the "continuation of any action, the employment of any process or any act to collect, recover or offset any claim discharged or interested terminated" under the Order or Defendant's plan (Def.'s Ex. 3, ¶¶ 27, 30). This includes the 2009 Action (*see* Def.'s Ex. 2, § 4). Indeed, the Superior Court acknowledged such in its December 2013 order staying the 2009 Action (Def.'s Ex. 6). And as above, Debtor never filed a proof of claim in the Chapter 11 Case despite Defendant filing the First

Suggestion in the 2009 Action. So, Debtor's attempt to reopen the 2009 Action and invalidate the Mortgage was improper and disregarded the Confirmation Order.

25. Moreover, the discharge of the Mortgage is not based on any statutory process or final judgment. In the 2009 Action, the Superior Court did not make findings related to the Mortgage's validity or satisfaction thereof. Indeed, the Superior Court stayed the 2009 Action in December 2013 and made *no* further orders thereafter. So, Debtor recorded the purported Mortgage discharge despite not following the procedures in NH RSA 479 nor obtaining a final judgment concerning the Mortgage.

26. Accordingly, the erroneous Mortgage discharge did not affect any obligations between the Parties.

**Wherefore, Defendant requests that this Court:**

    A. **Allow** Defendant's Proof of Claim # 8; and

    B. **Grant** such further relief as is just and equitable.

Respectfully submitted,
**Mark Plantier**

By his attorneys,
**Wadleigh, Starr & Peters PLLC**

By: */s/ Craig S. Donais*
Craig S. Donais, Esq.
NH Bar #12466
BNH # 06779
95 Market Street
Manchester, NH 03101
(603) 669-4140
cdonais@wadleighlaw.com