UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

Mark Plantier

_____ ,     Bk. No. 10- __11887__ -JMD

Debtor                   Chapter 11

Hearing Date and Time: Dec 20, 2011 10am

## ORDER CONFIRMING PLAN OF REORGANIZATION

Pursuant to the final plan and disclosure statement (Court Doc. Nos. _288_ and _312_) filed by _Mark Plantier_____; and after notice having been transmitted to all creditors, equity security holders, parties in interest and other persons entitled to notice in accordance with Bankruptcy Rules 2002 and 3017; and after having reviewed the plan, the showing made by parties who attended the confirmation hearing on _December 20, 2011_, and the Court having dictated (if applicable) any special findings and conclusions into the record at the close of the hearing,

IT IS HEREBY ORDERED as follows:

1.      The plan, which is incorporated herein by reference, complies with the applicable provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  See 11 U.S.C. § 1129(a)(1).

2.      The proponent of the plan complies with the applicable provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  See 11 U.S.C. § 1129(a)(2).

3.      The plan has been proposed in good faith and not by any means forbidden by law.  See 11 U.S.C. § 1129(a)(3).

4.      Any payment made or to be made by the proponent, by the debtor, or by any person issuing securities or acquiring property under the plan, for services or for costs and expenses in the case or in connection with the case, or in connection with the plan and incident to this case, has been approved by, or is subject to the approval of, the Court as reasonable.  See 11 U.S.C. §1129(a)(4).

5.      The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve after confirmation of the plan, as a director, officer, or voting trustee of the reorganized debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan and the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of compensation for such insider.  See 11 U.S.C. § 1129(a)(5).

6.      If applicable, any governmental regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the debtor, has approved any rate change provided for

in the plan, or such rate change is expressly conditioned on such approval.  See 11 U.S.C. § 1129(a)(6).

7.      With respect to each impaired class of claims or interest of such class, being class or classes  3 & 5  , each holder of a claim or interest of such class has accepted the plan or will receive or retain under the plan, on account of such claim or interest, property of a value, as of the Effective Date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7.  If § 1111(b)(2) of the Bankruptcy Code applies, such class will receive or retain under the plan, property of a value, as of the Effective Date of the plan, that is not less than the value of such holder*s interest in the estate*s interest in the property securing such claim.  See 11 U.S.C. § 1129(a)(7).

8.      The Certificate of Vote attached as Exhibit A hereto discloses, as applicable, those classes that have accepted the plan, those classes that have rejected the plan, those classes that are not impaired under the plan, and those classes which have rejected the plan but are being treated by plan treatment permitted under § 1129(b)(1) and 1129(b)(2) of the Bankruptcy Code. See 11 U.S.C. § 1129(a)(8).

9.      Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that, with respect to a claim of a kind specified in § 507(a)(2) or 507(a)(3) of the Bankruptcy Code, being class or classes  1  , on the Effective Date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.  See 11 U.S.C. § 1129(a)(9)(A).

10.      With respect to a class of claims of a kind specified in § 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) and 507(a)(7) of the Bankruptcy Code, being class or classes  1  , each holder of a claim of such class will receive, if such class has accepted the plan, deferred cash payments of a value, as of the Effective Date of the plan, equal to the allowed amount of such claim, or, if such class has not accepted the plan, cash on the Effective Date of the plan equal to the allowed amount of such claim.  See 11 U.S.C. § 1129(a)(9)(B).

11.      With respect to a claim of a kind specified in § 507(a)(8) of the Bankruptcy Code, being class or classes  n/a  , the holder of such claim will receive on account of such claim regular installment payments in cash of a value, as of the Effective Date of the plan, equal to the allowed amount of such claim over a period ending not later than five (5) years after the date of the order for relief and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan, other than cash payment made to a class of creditors under § 1122(b) of the Bankruptcy Code.  With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under § 507(a) of the Bankruptcy Code, but for the secured status of that claim, the holder of that claim will receive on account of such claim, cash payments in the same manner and over the same period as described in §1129(a)(9)(C) of the Bankruptcy Code.  See 11 U.S.C. § 1129(a)(9)(C) and (D).

12.     If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan, being class or classes __3 & 5__ , has accepted the plan, determined without including any acceptance of the plan by an insider. See 11 U.S.C. § 1129(a)(10).

13.     Confirmation of this plan is not likely to be followed by liquidation, or the need for further financial reorganization, of this debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan. See 11 U.S.C. § 1129(a)(11).

14.     All fees due and all quarterly fees payable to the United States Trustee have been paid as of the confirmation date. See 11 U.S.C. § 1129(a)(12) and LBR 3020-1(c).

15.     If applicable, the plan provides for the continuation after the Effective Date of payment of all retiree benefits, as that term is defined in § 1114 of the Bankruptcy Code, at the level established pursuant to § 1114(e)(1)(B) or 1141(g) of the Bankruptcy Code, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits. See 11 U.S.C. § 1129(a)(13).

16.     If the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first became payable after the date of the filing of the petition. See 11 U.S.C. § 1129(a)(14).

17.     In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objected to confirmation of the plan, the value, as of the Effective Date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim or the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor, as defined in § 1325(b)(2) of the Bankruptcy Code, to be received during the five (5) year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. See 11 U.S.C. § 1129(a)(15).

