UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE (CONCORD)

IN RE:

Brian J. Goodman, Sr.,
Debtor

---

U.S. Bank Trust Company, National Association,
as Trustee, as successor-in-interest to U.S. Bank
National Association, as successor Trustee to
LaSalle Bank National Association, as Trustee for
Bear Stearns Asset Backed Securities I Trust 2007-
HE4, Asset-Backed Certificates, Series 2007-HE4,

VS.

Brian J. Goodman, Sr.

CHAPTER 13
CASE NO. 25-10233-KB

## MOTION FOR RELIEF FROM STAY

To the Honorable Kimberly Bacher:

U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National

Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset

Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4, your moving party in the

within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C.

§362 and any applicable Co-debtor Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1.      The movant has a mailing address of P.O. Box 65250, Salt Lake City, UT 84165-0250.

2.      The debtor has a mailing address of 40 Hall Street, Concord, NH 03301.

3.      On April 11, 2025, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code

in the United States Bankruptcy Court for the District of New Hampshire.

4.      The Chapter 13 plan has not been confirmed.



1

5.      The movant is the holder of a first mortgage on real estate in the original amount of $230,000.00

given by Brian J. Goodman to Mortgage Electronic Registration Systems, Inc., as nominee for Aegis Lending

Corporation on or about December 26, 2006. Said mortgage is recorded in the Merrimack County Registry of

Deeds at Book 3053, Page 1419 as modified by a certain modification agreement recorded with said

Merrimack County Registry of Deeds at Book 3429, Page 1396 and covering the premises located at 72 Hall

Street, Concord, NH 03301.

6.      Said mortgage secures a note given by Brian J. Goodman to Aegis Lending Corporation in the

original amount of $230,000.00.

7.      There is no other collateral securing the obligation.

8.      Said mortgage was subject to the following assignments:

- Mortgage Electronic Registration Systems, Inc., as nominee for Aegis Lending Corporation to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2007-HE4, recorded on July 14, 2009, in Book No. 3143, at Page 974
- Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2007-HE4 to U.S. Bank National Association, as Trustee for the registered holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2007-HE4, recorded on October 22, 2012, in Book No. 3345, at Page 1120
- U.S. Bank National Association, as Trustee for the registered holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2007-HE4 to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4, recorded on August 15, 2024, in Book No. 3864, at Page 2060

A copy of said mortgage, note, assignments, and any loan modification agreements have been attached hereto as Exhibit A.

9.      As of July 8, 2025, approximately $188,704.27 in principal, interest, late fees and other charges was

due with regard to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to

U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for

Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4's note

and mortgage.

10.     According to the Chapter 13 Plan, the subject property is being retained.

11.     There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| Movant | First lien | $188,704.27 |
| Mark N. Plantier | Junior Mortgage | $50,000.00 |
| Concord Hospital | Judgment Lien | $10,719.90 |

Total Secured Encumbrances:  $249,424.17

12.     The pre-petition arrearage is $102,613.68.

13.     According to the debtor's schedule A/B, the fair market value of the subject property is $150,000.00.

14.     The debtor has no equity in the property.

15.     The debtor failed to remain current with the post-petition payments to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4.

16.     No post-petition payments have been received by the movant.

17.     The total post-petition arrearage due as of July 8, 2025 is $3,991.35 excluding attorney's fees and costs.

18.     The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $1,330.45, which payments are due on the first of every month.  The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

19.     The property is not necessary for a successful reorganization.

20.    The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

     I.     Pursuant to 11 U.S.C. §362 (d)(1) for cause on the basis that the debtor has not made post-petition payments, and that the debtor has failed to provide the plaintiff with adequate protection;

     II.     Pursuant to 11 U.S.C. §362 (d)(2) on the basis that there is no equity in the subject property and, there being no reorganization in prospect, the property is not necessary for effective reorganization.

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

Respectfully submitted,
U.S. Bank Trust Company, National Association, as
Trustee, as successor-in-interest to U.S. Bank
National Association, as successor Trustee to LaSalle
Bank National Association, as Trustee for Bear
Stearns Asset Backed Securities I Trust 2007-HE4,
Asset-Backed Certificates, Series 2007-HE4,
By its Attorney

/s/ Joseph Dolben
Joseph Dolben
NH Bar Number 265894
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500

nhbk@harmonlaw.com

Dated: August 28, 2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE (CONCORD)

IN RE:

Brian J. Goodman, Sr.,
Debtor

Case No. 25-10233-KB
Chapter 13

## CERTIFICATE OF SERVICE

I, Joseph Dolben, state that on August 28, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of New Hampshire on behalf of U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Kathleen McKenzie
Lawrence Sumski
Office of the United States Trustee

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Brian J. Goodman, Sr.
72 Hall Street
Concord, NH 03301

Brian J. Goodman, Sr.
40 Hall St
Concord, NH 03301-3414

Mark N. Plantier
49 South River Road
Bedford, NH 03110

Mark N. Plantier
Po Box 10076
Bedford, NH 03110-0076

Concord Hospital
250 Pleasant Street
Concord, NH 03301

6

Respectfully submitted,
U.S. Bank Trust Company, National Association, as
Trustee, as successor-in-interest to U.S. Bank
National Association, as successor Trustee to LaSalle
Bank National Association, as Trustee for Bear
Stearns Asset Backed Securities I Trust 2007-HE4,
Asset-Backed Certificates, Series 2007-HE4,
By its Attorney

/s/ Joseph Dolben
Joseph Dolben
NH Bar Number 265894
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
nhbk@harmonlaw.com

Dated: August 28, 2025