202UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In Re:  Brian J. Goodman, Sr.    Case No.: 25-10233-KB
                                 Chapter 13
         Debtor

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Brian J. Goodman, Sr.

         Plaintiff              Hearing Date:  9/24/2025
                                Hearing Time: 9:00 A.M.
         v.

Mark Plantier

         Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEBTOR'S RESPONSE TO CREDITORS REPLY TO OBJECTION TO CLAIM NO. 8

**NOW COMES** Brian J. Goodman, Sr., Debtor in the above-captioned matter, by and through his Attorneys, Raymond J. DiLucci, P.A., and responds to the Reply filed by Defendant, Mark Plantier, and states as follows:

1. That the Debtor, hereinafter "Goodman" restates and incorporates the Objection to Proof of Claim No.: 8, filed at Document Number 51.

2. That after a hearing on Goodman's Objection to Proof of Claim No.: 8, this Court permitted the Respondent, Mark Plantier, hereinafter "Plantier", to file a written response to Objection to Claim Number 8.  (Doc. No.: 63).

3. That Plantier, by and through his Attorney, Craig Donais, Esq., filed a response on or about August 26, 2025. (Doc. No.65).

4. That Plantier's response asserts that the Order entered by the Merrimack Superior Court is void by virtue of:

    a. Plantier's receipt of a discharge in a Chapter 11 Bankruptcy; and

    b. The Superior Court's issuance of the order discharging the Mortgage in violation of the Automatic Stay pursuant to Plantier's Chapter 11 Bankruptcy; and

    c. The recording of the Superior Court's Order discharging the Mortgage did not comply with NH RSA 479; and

    d. Therefore, the Superior Court Order is and/or was void and could not legally discharge the mortgage asserted by Plantier.

5. That Goodman disputes Plantier's arguments with respect to each of the above-noted grounds for the Superior Court's Order to be Deemed void as set forth below.

**DEBTOR'S CLAIMS WERE NOT DISCHARGED IN PLANTIER'S CHAPTER 11**

6. Plantier filed a Voluntary Chapter 11 Bankruptcy Case in the District of New Hampshire on or about April 28, 2010 and received Case No.: 10-11887.

7. Plantier's Chapter 11 Bankruptcy Petition designates that Plantier was an "Individual". (see Case No.: 10-11887; Doc. 1, Page 1, "Type of Debtor")

8. 11 U.S.C. §1141(d)(5) states in relevant part that:

    *In a case in which the debtor is an individual –*
    (A) *Unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan[.]*

9. The Bankruptcy Court entered an order confirming Plantier's Chapter 11 Plan on or about December 27, 2011, hereinafter the "confirmation order". (See Doc. No.: 328; BK Case No.: 10-11887).

10. The confirmation order provided that "Special Provisions" were attached as Exhibits "B-1" & "B-2". (Doc. No. 328, Page 4, ¶23).

11. Exhibit B-1, Provision F states:

    *Upon approval of the Trustee's Application for Final Decree the case shall be closed. Once the Debtor makes all of the payments to unsecured creditors under the Plan, the Debtor may file a motion to reopen the case in order to apply for a discharge under 11 U.S.C. §1141.* ***The discharge of the Debtor shall occur upon the completion of all payments to unsecured creditors under the Plan, and not upon confirmation of the Plan*** *pursuant to 11 USC §1141(d)(5).* (Case 10-11887; Doc. No.: 328, Page 8, Provision "F"; **Emphasis** added).

12. A review of Plantier's Chapter 11 Bankruptcy docket reveals that on or about September 5, 2018, the Bankruptcy Court entered an Order indicating that the case would be "dismissed effective September 19, 2018", and that Plantier, "may file a motion seeking discharge in accordance with ¶F of Exhibit B-1 of the Court's confirmation Order (Doc. No. 328) prior to dismissal of his case." (Case No.: 10-11887; Doc. No. 406, Page 3, provisions 1 & 2).

13. Plantier did not file a Motion seeking discharge in accordance with ¶F of Exhibit B-1 of the Court's Confirmation Order on or before September 18, 2018. (see Case No.: 10-11887).

