# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: Merrimack County Superior Court
Case Name: Mark Lantier v. Brian T. Goodman
Case Number: 217-2013-CV-00087
(if known)

## APPEARANCE/~~WITHDRAWAL~~

Returnable on the first Tuesday of _____

(FOR SUPERIOR COURT USE ONLY)
☐ COURT
☐ JURY

### APPEARANCE
Please enter my appearance as
☑ Counsel for
Brian T. Goodman

☐ Pro se

### WITHDRAWAL
Please withdraw my appearance as
☐ Counsel for
_____

Notice of Withdrawal sent to my clients on:
_____

at the following address:
_____

FOR LANDLORD AND TENANT ACTION ONLY:
☐ Check here if you are requesting a sound recording

I hereby certify that duplicates of this notice were
☐ delivered  ☑ mailed  to: Robert L. O'Brien, Esq
PO Box 357
New Boston, NH 03070-0357
On: March 18, 2013

Signed: Nina VanDer Esq NHB #317
Address: 17 Princeton St
Concord, NH 03301
Telephone: (603) 229-0073

APPEARANCE/WITHDRAWAL

NHJB-2318-DS (10/31/2006)    Page 1 of 1

THE STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH

MERRIMACK, SS.                                                   SUPERIOR COURT

Mark Plantier

v.

Brian J. Goodman

217-2013-CV-00087

### MOTION TO ENTER POTENTIALLY LATE OBJECTION AND TO REQUEST HEARING TO REMOVE EX-PARTE ATTACHMENT

### AND

### TO DISMISS THIS CASE OR JOIN IT WITH 217-2009-EQ-00148

NOW COMES Brian J. Goodman, Defendant in the above-entitled matter, and moves the Court for permission (if found necessary) to file a late objection and request for a hearing to remove an ex-parte attachment obtained by Plaintiff herein from the court on February 25, 2013 and served on the Defendant believed to be after March 1, 2013, and to dismiss this action or, alternatively, to join it with Brian Goodman v. Mark Plantier, 217-2009-EQ-00148, a filing to reopen which is being filed simulataneously this day as it already concerns the same mortgage, stating as follows:

1. Defendant is not certain of which day he was served this ex-parte attachment, which was apparently granted on February 25, 2013, and served on the Registry of Deeds on February 26, 2013, but not served on him for a few days following that (actual date of service unknown), as service while Defendant was not home and was later was received by him from the Sheriff at a nearby commercial building.

*[handwritten notation by court, partially illegible:] 4/2/13: has been filed. The plaintiff and no objection therefore, the relief sought at C, D, E and F are court assents to the relief. Accordingly, f... GRANTED. Hearing of April 24, 2013 is cancelled. [signature] 2013 MAR 18 PM 3:35 SUPERIOR COURT*

2. Return of service has not yet been made by the Plaintiff to the court.

3. At most, if at all, this objection and request for a hearing is a few days past the 14 days allowed in the Order to object and have a hearing on the ex-parte attachment.

4. Said ex-parte attachment was obtained by the Plaintiff using false information.

5. This mortgage is already subject to the action of this Court in 210-2009-EQ-00148 (Brian Goodman v. Mark Plantier), which was stayed while the Plaintiff in this case was filing bankruptcy, affecting his own interests and those of 62 Hall Street LLC.

6. A motion is being filed contemporaneously to reopen that case as permission was given by the court to do so and facts are set forth in that document pertaining to this very matter.

7. Defendant claims he does not owe the Plantiff $90,000 or any amount whatsoever as a result of agreements made, alterations of closing documents for the purchase of 62 Hall Street by the LLC, and other lies and wrongful actions of the Plaintiff, which were raised in the other case, and which have continued through the Plaintiff's bankruptcy (Case Number 10-11887-JMD, which Defendant has now discovered was closed on July 2, 2012).

8. Plaintiff claimed in his bankruptcy that this mortgage was worth virtually nothing as it was being contested in this court, and so this property was apparently not included in the assets of the bankruptcy or in what the Plaintiff received from the bankruptcy when it was closed.

