# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **Merrimack Superior Court**
Case Name: **Brian Goodman v. Mark Plantier**
Case Number: **217-2009-EQ-00148**
(if known)

## STRUCTURING CONFERENCE/ADR ORDER

1. Plaintiff's Counsel: Trial **Atty Samson** At conference **Atty JoAnn Samson**
2. Defendant's Counsel: Trial **?** At conference **?**
3. Cause(s) of action: **Breach of Contract, Implied Covenant of Good Faith + Fair Dealing** Counterclaims **? Answered**
4. Insurance carrier: **None** Disclosure of policy limits by: **N/A**
5. ☐ The parties have agreed to file a motion with the Merrimack County Superior Court within 30 days requesting that this matter be placed on the Business and Commercial Dispute Docket.
6. If defendant claims that unnamed parties are at fault (see DeBenedetto v. CLD Consulting Engineers Inc., 153 N.H. 793 (2006)), defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than _____. Plaintiff shall then have 60 days from the date of disclosure to amend the initiating pleading.
7. Is this case designated for fast track discovery pursuant to Rule 62 (II)? ☐ Yes ☐ No
   If yes, disclosure statements shall be filed within 90 days of today's date. *has been on previously*
8. Is this case designated for standard discovery? ☐ Yes ☐ No
   If yes, plaintiff's disclosure of experts and reports due: **N/A?**
   Defendant's disclosure of experts and reports due: _____
9. Is there agreement to waive statutory expert disclosure requirements? ☐ Yes ☐ No
10. Regardless of discovery designation, the following deadlines apply:
    Interrogatories propounded by **7/31/13**
    Non-expert depositions by **7/31/13**
    Depositions of plaintiff's experts by **7/31/13**
    Depositions by defense experts by **7/31/13**
    Completion of discovery: **8/30/13**
11. Dispositive motions shall be filed no later than ☑ **2 months** ☐ 4 months before trial. Pretrial statements and trial motions shall be filed no later than 14 days before the trial management conference. Witness lists and exhibit lists shall be filed before or at the trial management conference.
12. Jury trial requested? ☑ Yes ☐ No
    Requested trial date: **wk of Oct 7 2013** Estimated trial length: **2 days**
13. Trial counsel and self-represented parties shall appear at the trial management conference and be prepared to address settlement potential. Parties represented by counsel shall be available for contact by telephone during the trial management conference. All pending pretrial motions shall be heard at the trial management conference, or as scheduled by the court. Failure to appear at the trial management conference or trial may result in dismissal, default or other sanctions.

NHJB-2384-SOMA (10/18/2010) Page 1 of 2



Case Name: Goodman v. Plantier

Case Number: 217-2609-EQ-0048

STRUCTURING CONFERENCE ORDER AND NOTICE OF TRIAL/ADR SCHEDULE

### 14. ADR (Alternative Dispute Resolution) Orders

☐ The parties stipulate and agree as follows: *has been done / arbitration necessary re: LLC claims*

OR

☐ Because the parties have not filed a complete ADR Stipulation, the following orders are entered:

**A. Type of ADR**

☐ **Mediation:** Confidential and informal. Mediation is conducted by a neutral third party (a "Neutral") who facilitates settlement discussions between opposing parties/counsel.

☐ **Neutral Case Evaluation:** Confidential and somewhat informal. A Neutral provides an evaluation of the case to the parties/counsel.

☐ **Binding Arbitration:** Confidential and formal. The matter is presented in a format similar to a trial. The Arbitrator(s) decide the issues in dispute. The decision is final.

**B. ADR Fee Payment:** The ADR fee is determined by the type of Neutral selected. A volunteer Neutral is not paid an hourly rate, but each party must pay a $50 administrative fee to the Court. A paid Neutral is paid an hourly rate, but there is no court fee. There are no volunteer arbitrators, so if arbitration through the court program is chosen, in addition to a $250 administrative fee to the Court, the parties must pay the arbitrators an hourly rate. <u>Mail any administrative fee to the Court along with the Structuring Conference Agreement. Make the check payable to the Court where your case is filed.</u> **Unless waived by the Court, all administrative fees for ADR must be paid at or before the structuring conference.**

Name of person chosen to do ADR: _____   ☐ Paid  ☐ Volunteer (if Neutral)

Names of alternates: 1. _____   2. _____

**C. Scheduling your ADR Session:** You and the other side must contact the person selected to schedule the ADR session.

**D. ADR Reporting:** A copy of the ADR report must be filed as provided by Superior Court Rule 170-A. If the ADR report is not timely filed, the court may schedule a show-cause hearing to determine the status of the ADR process and to impose sanctions appropriate to the circumstances, if necessary.

15. ☐ The parties are exempt from Rule 170 ADR. *This case previously ready for trial before bankruptcy*

16. Other orders: *Order granted in April 2013 has force + effect*

5/31/13 /s/ [signature]
Date — Attorney for Plaintiff         Date — Attorney for Defendant

Date — Attorney for Plaintiff         Date — Attorney for Defendant

So Ordered: 5/31/13
Date                                   /s/ Richard B. McNamara
                                       Presiding Justice

Copy to: Neutral
Office of Mediation and Arbitration

For Court Use Only:

| Plaintiff ADR Fee: ☐ Paid ☐ Waived ☐ Neither | Defendant ADR Fee: ☐ Paid ☐ Waived ☐ Neither |

NHJB-2384-SOMA (10/18/2010)                Page 2 of 2