United States Bankruptcy Court
District of New Hampshire

| |
|---|
| <u>In re Brian J. Goodman Sr. (Debtor)</u><br><br>Brian J. Goodman Sr. (Plaintiff)<br><br>    v.<br><br>Mark Plantier (Defendant) |

Case # 25–10233–KB
Chapter 13

**Mark Plantier's Motion for Relief from Automatic Stay &
For Leave to Litigate Mortgage Validity**

    Mark Plantier (Plantier), by and through undersigned counsel, hereby moves this Court for: 1) relief from the automatic stay under Bankruptcy Rules 4001 and 9014 and 11 USC § 362(d); and 2) leave to litigate a certain mortgage encumbering Debtor Brian J. Goodman Sr.'s (Debtor) real property with an address of 72 Hall Street, Concord, NH 03301 (the Property). In support of this Motion, Plantier states as follows:

    1.    This Motion incorporates the "Background" section of Plantier's "Reply to Debtor's Objection to Proof of Claim # 8" as if set forth herein (*see* Doc. #65 ¶¶ 3–20).

    2.    In April 2025, Debtor filed for Chapter 13 bankruptcy in this Court. This Court has not confirmed a Chapter 13 plan.

    3.    In June, Plantier filed Proof of Claim # 8 alleging an obligation totaling $318,129 secured by the Property (the Mortgage).

    4.    In July, Debtor objected to Plantier's Proof of Claim, claiming Debtor recorded a discharge of the Mortgage (the Discharge) according to an April 2013 order of the Merrimack County Superior Court (*see* Obj. to Proof of Claim # 8, Doc. # 51 ¶ 19; *see also Goodman v. Plantier*, Case # 217–2009–EQ–00148 [N.H. Super. Ct. 2009]).

    5.    In his reply, Plantier stated the Discharge is invalid because: 1) this Court *permanently* enjoined the underlying State case and discharged all "debts and claims that arose against [Plantier] before" the Confirmation Order in Plantier's Chapter 11

case; and 2) Debtor moved the State court to reopen the State case and recorded the Discharge *after* the Confirmation Order (Ex. 1, Confirmation Ord. ¶¶ 27, 30; Ex. 2, Super. Ct. Ord. on Mot. to Reopen; Doc # 65 ¶ 24; *see In re Plantier*, 10–11887–BAH [Bankr. D.N.H. 2010]).

6. On September 24, this Court sustained Debtor's objection and disallowed Plantier's claim after a hearing.

## Analysis

7. "On request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" (11 USC § 362[d]). The Bankruptcy Code does not define "for cause," and several courts have granted stay relief "for cause" because of a debtor's or trustee's wrongdoing (*see In re Kolberg*, 199 B.R. 929, 933–34 [W.D. Mich. 1996] [lifting stay where debtor took active steps to avoid lien]; *Farmers & Merchants Bank & Tr. of Watertown v. Trail West Inc.*, 28 B.R. 389, 394 [D.S.D. 1983] [lifting stay where debtors disregarded Bankruptcy Code]; *In re CGR Ltd.*, 56 B.R. 305, 307 [Bankr. S.D. Tex. 1985] [lifting stay where debtor failed to comply with bankruptcy court's order]; *cf. In re Charles George Land Reclamation Tr.*, 30 B.R. 918, 923–24 [Bankr. D. Mass. 1983] [dismissing Chapter 7 case because debtor failed to comply with applicable environmental laws]).

8. The "provisions of a confirmed [Chapter 11] plan bind the debtor, . . . and any creditor, . . . whether or not the claim or interest of such creditor, . . . is impaired under the plan and whether or not such creditor, . . . has accepted the plan." (11 USC § 1141[a]; *see In re Kimball Hill Inc.*, 565 B.R. 878, 896, 901 [Bankr. N.D. Ill. 2017] [creditor violated Chapter 11 plan and confirmation order where 1) plan and order enjoined parties from claims against debtor or its successors, and 2) creditor pursued claims against debtor's successor in state court], *vacated on other grounds, Fidelity &*

*Deposit Co. of Md. v. TRG Venture Two LLC*, 2019 WL 5208853, *5–6 [N.D. Ill. 2019] [unreported]).

