THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS.                                               SUPERIOR COURT

Brian Goodman

v.

Mark Plantier

217-2009-EQ-00148

<u>MOTION TO REOPEN CASE
AND
PRAYERS FOR ADDITIONAL RELIEF</u>

NOW COMES Brian Goodman, Plaintiff in the above-entitled matter, and moves the Court to reopen this matter which was placed on Bankruptcy Stay per Order of the Court on June 30, 2010, to be reopened by any party as allowed in said Order by the Court, stating as follows:

1. Mark Plantier, Defendant in the above-entitled matter, filed personal Chapter 11 Bankruptcy (Case Number 10-11887-JMD on April 28, 2010, which led to a stay of this case.

2. The bankruptcy case was terminated by the Court on July 2, 2012.

3. The instant case involves the joint venture of the parties which was set up in July 2007 as 62 Hall Street LLC, with both parties as equal partners (50% ownership each).

4. Both parties paid $12,500 each on April 18, 2007 to proceed to exercise Plaintiff's previously negotiated Option to purchase 62 Hall Street from PM Carter, LLC, then owner.

1

5. The documents filed in this case by Plaintiff claimed that the mortgage of $50,000 placed on 72 Hall Street (scrivener's error in original documents filed with this court stated the mortgage "62 Hall Street") was to be discharged when Plaintiff transferred his ownership in the 62 Hall Street LLC to the Defendant.

6. The mortgage at 72 Hall Street could not and would not have been placed against 62 Hall Street at the time as it was owned by PM Carter LLC and an option was activated by the above 62 Hall Street LLC to purchase 62 Hall Street by the parties in this case.

7. The property at 72 Hall Street had been owned for several years by the Plaintiff and it was the Plaintiff who negotiated and presented the idea about a joint venture on purchase of 62 Hall Street to the Defendant.

8. It was anticipated that the value of the 72 Hall Street property owned by the Plaintiff and the 62 Hall Street property to be acquired would have a very great increase in value commercially and would be sold eventually together to a purchaser.

9. The mortgage on 72 Hall Street held by the Defendant at the time of filing of this action was not placed on the 72 Hall Street property on April 18, 2006 (the time of the original option) as the Plaintiff was refinancing the 72 Hall Street property, but was instead placed on Plaintiff's property at 14-16 Pinecrest Circle in Concord, New Hampshire.

10. On September 17, 2007, after the parties as a joint venture purchased the option previously acquired by Plaintiff's efforts, the mortgage regarding the joint venture

2

was placed on 72 Hall Street, and stated that the date of the Note was April 18, 2006.

11. Although the Plaintiff had been working to proceed with the purchase of the property, eventually Plaintiff became unwilling to participate in the purchase, due to the economy at the time and family illness issues.

12. Plaintiff negotiated with Defendant (who wished to proceed) for the Defendant to buy out Plaintiff's interest in the joint venture and 62 Hall Street LLC and to repay Plaintiff's costs. (Plaintiff's 50% interest in the LLC was relinquished in exchange for the $12,500 paid by him for the option, and the discharge of the mortgage on Plaintiff's property at 72 Hall Street).

13. The negotiation took place just prior to the January 30, 2008 closing, and Plaintiff memorialized this agreement in the document signed by him to relinquish Plaintiff's interest in 62 Hall Street LLC.

14. Instead, Defendant altered the document provided by the Plaintiff for the closing, and used this altered document to close the purchase of 62 Hall Street by 62 Hall Street LLC.

15. On January 30, 2008, the Defendant excluded the Plaintiff's terms for transfer of his interest in 62 Hall Street LLC, by removing them (but not an asterisk which referred to the notations about the agreement), thereby leaving the transfer of Plaintiff's interest without any consideration paid or to be paid, as agreed by the parties prior to that day.

16. The original document, which was faxed to the closing by Plaintiff (who did not attend the closing) and the altered document by which Defendant closed the

3

purchase by the 62 Hall Street LLC are all held by the Plaintiff and can be produced for the Court.

17. Plaintiff did not learn until some time later that the Defendant had altered the document which he provided for the closing, and the instant lawsuit was timely filed as to that matter.

18. The property at 62 Hall Street owned by the LLC was being foreclosed upon by the lender when this case was stayed by Defendant's filing of bankruptcy.

19. While 62 Hall Street LLC owned the property, the Defendant solely managed the 62 Hall Street LLC, did not declare that Plaintiff was even a party to the venture and bilked the property of thousands of dollars in payments to himself through the guise of various corporations run by himself or his wife, causing the property to go into foreclosure with the lenders.

20. This Court was sending this matter to arbitration when the Defendant filed bankruptcy and sought a stay, which was granted.

21. In said documents filed with the bankruptcy court (to which the Plaintiff was not a party), the Defendant and 62 Hall Street LLC variously claimed that Defendant's interest in the mortgage with Plaintiff at 72 Hall Street, Concord, New Hampshire was likely worth nothing and was pending in court, such that the bankruptcy court ignored this potential asset in the bankruptcy.

