DOCKET NUMBER 09-E-0148

SUPERIOR COURT

2013 SEP 30 AM 11 20

Brian Goodman,

　　　　Plaintiff,

vs.

Mark Plantier,

　　　　Defendant

## RESTATED AND UPDATED SUGGESTION OF BANKRUPTCY

**NOW COMES** the undersigned former attorney for the defendant, and would show this Honorable Court as follows:

1. Defendant has previously filed a petition for relief under Title 11, United States Code, in the United States Bankruptcy Court for the District of New Hampshire ("NH Bankruptcy Court", which bears the case number 10-11887-JMD.

2. The undersigned filed a suggestion of bankruptcy with this Court on or about May 28, 2010, which filing was previously acknowledged by the Court. Copy of Court's notice dated June 30, 2010 attached as Exhibit A.

3. Undersigned counsel filed a withdrawal in the case on or about July 9, 2010. Copy attached as Exhibit B.

4. Relief under Chapter 11 in case # 10-11887 was ordered on April 28, 2010. The above captioned proceeding was listed in the Defendant's petition in that proceeding. See Exhibit C attached, at Page 3.

5. The defendant's Chapter 11 plan was confirmed by a confirmation order of the NH Bankruptcy Court, (Deasy, J.) dated December 27, 2011 ("Plan"). See the Confirmation Order attached as Exhibit D ("Order").

5. Plaintiff Goodman never filed a proof of claim, nor any objection to the Plan, despite his actual knowledge of the case via the original suggestion of bankruptcy filed by the undersigned and his (and Attorney Sampson) having attended one or more hearings in the matter relating to the adjoining property and transaction which gave rise to claims contained in this suit. See Exhibit E, Claims Register from case number 10-11887 in NH Bankruptcy Court.

6. Goodman is bound by the terms of the Order confirming the Plan,

and all of this suit is the same as the case listed in Defendant's bankruptcy schedules are discharged. See Order at Paragraph 26-30 at Page 4-5.

7. The Order confirming the Plan contains provisions in Paragraphs 26-30 that discharge all pre-petition claims against the Defendant which have not been addressed in the Plan, including this suit.

8. This action is founded on a claim from which has been discharged or which seeks to impose a charge on the property of the estate in violation of the Plan and applicable bankruptcy law.

9. Goodman is in violation of the Order confirming the Plan issued by the NH Bankruptcy Court by maintaining this action in the Merrimack County Superior Court.

10. This filing is for informational purposes only, and does not constitute a notice of appearance or reappearance.

11. The undersigned suggests that this Honorable Court is an improper forum for this action and that plaintiff should have sought relief in the NH Bankruptcy Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

12. The undersigned apologizes for the tardiness of this filing, however, when he began receiving notices of this proceeding he had contacted defendant on two occasions and was assured on each occasion that the defendant has secured successor counsel.

WHEREFORE, the undersigned suggests that this action has been discharged by the operation of 11 U.S.C. § 1141(d).

Respectfully submitted,

Allen-Fuller, P.A.
John L. Allen, PC

_____
John L. Allen, Esq.
Former counsel to the Defendant
40 Stark Street
Manchester, NH 03101
603 666 9966 (ph)
603 668 7750 (fax)
john.allen@allen-fuller.com