UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

Brian J. Goodman Sr.            Chapter 13
                                                      Case Number 25-10233-KB
        Debtor                              Honorable Kimberly Bacher

_____/

**OBJECTIONS TO CONFIRMATION**

NOW COMES Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust, by and through its attorneys, Orlans Law Group PLLC, and hereby Objects to Confirmation as follows:

1. Brian J. Goodman executed a Mortgage to Mortgage Electronic Registration Systems, Inc. dated October 8, 2004 and recorded with the Merrimack County Registry of Deeds at Book 2710, Page 215 (the "Mortgage").

2. The Mortgage is a first mortgage on real property owned by the Debtor known and numbered as 42 Hall Street, Concord, NH 03301.

3. U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust is the current holder of the Mortgage.

4. Creditor filed a secured proof of claim for $353,331.92 at a 3.125% annual interest rate.

5. The Debtor's Chapter 13 Plan proposes to cramdown the claim held by Creditor to $204,600.00 at a 0.000% annual interest rate.

6. Creditor, disagrees with the value asserted by the Debtor.

7. Creditor, disagrees with the interest rate proposed by the Debtor.

8. Pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii), the plan must provide payments to Creditor that will equal the present value of the collateral during the life of the plan.

9. Creditor states that the value of the collateral is determined by 11 U.S.C. § 506(a)(1).

10. That Debtor has failed to provide any evidence as to the value of the subject property.

11. Creditor states that the value of the property should be determined in light of the proposed disposition, use of such property, and the income stream, if any, generated by the property rather than a value based on foreclosure prices.

12. That Creditor is entitled to access the property in order to obtain an appraisal and to perform any other action that may be required to determine the value of the property as an income-generating parcel.

13. Creditor states that the Debtor's proposed cramdown of Creditor's claim is not made in good faith and is contrary to the requirements of 11 U.S.C. § 1325(a)(3) as it constitutes an attempt to provide a windfall to Debtor at the expense of Creditor.

14. The retention of the Property is not proposed in good faith because the monthly expenses associated with the Property (the monthly disbursement to Creditor, taxes, insurance and upkeep) are not justified by the alleged monthly income generated by the Property.

15. The Property does not benefit the bankruptcy estate in any manner and, therefore, is not necessary for an effective reorganization.

16. The Debtor's proposed plan, contrary to 11 U.S.C. § 1325(a)(5)(B)(iii)(I), does not provide Creditor with disbursements in equal monthly amounts.

17. If Debtor is allowed to modify Creditor's claim, Creditor requests an order that:

   a) Debtor will be responsible for paying for the taxes and insurance on the subject property as Creditor will cancel the escrow account.

   b) That if Creditor advances any funds for property taxes or insurance during the pendency of the bankruptcy case the Debtor shall be responsible for reimbursing Creditor in full for those advances pursuant to the mortgage contract.

   c) If Debtor is allowed to modify Creditor's claim, Creditor maintains that its mortgage shall not be deemed to be satisfied until and unless Debtor successfully completes their Chapter 13 Plan, have obtained a discharge order and any post-petition tax or

insurance advances have been paid. Creditor seeks to establish that, in the event Debtor refinances the loan(s) and/or sell the subject property prior to completion of the Chapter 13 case and entry of the discharge order, then Debtor shall be obligated to pay Creditor the entire balance then owed on the mortgage at closing of the refinancing or sale.

d) Creditor also seeks to establish that, in the event Debtor converts to Chapter 13 or any other Chapter of the Bankruptcy Code, obtain a hardship discharge, and/ or are dismissed, then any cramdown of Creditor's claim will not be effective.

e) Creditor also seeks to establish that in the event that the property is destroyed or damaged, pursuant to the mortgage, Creditor will be entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

WHEREFORE, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust by and through its attorneys prays that this Objection be sustained and Confirmation be denied.

Date: October 30, 2025

Respectfully Submitted,

*/s/ Conner Lang*
Conner Lang, Esq. BNH07116
Orlans Law Group PLLC
Attorneys for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust
PO Box 540540
Waltham, MA 02454
(781) 790-7800
Email: bankruptcyNE@orlans.com
File Number: 25-005894