UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE (CONCORD)

| IN RE:<br><br>Brian J. Goodman, Sr.,<br>Debtor | Case No. 25-10233-KB<br>Chapter 13 |
|---|---|

OBJECTION TO DEBTOR'S AMENDED CHAPTER 13 PLAN

    Now Comes U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 and files its objection to the Debtor's Amended Chapter 13 Plan. In support of its objection, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 states as follows:

1. U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 is the holder of the first mortgage on the debtor's property located 72 Hall Street, Concord, NH.

2. The mortgage to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 is in default with a pre-petition arrearage of $102,613.68. See Claim#5.

3. The debtor's Amended Chapter 13 Plan proposes a valuation of $150,000.00 and to cram down the value of the real estate and pay in full within the plan. Further, paragraph 13 states in part as follows: *"11 USC 1322(b) permits the modification of secured claims that are not the debtor's primary residence. the property located at 72 Hall St. Concord, NH is not the debtor's primary residence and therefore the debt owed to Select Portfolio Servicing is modifiable. The Debtor will pay the claim in full entirely within this chapter 13 plan. Upon the Debtor's completion of plan payments the debt owed to Select Portfolio Servicing will be satisfied, and upon the debtor's receipt of a discharge pursuant to 11 USC 1328(a) the mortgage recorded at the Merrimack County Registry of Deeds on March 18, 2008 at Book 3053 Page 1419 will be discharged. The Debtor may record a certified copy of the Order confirming this Plan and a certified copy of his Discharge if the Mortgagee fails to record a satisfaction of the mortgage."*

4. U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 objects to this treatment on the following grounds:

    a. The Plan fails to provide any valuation or support for the value proposed in the plan. U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National



      Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 reserves the right to obtain its own valuation.

b. U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 is not adequately compensated for the risk associated future payments with an interest rate pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

c. The Plan fails to address the payment of taxes and insurance on the Property.

d. Per schedule J, the debtor has a negative net income of ($11,105.52). The Plan is not feasible, the debtor does not have the net disposable income to pay the expected claim arrears and maintain ongoing payments as he is required to do. The Plan violates 11 U.S.C. §1325(a)(6).

WHEREFORE, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 respectfully requests that the Court deny confirmation of the debtor's Chapter 13 Plan or for such other relief as the Court deems just and proper.

Respectfully submitted,
U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4,
By its Attorney

/s/ Joseph Dolben
Joseph Dolben
NH Bar Number 265894
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
nhbk@harmonlaw.com

Dated: October 30, 2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE (CONCORD)

| | |
|---|---|
| IN RE:<br><br>Brian J. Goodman, Sr.,<br>Debtor | Case No. 25-10233-KB<br>Chapter 13 |

CERTIFICATE OF SERVICE

      I, Joseph Dolben, state that on October 30, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of New Hampshire on behalf of U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

Kathleen McKenzie
Office of the United States Trustee
Andrew M. Dudley

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Brian J. Goodman, Sr.
a/k/a Brian Goodman
40 Hall St
Concord, NH 03301-3414

                              Respectfully submitted,
                              U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4,
                              By its Attorney

                              /s/ Joseph Dolben
                              Joseph Dolben
                              NH Bar Number 265894
                              Harmon Law Offices, P.C.
                              PO Box 610389
                              Newton Highlands, MA 02461
                              (617)558-0500
                              nhbk@harmonlaw.com

Dated: October 30, 2025