## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                      *
In Re:  Brian Goodman, Sr.            *      Case No.: 25-10233-KB
                                      *      Chapter 13
              Debtor                  *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                      *
      Mark Plantier                   *      Hearing Date:  11/12/2025
              Movant                  *      Hearing Time:  10:00 A.M.
                                      *
         v.                           *
                                      *
                                      *
      Brian Goodman, Sr.              *
              Respondent              *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

### DEBTOR'S ANSWER AND OBJECTION
### TO
### MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**NOW COMES** the Debtor and Respondent in the above-captioned matter, Brian Goodman, Sr., by and through his Attorneys, Raymond J. DiLucci, P.A. and Answers and Objects to Movant's Motion for Relief from Automatic Stay and in support thereof says:

1. That the statements contained in paragraph 1 are such that no response is required.

2. That the Respondent admits the allegations contained in paragraph 2.

3. That the Respondent admits the allegations contained in paragraph 3, however states that the Proof of Claim was Disallowed by this Honorable Court. (See Doc. 79). The Respondent further states that at no point in this proceeding has the Movant produced a copy of the alleged promissory note the discharged mortgage purported to secure.

4. That the Respondent admits the allegations contained in paragraph 4 and restates that the Proof of Claim was Disallowed.

5. That the Respondent restates that the Proof of Claim was Disallowed. By way of further response the Respondent repeats and incorporates the substance of the Claims Objection and supplemental response. (see Doc. Nos. 51 & 74).

6. That the Respondent admits the allegations contained in paragraph 6.

7. That the statements contained in paragraph 7 are such that no response is required.

8. That the allegations contained in paragraph 8 are such that no response is required.

9. That the allegations contained in paragraph 9 are such that no response is required. To the extent that a response is required the Respondent states that the Superior Court entered the Order discharging the Mortgage after Mr. Plantier failed to appear at a hearing scheduled in a case which he initiated. The Order is in effect a "default judgment", referred to as a "pro confesso judgment" as it was entered in an equity matter as opposed to a civil action, and such procedure has been deemed valid by the NH Supreme Court. See *Kennedy v. Shaw*, 119 NH 99 (NH 1979)

10. That the statements contained in paragraph 10 are such that no response is required. To the extent that a Response is required, the Respondent restates that Mr. Plantier failed to appear or otherwise oppose the relief sought by Mr. Goodman in response to a suit initiated by Mr. Plantier against Mr. Goodman.

11. That the Respondent denies the allegations contained in paragraph 11 for the following reasons:

    a. The Recording of the Order is irrelevant with respect to the Validity of the Order, recording merely serves as notice it does not alter or otherwise affect the legality of the document recorded. *Amoskeag Bank v. Chagnon,* 113 NH 11, 14 (NH 1990). The Order was entered on April 1, 2013 in response to an action initiated by Mr. Plantier which he failed to appear for and prosecute. The Order was subsequently Affirmed, on or about May 31, 2013. Then Mr. Plantier sought, improperly, to have the proceedings re-stayed by virtue of his closed, *not* discharged Chapter 11 Bankruptcy, but did not seek to alter, amend, vacate or otherwise modify the April Order discharging the Mortgage.

    b. Mr. Plantier never received a Chapter 11 Discharge and the Order confirming his Chapter 11 Plan expressly provided that debts were not discharged upon confirmation. (see Case No.: 10-11887; Doc. No.: 328, E 4, 23 Page 8 Provision "F").

    c. Mr. Goodman acknowledges that the updated Suggestion of Bankruptcy erroneously informed the Superior Court that the Automatic Stay was still in effect despite the Stay terminating by Operation of Law when the Bankruptcy was closed on or about July 2, 2012. (Case No.: 10-11887; Doc. No. 380).

    d. Mr. Goodman additionally admits that the updated Suggestion of Bankruptcy erroneously informed the Superior Court that the Confirmation Order discharged claims when it expressly made the Discharge conditioned upon payment of all unsecured creditors and required the Debtor to file a Motion to Reopen the Bankruptcy and move to receive a Discharge.

    e. Finally, the Superior Court's Order did not collect or even seek to collect a debt from either Mr. Plantier or property of the Bankruptcy Estate. Mr. Plantier's position was, in fact, that *he* was Mr. Goodman's creditor, *not* the other way around.

12. That the Respondent denies the allegations contained in paragraph 12 and states that even if Relief were to be granted, Plantier has forfeited the right to litigate in State Court by failing to prosecute the case he commenced. (See Kennedy v. Shaw 119 NH 99 (1979)). Furthermore, to date, Plantier has failed to provide even an iota of evidence to show that the discharged mortgage was ever a valid lien granted to secure the repayment of a debt. The mortgage and note are two (2) separate and distinct

    legal documents, the mortgage is not in and of itself the debt, the mortgage is the lien which secured the debt evidenced by the promissory note.  Therefore, if there is no actual debt owed, which despite ample opportunity to date Mr. Plantier has failed to provide evidence of, than the mortgage is a nullity.

13. That the Respondent states that Mr. Plantier had the opportunity to have the validity of this mortgage determined by the Superior court and failed to appear to prosecute the suit which he initiated against Mr. Goodman.  Mr. Plantier's failure to respond or otherwise prosecute his claims was a decision to allow the Superior court to find the Mortgage invalid.

**WHEREFORE**, the Respondent respectfully request that this Honorable Court:

    A.    Deny Movant's Motion for Relief from Automatic Stay; and

    B.    For such other and further relief as is deemed fair, just and equitable.

    Respectfully submitted,
    Brian Goodman, Sr.
    By and through his Attorney,

Dated:  November 5, 2025    /s/ Kathleen E. McKenzie, Esq.
    Kathleen E. McKenzie, Esquire
    BNH 07628
    Raymond J. DiLucci, P.A.
    81 South State Street
    Concord, NH  03301
    Tel: (603) 224-2100