# UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW HAMPSHIRE

In re:
**BRIAN J. GOODMAN, SR.,**
Debtor.
Case No. 25-10233-KB
Chapter 13

FILED 2025 NOV 26 AM 9:09
Clerk of the US Bankruptcy Court NH

---

**BRIAN J. GOODMAN, SR.,**
Debtor / Movant,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**
not in its individual capacity but solely as Owner Trustee of
**CIM TRUST 2025-NR1,**
and its alleged servicer
**FAY SERVICING, LLC,**
and its alleged agent
**MCCALLA RAYMER LEIBERT PIERCE, LLP,**
Respondents.

---

# DEBTOR'S MOTION TO STRIKE PROOF OF CLAIM NO. 11

(For Failure to Attach Required Documentation, Lack of Standing,
Accounting Defects, and Legal Impossibility of Chain of Title)

NOW COMES the Debtor, **Brian J. Goodman Sr.**, pro se, and respectfully moves this Honorable Court to **STRIKE** Proof of Claim No. 11 filed by Wilmington Savings Fund Society, FSB, as Owner Trustee of CIM Trust 2025-NR1 ("Claimant") pursuant to:

- **Fed. R. Bankr. P. 3001(c)(1)**
- **Fed. R. Bankr. P. 3001(c)(2)(A)–(D)**
- **Fed. R. Bankr. P. 9011**
- **11 U.S.C. § 502(b)(1)**
- **RSA 382-A:3-301 and 3-309**

- And applicable case law

on the grounds that the Claim is **facially insufficient, legally unenforceable,** and **factually unsupported,** and that it presents a **legally impossible chain of title.**

---

# I. THE PROOF OF CLAIM IS FACIALLY DEFECTIVE AND MUST BE STRICKEN

(FRBP 3001(c)(1))

Claimant failed to attach:

- the **promissory note**;
- any **allonge**;
- any **endorsement**;
- any **assignment**;
- any **business records** supporting standing.

Under **Rule 3001(c)(1):**

"When a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim."

Claimant filed neither.

As a result:

- The claim has **no prima facie validity** under Rule 3001(f);
- The Court should **strike** the claim for failure to comply with mandatory filing rules.

---

# II. CLAIMANT FAILED TO ESTABLISH STANDING TO ENFORCE THE NOTE

(RSA 382-A:3-301; Bergeron)

Standing under New Hampshire law requires proof that the claimant is a:

- **holder,**

- **non-holder in possession with rights of a holder,** or
- a **person entitled to enforce a lost instrument.**

Claimant has established none of these.

The New Hampshire Supreme Court in **Bergeron v. N.Y. Community Bank**, 167 N.H. 32 (2014), held that the foreclosing party must demonstrate ownership and the right to enforce.

Claim 11 fails this requirement.

---

# III. CLAIMANT FAILED TO SATISFY LOST NOTE REQUIREMENTS

(RSA 382-A:3-309)

A lost note cannot be enforced unless the claimant proves:

1. Possession when the note was lost,
2. Entitlement to enforce at the time of loss,
3. Loss not due to transfer, and
4. Adequate protection to the borrower.

Claimant provided **no Lost Note Affidavit** and no evidence relating to these requirements.

Therefore, the claim must be stricken.

---

# IV. THE CLAIM IS BARRED BY THE PSA CLOSING DATE AND IS LEGALLY IMPOSSIBLE

(Closing Date: January 1, 2005)
(New York EPTL § 7-2.4; Ibanez; Glaski; Erobobo)

Exhibit A (PSA) shows:

- **Closing Date: January 1, 2005**

Debtor's Note was executed:

- **September 30, 2004**

The PSA required **any transfer** of the Note into the trust **on or before January 1, 2005**.

Claimant produced **no evidence** of any transfer during this window.

Under New York trust law:

Any act in violation of the terms of a trust is **void**, not voidable.
(EPTL § 7-2.4)

Authorities supporting this principle:

- **U.S. Bank v. Ibanez**, 941 N.E.2d 40 (Mass. 2011)
- **Wells Fargo v. Erobobo**, 972 N.Y.S.2d 147 (N.Y. Sup. Ct. 2013)
- **Glaski v. Bank of America**, 160 Cal. Rptr. 3d 449 (2013)

Because the Note was never lawfully transferred:

1. **Deutsche Bank never acquired it.**
2. Deutsche Bank could not convey what it did not own.
3. CIM Trust 2025-NR1 could not have acquired it.
4. Claim 11 rests on a **legally impossible chain of title**.

This is a dispositive standing defect.

---

# V. THE CLAIM IS TIME-BARRED

(RSA 382-A:3-118(a); § 502(b)(1))

Claimant alleges default on:

- **June 1, 2009**

RSA 382-A:3-118(a) provides a **six-year** statute of limitations for enforcing a note after maturity or acceleration.

More than **15 years** have elapsed.

Under **§ 502(b)(1)**:

If a claim is unenforceable under state law, it must be disallowed.

Thus, the Court must strike the claim as **time-barred**.

---

# VI. THE CLAIM IS BASED ON MATERIAL ACCOUNTING DEFECTS

(FRBP 3001(c)(2)(A)–(D); § 506(b))

Claim 11 asserts:

- **$337,530.85 arrears**
- **$95,209.73 escrow deficiency**
- **$34,115.90 prepetition fees**
- **$131,039.94 interest arrears**
- **$75,085.35 principal arrears**

But:

1. Escrow records begin with a **negative balance** and contain numerous "corporate advances" with no documentation.
2. Form 410A and the payment history contradict each other regarding **monthly payment amount**.
3. A significant **fee reversal** on 10/4/13 (over $11,400) undermines reliability of the entire ledger.
4. No escrow analyses required under **RESPA 12 C.F.R. § 1024.17** were provided.
5. Only partial payment history (from default) is provided, contrary to **Rule 3001(c)(2)**.

Under **Rule 3001(c)(2)(D)**:

The Court may preclude the creditor from presenting evidence or award fees and expenses.

Given the severe defects, the Court should strike the claim.

---

# VII. GOOD FAITH AND JUDICIAL ECONOMY SUPPORT STRIKING THE CLAIM

Debtor has raised:

- standing defects,
- PSA violations,
- lost-note defects,
- statute of limitations,
- accounting irregularities,

each independently fatal.

Maintaining such a claim on the docket wastes judicial resources and prejudices the estate.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Debtor respectfully moves this Court to:

A. **STRIKE** Proof of Claim No. 11 in its entirety;
B. Alternatively, **strike all unsupported components**, including escrow deficiency, fees, arrears, and interest;
C. Preclude Claimant from offering evidence relating to improperly itemized charges under FRBP 3001(c)(2)(D);
D. Award reasonable expenses and costs to Debtor for responding to a materially defective claim;
E. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

/s/ Brian J. Goodman, Sr.
Debtor / Pro Se
40 Hall Street
Concord, NH 03301
Date: 11/26/25