# UNITED STATES BANKRUPTCY COURT

**DISTRICT OF NEW HAMPSHIRE**

In re:
**BRIAN J. GOODMAN, SR.,**
Debtor.
Case No. 25-10233-KB
Chapter 13

FILED 2025 NOV 26 AM 9:10
Clerk of the US Bankruptcy Court NH

---

**BRIAN J. GOODMAN, SR.,**
Debtor / Movant,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**
not in its individual capacity but solely as Owner Trustee of
**CIM TRUST 2025-NR1,**
and its alleged servicer
**FAY SERVICING, LLC,**
and its alleged agent
**MCCALLA RAYMER LEIBERT PIERCE, LLP,**
Claimant / Respondents.

---

# DEBTOR'S REFINED OBJECTION TO PROOF OF CLAIM NO. 11

(11 U.S.C. § 502(b)(1); FRBP 3001(c)(1)–(2); RSA 382-A)

NOW COMES the Debtor, **Brian J. Goodman Sr.** ("Debtor"), pro se, and respectfully objects to **Proof of Claim No. 11** filed by Wilmington Savings Fund Society, FSB, as Owner Trustee of CIM Trust 2025-NR1 ("Claimant"). For the reasons set forth below, the Claim must be **disallowed** in whole or in substantial part pursuant to **11 U.S.C. § 502(b)(1)** because it is **unenforceable under state law**, lacks supporting documentation, contains **fatal standing defects**, and is based on **materially inaccurate accounting records**.

# I. SUMMARY OF GROUNDS FOR OBJECTION

The claim fails for **six independent reasons**:

1. **Claimant failed to attach the promissory Note**, contrary to FRBP 3001(c)(1).
2. **No endorsement, no allonge, and no proof of chain of title** are provided.
3. **No Lost Note Affidavit**, despite admitting the note is unavailable.
4. **Claim is time-barred** under RSA 382-A:3-118(a) (6-year statute of limitations).
5. **Transfers violate the PSA Closing Date (January 1, 2005)** and are therefore **void**.
6. **Claim contains materially defective accounting**, including an unsupported **$95,209.73 escrow deficiency**, inaccurate arrears, and contradictory payment amounts.

Each ground independently requires the claim to be disallowed.

---

# II. FAILURE TO ATTACH THE NOTE

(FRBP 3001(c)(1))

Proof of Claim 11 contains **no promissory note**, violating:

- **Fed. R. Bankr. P. 3001(c)(1)** – must attach the note;
- **3001(f)** – without the note, no prima facie validity attaches.

Because Claimant did not attach the Note, the claim is presumptively **invalid**.

---

# III. FAILURE TO SHOW STANDING TO ENFORCE THE NOTE

(RSA 382-A:3-301; Bergeron v. N.Y. Community Bank)

Under **RSA 382-A:3-301**, only a **"person entitled to enforce"** a note may enforce it. Claimant failed to prove:

- Possession of the original note;
- A valid endorsement;
- A chain of title;

- A lawful transfer into either Deutsche Bank (2005 trust) or CIM Trust 2025-NR1.

Under **Bergeron**, standing requires production of the original note or a properly endorsed copy. Claimant has produced neither.

Therefore, Claimant lacks standing.

---

# IV. FAILURE TO COMPLY WITH LOST NOTE REQUIREMENTS

(RSA 382-A:3-309)

Claimant appears to rely implicitly on a "lost note" theory, yet:

- **No Lost Note Affidavit** is provided.
- **No evidence** of possession when lost.
- **No evidence** the note was not transferred.
- **No indemnification** protecting Debtor from double liability.

Courts strictly enforce RSA 382-A:3-309. Claimant has not satisfied a single required element.

---

# V. PSA CLOSING DATE MAKES THE CLAIM IMPOSSIBLE

(Closing Date: January 1, 2005)
(New York EPTL § 7-2.4; Glaski; Erobobo; Ibanez)

Exhibit A is the PSA for the trust that originally held these kinds of loans. It states:

- **Closing Date: January 1, 2005**

Plaintiff's Note is dated:

- **September 30, 2004**

Claimant produced **no evidence** of transfer into the trust during the allowed window.

Under the PSA and under **New York trust law (EPTL § 7-2.4):**

- Any transfer after the PSA closing date is **void**, not voidable.

Because the Note was not transferred into the trust by January 1, 2005:

1. Deutsche Bank never lawfully acquired it.
2. Deutsche Bank could not transfer it in 2025.
3. CIM Trust 2025-NR1 could not have acquired it.
4. Claim 11 is based on a **legally impossible chain of title**.

Courts that support this conclusion include:

- **U.S. Bank v. Ibanez**, 941 N.E.2d 40 (Mass. 2011)
- **Wells Fargo v. Erobobo**, 972 N.Y.S.2d 147 (N.Y. Sup. Ct. 2013)
- **Glaski v. Bank of America**, 160 Cal. Rptr. 3d 449 (Cal. Ct. App. 2013)

Thus, the Claimant lacks **any legal interest** in the Note.

---

# VI. CLAIM IS TIME-BARRED UNDER RSA 382-A:3-118(a)

Claimant alleges default occurred on:

- **June 1, 2009**

Under RSA 382-A:3-118(a):

"An action to enforce a note must be commenced within six years after the due date or accelerated due date."

More than **15 years** have passed.

Under **11 U.S.C. § 502(b)(1)**, if a claim is unenforceable under state law, it **must be disallowed**.

This alone defeats Claim 11 in its entirety.

---

# VII. MATERIAL ACCOUNTING DEFECTS IN CLAIM 11

(FRBP 3001(c)(2)(A)-(D); § 506(b))

Proof of Claim 11 asserts:

- **$337,530.85** arrears
- **$95,209.73** escrow deficiency
- **$34,115.90** prepetition fees
- **$131,039.94** interest arrears
- **$75,085.35** principal arrears

The accounting is fatally flawed:

### A. Escrow deficiency is unsupported

The ledger shows:

- Begins at **–$13,553.73**
- Includes 15 years of "corporate advances"
- No escrow analyses provided
- No tax bills or insurance bills attached
- Many disbursements appear duplicative or force-placed
- No refunds or corrections shown

### B. Major fee reversal proves inaccurate records

On **October 4, 2013**, Claimant reversed:

- **–$8,186.03** in fees
- **–$3,291.56** in late charges

This is an admission that **prior accounting was incorrect**, undermining all subsequent figures.

### C. Contradictory monthly payment amounts

Form 410A: **$1,659.00**
Loan history: **$1,396.60**

This discrepancy invalidates the arrearage calculation.

### D. Failure to produce complete loan history

Only history from default (2009) forward is provided.
FRBP 3001 requires accounting from **origination**.

### E. Fees are unreasonable under § 506(b)**

Claimant is undersecured and cannot recover most fees.

---

## VIII. REQUEST FOR RELIEF

WHEREFORE, Debtor respectfully requests:

A. **DISALLOWANCE** of Proof of Claim No. 11 under § 502(b)(1);
B. Alternatively, **striking** all unsupported charges pursuant to FRBP 3001(c)(2)(D);
C. A finding that Claimant lacks standing;
D. A finding that the loan was never lawfully transferred to CIM Trust 2025-NR1;
E. A determination that the Claim is **time-barred**;
F. A requirement that Claimant produce the original Note for inspection;
G. Any further relief the Court finds just and proper.

---

**Respectfully submitted,**

Brian J. Goodman, Sr.
Debtor / Pro Se
40 Hall Street
Concord, NH 03301
Date: 11/26/25