# UNITED STATES BANKRUPTCY COURT

**DISTRICT OF NEW HAMPSHIRE**

FILED 2025 NOV 26 AM 9:10
Clerk of the US Bankruptcy Court NH

In re:
**BRIAN J. GOODMAN, SR.,**
Debtor.
Case No. 25-10233-KB
Chapter 13

---

**BRIAN J. GOODMAN, SR.,**
Debtor / Movant,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**
not in its individual capacity but solely as Owner Trustee of
**CIM TRUST 2025-NR1,**
and its alleged servicer
**FAY SERVICING, LLC,**
and its alleged agent
**MCCALLA RAYMER LEIBERT PIERCE, LLP,**
Claimant / Respondents.

---

# DEBTOR'S STAND-ALONE ACCOUNTING OBJECTION TO PROOF OF CLAIM NO. 11

(11 U.S.C. § 502(b)(1); FRBP 3001(c)(2); RESPA; § 506(b))

NOW COMES the Debtor, **Brian J. Goodman, Sr.** ("Debtor"), pro se, and respectfully objects to the **escrow, arrearage, fee, and accounting components** of **Proof of Claim No. 11** filed by Wilmington Savings Fund Society, FSB, as Owner Trustee for CIM Trust 2025-NR1 ("Claimant"), pursuant to:

- **11 U.S.C. § 502(b)(1)**
- **FRBP 3001(c)(2)(A)–(D)**
- **FRBP 3001(f)**

- Relevant RESPA provisions (12 C.F.R. § 1024.17)
- 11 U.S.C. § 506(b)

For the reasons set forth below, the accounting in Claim No. 11 is **materially inaccurate, internally inconsistent, unsupported by documentation**, and **legally defective**. Accordingly, the accounting components must be **stricken** or **disallowed**.

---

# I. SUMMARY OF ACCOUNTING DEFECTS IN CLAIM 11

Proof of Claim No. 11 asserts the following arrearage components:

- **Total arrearage:** $337,530.85
- **Escrow deficiency:** $95,209.73
- **Prepetition fees:** $34,115.90
- **Interest arrears:** $131,039.94
- **Principal arrears:** $75,085.35

These amounts are the result of **15 years of compounding charges, unsupported corporate advances, duplicative entries, unexplained fee assessments**, and **contradictory payment data**.

None of these charges are properly itemized under **FRBP 3001(c)(2)**, and they are not supported by contemporaneous business records.

---

# II. ESCROW DEFICIENCY OF $95,209.73 IS UNSUPPORTED AND IS NOT ALLOWABLE

(FRBP 3001(c)(2)(A); 12 C.F.R. § 1024.17)

### A. Escrow started with a massive negative balance

The loan history begins with an initial escrow balance of:

- **–$13,553.73** (June 1, 2009)

It then becomes increasingly negative for 15 years solely through servicer-created corporate advances, without any offsetting documentation.

### B. No escrow analyses were provided

Under **RESPA, 12 C.F.R. § 1024.17**, servicers must provide:

- **Annual escrow account statements,**
- **Advance disclosures,**
- **Running-item analyses,**
- **Justification of force-placed insurance,** if any.

Claimant provided **none** of these.

### C. No tax bills, insurance bills, or refunds are attached

Under **Rule 3001(c)(2)(A)**, the creditor must itemize:

- every escrow advance,
- with supporting evidence,
- showing necessity and reasonableness.

No such evidence is provided.

### D. Escrow advances appear duplicative and/or inflated

The ledger shows repeated charges on the same dates:

- tax disbursements,
- insurance disbursements,
- forced-place premiums,
- late charges added to escrow.

Nothing explains why these charges occurred.

### E. Escrow deficiency is NOT automatically owed under § 1322(b)(5)

A debtor is only required to cure:

- **legitimate,**
- **contract-authorized,**
- **accurately calculated** escrow shortages.

Because Claimant's escrow records are unsupported and unreliable, the Court must disallow or strike the $95,209.73 claimed deficiency.

# III. PREPETITION FEES OF $34,115.90 ARE NOT ITEMIZED AND MUST BE DISALLOWED

(FRBP 3001(c)(2)(A); § 506(b))

Proof of Claim No. 11 asserts **$34,115.90** in prepetition fees. These include:

- late charges,
- property inspection fees,
- foreclosure-related fees,
- miscellaneous "corporate advances,"
- vague "other fees,"
- with **no contract authority cited**,
- and **no itemization** of amounts.

Under **Rule 3001(c)(2)(A)**:

The creditor must itemize all fees, expenses, and charges.

Under **Rule 3001(c)(2)(D)**:

If itemization is incorrect or missing, the Court may strike the fees entirely.

Under **§ 506(b)**:

Only reasonable, contract-authorized fees may be included.

Claimant has provided no evidence of reasonableness or authorization.

Thus, these fees must be disallowed.

# IV. MASSIVE FEE REVERSALS PROVE RECORDS ARE UNRELIABLE

On **October 4, 2013**, Claimant reversed:

- **−$8,186.03** in "fee adjustments"
- **−$3,291.56** in "late charge adjustments"

This $11,477.59 reversal is a direct admission that:

- earlier fees were erroneously added,
- ledger accuracy is questionable,
- all remaining fee components must be viewed with suspicion.

If $11,477.59 in prior charges were wrong, the remaining $22,638.31 in unadjusted fees cannot be presumed reliable.

---

# V. PAYMENT HISTORY IS INCONSISTENT AND INVALIDATES ARREARS

(FRBP 3001(c)(2)(A))

### A. Form 410A contradicts the ledger

Form 410A claims:

- **Monthly P&I:** $1,079.19
- **Monthly Escrow:** $579.81
- **Total Monthly Payment: $1,659.00**

But the ledger shows:

- **$1,396.60** as the contractual monthly installment for years.

These two figures cannot both be correct.

Since the arrearage is calculated from the monthly payment amount, this inconsistency fatally undermines the claimed arrears.

### B. Contractual due date never advances

Every month from 2009–2025 shows:

"Payment Due 06/01/09"

This means:

- the servicer ignored contractual advancement rules,
- applied late charges and interest improperly,
- inflated arrears artificially.

This violates **Rule 3001(c)(2)** and standard industry practice.

---

# VI. CLAIMANT FAILED TO PROVIDE A FULL LOAN HISTORY

(FRBP 3001(c)(2)(A))

Claimant provided history only from **June 2009 forward** (default date).

Rule 3001(c)(2)(A) requires:

A statement of the amount necessary to cure the default, **with an itemization of charges from the beginning of the loan.**

Without pre-2009 history, the figures cannot be validated.

---

# VII. UNDER § 502(b)(1), UNENFORCEABLE CHARGES MUST BE DISALLOWED

If a component of the claim is:

- unsupported,
- inaccurate,
- time-barred,
- contractually unauthorized, or
- contrary to state law,

it must be disallowed under **§ 502(b)(1)**.

Each disputed charge here meets that standard.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Debtor respectfully requests:

A. **Striking** or **disallowing** the $95,209.73 escrow deficiency;
B. **Disallowing** the $34,115.90 in prepetition fees and expenses;
C. **Correcting or striking** the asserted interest and principal arrears;
D. **Excluding** all defective evidence under Rule 3001(c)(2)(D);
E. **Requiring** Claimant to produce a full loan history from origination;
F. Granting such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Brian J. Goodman, Sr.
Debtor / Pro Se
40 Hall Street
Concord, NH 03301
Date: 11/26/25