18.     All transfers of property of the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. See 11 U.S.C. §1129(a)(16).

19.     The plan is hereby determined to be fair and equitable and does not discriminate unfairly with regard to any class of claims or interests that is impaired under, and has not accepted, the plan. See 11 U.S.C. § 1129(b)(1).

20.     The plan is fair and equitable with respect to any rejecting class of secured claims, if applicable, and the plan provides that holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims, and that each holder of a claim of such class will receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the plan, of at least the value of such holder*s interest in the estate*s interest in such property. See 11 U.S.C. §1129(b)(2)(A)(i).

21.     The plan is fair and equitable with respect to any rejecting class of unsecured claims, if applicable, and the plan provides that each holder of a claim of such class receives or retains on account of such claim property of a value, as of the Effective Date of the plan, equal to the allowed amount of such claim, or, the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan, on account of such junior claim or interest, any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under § 1115 of the Bankruptcy Code, subject to the requirements of § 1129(a)(14) of the Bankruptcy Code.  See 11 U.S.C. § 1129(b)(2)(B)(i) and (ii).

22.     If this is a small business case, the plan was filed in accordance with § 1121(e) of the Bankruptcy Code and the plan is being confirmed not later than forty-five (45) days after the plan was filed, unless the time for confirmation was extended in accordance with § 1121(e)(3) of the Bankruptcy Code.  See 11 U.S.C. § 1129(e).

23. Special provisions (insert special provisions if applicable/attach additional sheets if necessary):

## SEE ATTACHED EXHIBITS "B-1" & "B-2"

24. There are no other plans that have been proposed in this case.

25. The plan is hereby confirmed.

26. The provisions of the plan are hereby made binding upon the debtor and any creditor or equity security holder of the debtor whether the claim or interest of such creditor or equity security holder is impaired under the plan and whether such creditor or equity security holder has accepted the plan.

27. Except as otherwise provided herein, in the plan, or in the Bankruptcy Code, and effective as of the Effective Date of the plan, in accordance with § 1141(d) of the Bankruptcy Code, the debtor is hereby discharged of and from any and all debts and claims that arose against it before the date of entry of this order, including, without limitation, any debt or claim or a kind specified in § 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of claim based on such debt is filed or deemed filed under § 501 of the Bankruptcy Code, (ii) such claim is allowed under § 502 of the Bankruptcy Code, or (iii) the holder of such claim has accepted the plan.  See 11 U.S.C. § 1141(d).

28. Except as otherwise provided herein or in the plan, and effective as of the Effective Date of the plan, in accordance with § 1141(b) and 1141(c) of the Bankruptcy Code, all property of the debtor*s estate and all property dealt with by the plan is hereby vested in the debtor free and clear of all claims and interest of creditors, equity security holders, and general partners of the debtor.  See 11 U.S.C. § 1141(c) and (d).

LBF 3020-1 (Eff. 12/1/09)

29. Except as provided in the plan, and subject only to the occurrence of the Effective Date of the plan, any judgment at any time obtained, to the extent that such judgment is determination of the liability of the debtor with respect to any debt or claim discharged hereunder, is hereby rendered null and void.

30. Effective as of the Effective Date of the plan, the commencement or continuation of any action, the employment of process or any act to collect, recover or offset any claim discharged or interest terminated hereunder is hereby permanently enjoined, stayed and restrained.

31. Except as otherwise provided in the plan, any objection to any claim or interest shall be filed with the Court and served on the holder of such claim or interest on or before January 30, 2012 .

32. Any claim for damages arising from the rejection of any executory contract or unexpired lease pursuant to the plan shall be forever barred unless a proof of claim therefor in proper form is filed with the Court within thirty (30) days after the later of the date of entry of (i) an order by the Court approving the rejection of such executory contract or unexpired lease or (ii) this order.

33. All applications or requests for compensation or the reimbursement of any expenses or costs incurred by any professionals retained with Court approval in this chapter 11 case, or fees and expenses by any party in interest must be filed with the Court on or before January 30, 2012 .

34. In accordance with the provisions of *LBR 3020-1*, the Court shall retain exclusive jurisdiction for the following purposes:

(a)  To hear and determine objections to claims;

(b)  To hear and determine any dispute arising under the plan, its implementation and execution of any necessary documents thereunder, and any requests to amend, modify or correct the plan, provided such matters are brought before the Court prior to the point of substantial consummation;

(c)  To grant extension of any deadlines set forth in this order as may be appropriate;

(d)  To enforce all discharge provisions under the plan; and

(e)  To consider and rule upon requests for final compensation.

The debtor shall be permitted to file a motion requesting additional retention of jurisdiction for specific matters within sixty (60) days of the date of this order. Any such further retention of jurisdiction granted by the Court shall be provided for in a supplementary order on such motion.

35. Ch11 Trustee shall file an application for final decree pursuant to the provisions of Bankruptcy Rule 3022 and *LBR 3020-1* on or before January 23, 2012 [no later than 120 days from the date of this order].

36. The Order confirming the Plan is effective immediately upon entry.  The 14 day stay (Fed. R. Bankr. P. 3020(e) shall not apply.

ENTERED at Manchester, New Hampshire.

Date: ___December 27, 2011___

_____/s/  J. Michael Deasy_____

~~Judge's Name~~

~~Chief Judge or~~ Bankruptcy Judge