14. Judge Harwood Signed an Order Dismissing Plantier's Chapter 11 Bankruptcy Case on September 19, 2018, which the Court docketed the same day. (Case No.: 10-11887; Doc No.: 409).

15. The Order Discharging the mortgage entered by the Merrimack County Superior Court cannot be void on account of Plantier's Chapter 11 Bankruptcy Discharge because Plantier never received a Discharge in his Chapter 11 Bankruptcy.

## THE SUPERIOR COURT ORDER WAS NOT ENTERED IN VIOLATION OF THE AUTOMATIC STAY

16. On or about March 13, 2009, Goodman initiated an equity action ("Equity Action") against Plantier in the Merrimack County Superior Court. This action was assigned Docket Number 09-E-148. The Equity Action was subsequently reassigned docket number 217-2009-EQ-00148.

17. Plantier's Voluntary Chapter 11 Bankruptcy was initiated as a "Skeletal filing" consisting solely of the Petition, Exhibit D – Individual Debtor's Statement of Compliance with Credit Counseling Requirement, List of Creditors Holding 20 Largest Unsecured Claims, and a matrix consisting of all Plantier's known creditors. (Case No.: 10-11887; Doc. No. 1).

18. Goodman was not included in the List of Creditors holding 20 Largest unsecured claims, nor was he included in the creditor address matrix. (Case No.: 10-11887; Doc 1, Pages 6-8).

19. The Equity Action was still pending at the Merrimack County Superior Court as of Plantier's Bankruptcy filing.

20. The Equity Action was subject to the Automatic Stay provisions of 11 U.S.C. §362(a), as it was an action against the Debtor.

21. Plantier filed the balance of his Chapter 11 Schedules and Statements on or about May 26, 2010, and listed the ongoing litigation between himself and Goodman in response to Question Number 4 on his Sworn Statement of Financial Affairs. Plantier further listed an alleged mortgage and note owed to him by Goodman on his Sworn Schedule B, and stated that Goodman was not making payments, disputed owing "it", and that it was not collectable. (Case No.: 10-11887; Doc. No. 40).

22. Despite acknowledging that Goodman had pending claims against him at Merrimack Country Superior Court, Plantier did not list Goodman as a creditor, such that Goodman did not receive timely notice of Plantier's Bankruptcy filing, specifically, Goodman did not receive notice of either the Claims Bar Date or the Deadline to file Dischargeability Complaints. Goodman was not notified of Plantier's Meeting of Creditors, was not served a copy of Plantier's Proposed Plan, was not provided for within Plantier's Plan, nor was he afforded any other opportunity to participate in Plantier's Bankruptcy in any meaningful way.

23. Pursuant to the Case file maintained with at the Merrimack County Superior Court Clerk's Office, a Suggestion of Bankruptcy signed and dated by Plantier's Superior Court Counsel was received by the Merrimack County Superior Court on June 11, 2010. (Exhibit A).

24. On June 30, 2010, the Merrimack County Superior Court issued a "Clerks Notice [of] Bankruptcy Stay" staying the pre-petition litigation between the parties and administratively closing the case; however, the notice indicates that the case could be "reactivate[ed], if appropriate, upon filing of a motion by any party." (Exhibit B).

25. On July 2, 2012, the Bankruptcy Court entered an Order Closing the Chapter 11 Bankruptcy Case. (Case No.: 10-11887; Doc. No. 380).

26. 11 U.S.C.§362(c) states,

    *Except as provided in subsections (d), (e), (f), and (h) of this section –*
    *(1) The stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;*
    *(2) The say of any other act under subsection (a) of this section continues until the earliest of –*
        *(A) The time the case is closed;*
        *(B) The time the case is dismissed; or*
        *(C) If the case is a case under Chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12 or 13 of this title, the time a discharge is granted or denied;*

27. The automatic stay terminated by operation of law on July 2, 2012, upon the Court's issuance of the Order Closing Case as that was the first triggering event to occur in Plantier's Chapter 11 Bankruptcy.

28. The Order Discharging the mortgage, entered by the Merrimack County Superior Court on April 2, 2013, could not have violated the Automatic Stay as the Stay had terminated as of July 2, 2012.