9. If this interest was worth $90,000 to the Plaintiff, he lied to the Bankruptcy Court, which is a serious criminal offense.

2

10. Plaintiff is not entitled to $90,000 by any claim against the Defendant here.

11. Defendant's property at 72 Hall Street was not foreclosed upon.

12. Defendant is actively working on loan modifications for both 40 Hall Street and 42 Hall Street, Concord, New Hampshire, properties in which the Plaintiff should have no interest whatsoever, and these attachments, an overkill to be sure, will have an adverse effect on the modifications on these properties which Defendant has owned for many years, thus causing Defendant more damages by this Plaintiff than even were existing previously.

13. The attorney (Robert O'Brien) who signed the Writ of attachment here appeared as the attorney for 62 Hall Street LLC in Plaintiff's bankruptcy.

14. If the Defendant was a 50/50 partner according to the LLC formation documents, which were presented to the U.S. Bankruptcy Court in the bankruptcy of the Plaintiff, then this attorney has a conflict of interest to now represent the Plaintiff.

15. As the Defendant (a) is either a co-owner of the corporation in which Plaintiff defrauded and damaged his interest, by transferring the only asset of the LLC to himself personally two days before filing the bankruptcy (May 26, 2010), and without informing the Merrimack County Superior Court or the Defendant of such action in a filing made on May 28, 2010 in the 2009-EQ-00148 case, noted above, which involved those very matters, or (b) this very mortgage was to be discharged by the terms of Defendant's transfer of his interest in 62 Hall Street LLC to the Plaintiff, a document which the Plaintiff changed without permission and presented in altered form at the closing on the purchase of 62 Hall Street.

16. The Plaintiff therefore has no claim whatsoever to money claimed here and being secured for him in these ex-parte attachments.

17. It is in the interests of justice and judicial economy that the ex-parte attachments granted in this matter be removed and this matter be dismissed and these issues be settled in the other case before this court.

18. This case should preferentially be dismissed, but alternatively, should be joined with the other existing case being reopened and the whole matter resolved therein.

WHEREFORE, the Defendant prays the Court order:

A. If it has been more than 14 days since Defendant was served this notice of the granting of the ex-parte attachments, that Defendant's permission for late entry of this objection to the ex-parte attachments be allowed and that his objection be heard and request for a hearing thereon be allowed.

B. Defendant be allowed a hearing within a short time on the ex-parte attachments granted on February 25, 2013 to the Plaintiff.

C. That the ex-parte attachments/attachments made against Defendant's property at 40 Hall Street, Concord, New Hampshire and 42 Hall Street, Concord, New Hampshire be immediately removed.

D. That Plaintiff be assessed costs for the bringing of this claim and requests for attachment before this court without revealing the other case before the court dealing with this and with misrepresenting facts or failing to provide candor to this Court regarding the other action regarding his interest in this mortgage and property.

4

E. That Plaintiff be determined liable for any damages to Defendant's interests caused as a result of these attachments.

F. Preferentially, that this matter be dismissed due to the knowledge by Plantiff and his attorney of the other matter before this court, and for making false claims and less than fully candid representations in this case.

G. That, if this matter is allowed to continue, it be joined with the 217-2009-EQ-00148 case in this court for further action and damages to the Defendant and not continue as a separate case.

H. Determine that this attorney, who previously represented 62 Hall Street LLC in which Defendant was a co-owner, has a conflict to continue representing the Plaintiff in this matter.

I. Grant, until the Defendant's interest in such limited liability corporation is completely elucidated, that any attorney who previously represented 62 Hall Street LLC is subject to a conflict in the matter involving the LLC and the Defendant at this time.

J. Grant such other and further relief as may be reasonable and just.

Respectfully submitted,

Brian Goodman
His attorney

JoAnn Samson, Esq. NH Bar #317
17 Princeton Street
Concord, NH 03301
(603) 229-0073

5