9. Mortgagors may petition a superior court to discharge a mortgage under NH RSA Chapter 479. Under RSA 479:11, "the court, *after . . . notice given and a hearing on the petition,* shall find [1] that the condition of the mortgage has been performed and [2] that all damages and costs have been paid according to law, or that a legal tender thereof has been made and the amount has been brought into court and lodged with the clerk thereof, the court shall decree that the mortgage be discharged." (emphasis added). The New Hampshire Supreme Court has "interpreted these statutes to mean that only upon performance of the conditions of a mortgage is it rendered void and a discharged compelled[.]" (*Cadle Co. v. Dejadon*, 904 A.2d 605, 609 [N.H. 2006]).

10. And when a mortgage has been discharged by mistake or legal/administrative error, equity will set the discharge aside and reinstate the mortgage to the position the parties intended it to occupy (*Emigrant Residential LLC v. Pinti*, 134 F.4th 626, 634 [1st Cir. 2025] [citing Massachusetts law]; *Hammond v. Barker*, 1881 WL 4658, *56 [N.H. 1881]; *cf. Gunnison v. Abbott*, 64 A. 23 [N.H. 1906] [attachment *not* dissolved by judgment based on error of law]).

1. **The Court should grant Plantier relief from the automatic stay "for cause" because Goodman knowingly recorded the Discharge contrary to the Confirmation Order.**

11. The Discharge is invalid because Goodman recorded it *after* this Court issued its Confirmation Order and *after* Plantier filed an Updated Suggestion of Bankruptcy in Superior Court. As above, the Confirmation Order "discharged . . . all debts and claims that arose against [Plantier] before" December 2011 and *permanently* enjoined the "continuation of any action, the employment of any process or any act to collect, recover or offset any claim discharged or interest terminated hereunder[.]" (Ex. 1, ¶¶ 27, 30). Also, Goodman recorded the Discharge in November 2013—*two months after* Plantier filed his Updated Suggestion of Bankruptcy with the Superior Court (*see*

Ex. 3, Restated & Updated Suggestion of Bankr.). Plantier's Updated Suggestion of Bankruptcy notably reads: "[Plantier's] Chapter 11 plan was confirmed by a confirmation order . . . dated December 27, 2011 . . . . Goodman is bound by the terms of the [Confirmation] Order . . . . The [Confirmation] Order . . . contains provisions in Paragraphs 26–30 that discharge all pre-petition claims . . . including this suit." (Ex. 3 ¶¶ 5–8;[1] *see* Ex. 4, Statement of Fin. Aff. [listing Superior Court cases]). Indeed, the Superior Court agreed and stayed the State case in December 2013 (Ex. 5, Super. Ct. Dec. 2013 Ord.). So, Goodman ultimately recorded the Discharge *knowing* it was contrary to the Confirmation Order and Bankruptcy Code.

12. Thus, "cause" exists to permit Plantier to litigate the Mortgage's validity in Superior Court.

13. Also, the Superior Court is in the best position to 1) determine the Parties' substantive rights under New Hampshire property law, 2) inquire into the Parties' history and business dealings, and 3) determine the Parties' credibility.

**Wherefore, Plantier requests that this Court:**

A. Grant Plantier relief from the automatic stay;

B. Grant Plantier leave to litigate the validity of the Mortgage in Merrimack County Superior Court; and

C. Grant such further relief as is just and equitable.

---

1. The Updated Suggestion of Bankruptcy has two paragraphs numbered five. So, this Motion cites to the Updated Suggestion as though the second paragraph numbered five is numbered six, and so on.

Respectfully submitted,  
**Mark Plantier**

Dated: October 9, 2025

By his attorneys,  
**Wadleigh, Starr & Peters PLLC**

By: */s/ Craig S. Donais*  
Craig S. Donais, Esq.  
NH Bar #12466  
BNH # 06779  
95 Market Street  
Manchester, NH 03101  
(603) 669-4140  
cdonais@wadleighlaw.com

### Certificate of Service

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system on all registered participants on this date.

*/s/ Craig S. Donais*