22. Defendant also devalued the original 50% interest of the Plaintiff in 62 Hall Street LLC to 8% or less claiming amounts owed to him by Plaintiff which he did not request nor have a right to obtain.

23. Two days before filing for bankruptcy as an individual, on May 26, 2010, the Defendant transferred all the interest of 62 Hall Street LLC to himself personally by a Quitclaim deed, thus removing any interest whatsoever of the Plaintiff (if he were an owner) and essentially ending 62 Hall Street LLC.

24. As 62 Hall Street LLC no longer exists, the Defendant having taken the property into his own name, there is no requirement to use arbitration to settle claims and issues of the LLC. It no longer has any assets and the Plaintiff was not compensated in any way during the operation of 62 Hall Street LLC.

25. The 72 Hall Street mortgage is regarding the 62 Hall Street LLC joint venture and in the document refers to the Note concerning this which was signed on April 18, 2006, the day the joint venture was formed and Plaintiff obtained the option on 62 Hall Street.

26. Plaintiff is still owed compensation (consideration) by the Defendant, who had agreed to discharge the mortgage at 72 Hall Street and pay back Plaintiff's contribution to the 62 Hall Street LLC, as well as other damages, as set forth in this action.

27. These actions no longer involved the requirements for arbitration as claimed in Defendant's original pleadings, as Defendant himself disbanded the 62 Hall Street LLC and unilaterally awarded himself all the property and proceeds of that limited liability company.

28. On February 25, 2013, Defendant came to this court, filed another action pertaining to these same matters (Mark Plantier v. Brian J. Goodman, 217-2013-CV-0087) now claiming the mortgage on 72 Hall Street held by him is worth

$90,000 (after claiming it was worth nothing in the Bankruptcy court), and claiming that 72 hall Street was going to be foreclosed upon immediately and that properties at 40 Hall Street and 42 Hall Street, Concord, New Hampshire, owned by Brian Goodman should be both be encumbered by an attachment for this amount.

29. The court granted this attachment, based upon the Defendant's lies and his failure to reopen the instant case to resolve this matter, and the Court accepted his statement, which are totally untrue and part of this action.

WHEREFORE, the Plaintiff prays the court:

A. Reopen this action and require the Defendant to litigate the mortgage on 72 Hall Street in this case.

B. Allow Plaintiff to address in this case the ensuing actions by which Defendant bled and destroyed 62 Hall Street LLC, to his own financial benefit and to the Plaintiff's detriment.

C. Dismiss the Defendant's case filed as 217-2013-CV-00087, Mark Plantier v. Brian J. Goodman as falsely obtained (separate Motion filed this day).

D. Discharge the mortgage of the Defendant on Plaintiff's property at 72 Hall Street, Concord, New Hampshire.

E. Remove this Defendant's falsely obtained attachments on Plaintiff's properties at 40 Hall Street and 42 Hall Street, Concord, New Hampshire.

F. Require that all matters related to this action be determined within this instant case.

G. Allow Plaintiff to amend his claims in this action accordingly as a result of the further damage produced by the Defendant's damage to 62 Hall Street LLC, his false filings in bankruptcy and in this court (failing to mention he transferred the property of the 62 Hall Street LLC to himself personally two days before filing bankruptcy and when filing the "Suggestion of Bankruptcy" in this Court).

H. Determine whether the Plaintiff retained any interest in the 62 Hall Street LLC when the Defendant altered the closing documents on January 30, 2008 and, if so, permit Plaintiff to raise in this case the issues of Defendant's illegal actions with regard to the management of 62 Hall Street LLC and his false filings in the bankruptcy as they have affected the Plaintiff's interests.

I. Find that the Defendant's actions in filing the new lawsuit and claiming $90,000 owed him and placing attachments on two more of Plaintiff's properties are false and that he misrepresented and/or failed to provide candor to this court in obtaining his ex-parte attachments on the Plaintiff's properties at 40 Hall Street and 42 Hall Street, Concord, New Hampshire. As said properties are currently in the process of loan modification, and the modifications can be adversely affected by these attachments, Plaintiff is entitled to additional damages which may be added to the instant action by the Plaintiff.

J. Grant such other and further relief as may be just and appropriate.

Respectfully submitted,

_Brian Goodman_
His attorney

_JoAnn Samson_, Esq. NH Bar #317
17 Princeton Street
Concord, NH 03301
(603) 229-0073

## CERTIFICATION

I hereby certify that I have this 18th day of March 2013 provided a copy of the foregoing Motion to Attorney John L. Allen, Esq., 40 Stark Street, Manchester, NH 03101, postage prepaid.

_JoAnn Samson_

STATE OF NEW HAMPSHIRE
MERRIMACK, SS.

Personally appeared before me Brian Goodman, known to me or satisfactorily proven, who swore that the statements in the above document are the truth to the best of his knowledge and belief.

DATE 3-18-13         _Elizabeth G. Till_
                    Notary Public/Justice of the Peace

8