### THE SUPERIOR COURT ORDER VALIDLY DISCHARGED THE MORTGAGE ON 72 HALL STREET

29. On or about February 25, 2013, Plantier initiated a Civil Action (the "Civil Action") at the Merrimack County Superior court against Goodman. (Exhibit C).

30. The Civil Action was captioned a "Plea of Assumsit" and requested preemptive relief for a "100% deficiency balance" following a then scheduled foreclosure sale. (Exhibit C).

31. Plantier further requested and was initially granted an attachment in the amount of $90,000, to secure the anticipated 100% deficiency balance of $79,835.07, against Goodman's real properties located at 40 & 42 Hall Street. (Exhibit D).

32. On March 18, 2013, JoAnn Samson, Esq., filed an appearance on behalf of Goodman and a "Motion to Enter Potentially Late Objection and Request Hearing to Remove Ex-Parte Attachment and to Dismiss This Case or Join it With 217-2009-EQ-00148" in the Civil Action. (Exhibit E).

33. Additionally on March 18, 2013, JoAnn Samson, Esq., filed a Motion to Reopen Case and Prayers for Additional Relief in the Equity Action. (Exhibit F).

34. Both Motions filed by Attorney Samson in the Civil Action and Equity Action reference the other case, and the Motion in the Equity Action expressly notified the Merrimack Superior Court that Plantier's Bankruptcy Case had been closed in July 2012. (Exhibit E ¶¶ 5-6; Exhibit F ¶¶ 2 & 28-29)

35. Neither Motion in either the Civil Action or Equity Action was responded to by Plantier nor any attorney then representing him, and due to the lack of response, Judge Smuckler Granted both Motions, which had the combined effects in relevant part of: closing the Civil Action, Reopening the Equity Action, Discharging the Attachment against 40 Hall Street and 42 Hall Street, Discharging the Mortgage against 72 Hall Street, and cancelling the then scheduled hearing for April 24, 2013 in the

Civil Action. (see Exhibits E, F & G).

36. On June 5, 2013, the Clerk of Court sent a "Notice of Decision" enclosing an Order signed by Judge McNamara on May 31, 2023 regarding the Structing Conference Order and Notice of Trial Schedule in the reopened Equity Action. (Exhibit H).

37. The May 31, 2013 Structing Conference and Order and Notice of Trial Schedule expressly provides that the "Order granted in April 2013 has force and effect". (Exhibit I, Page 2, provision 16 "other orders:").

38. New Hampshire statutes provide a mortgagor the right to petition the Superior Court for an Order declaring a mortgage discharged, for the Superior Court to enter such orders, and that a copy of any such order recorded at the Registry of Deeds will be sufficient to lawfully discharge said mortgage. (See *NH Rev. Stat. Ann. §479:10-12*).

39. That the New Hampshire Supreme Court has further found that the Superior Court may, as it did here, enter an Order discharging a mortgage where the mortgagee fails to respond to the allegations of the mortgagor. *Kennedy v. Shaw*, 119 NH 99 (1979).

40. To date Plantier has taken no action to alter, amend, reconsider, appeal, or otherwise set aside either the Order Discharging the Mortgage on 72 Hall St. or the May 31, 2013 Order confirming the validity and enforceability of the Order Discharging the Mortgage on 72 Hall St.

41. The Order Discharging the Mortgage on 72 Hall Street was a proper exercise of Judicial Authority pursuant to NH Law.

42. Pursuant to the Rooker-Feldman Doctrine, the Bankruptcy Court does not have jurisdiction to determine the validity of the State Court's Order discharging the Mortgage on 72 Hall St.

**WHEREFORE** the Debtor, Brian J. Goodman, Sr., respectfully requests this Honorable Court:

A   Disallow the Proof of Claim filed by Mark Plantier; and

B.   Order Mr. Plantier to reimburse Counsel for the Debtor for all legal fees and costs incurred objecting to Claim Number 8; and

C.   For such other and further relief as may be deemed fair, just and equitable.

Respectfully Submitted,
Brian J. Goodman, Sr.
By and Through his Attorneys,

Dated: September 17, 2025

/s/ Kathleen E. McKenzie, Esq.
Kathleen E. McKenzie, Esquire
BNH 07628
Raymond J. DiLucci, P.A.
81 South State Street
Concord, NH 03301
Tel: (603) 224-2100