UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

FILED 2025 NOV 26 AM 9:06
Clerk of the US Bankruptcy Court NH

In re:
**BRIAN J. GOODMAN, SR.,**
Debtor.
Case No. 25-10233-KB
Chapter 13

---

**BRIAN J. GOODMAN, SR.,**
Plaintiff,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**
not in its individual capacity but solely as Owner Trustee of
**CIM TRUST 2025-NR1;**

**FAY SERVICING, LLC;**

**MCCALLA RAYMER LEIBERT PIERCE, LLP,**
Defendants.

Adversary Proceeding No. _____

---

# COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, QUIET TITLE, DISALLOWANCE OF CLAIM, AND SANCTIONS

Plaintiff, **Brian J. Goodman, Sr.**, pro se, alleges as follows:

---

## I. JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to Fed. R. Bankr. P. 7001(1), (2), (6), and (9).
2. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.
3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).
4. Venue is proper in this District under 28 U.S.C. § 1409.

---

# II. PARTIES

5. Plaintiff is the Debtor in the above-captioned Chapter 13 case.
6. Defendant **Wilmington Savings Fund Society, FSB**, as Owner Trustee for CIM Trust 2025-NR1, filed Proof of Claim No. 11.
7. Defendant **Fay Servicing, LLC** purports to service the alleged loan.
8. Defendant **McCalla Raymer Leibert Pierce, LLP** filed Proof of Claim No. 11 as "authorized agent."

---

# III. FACTUAL BACKGROUND

## A. Origination and PSA Closing Date

9. Plaintiff executed a promissory note dated **September 30, 2004**.
10. Attached as Exhibit A is the Pooling and Servicing Agreement ("PSA") for **IndyMac MBS, Inc., Residential Asset Securitization Trust 2005-A2, Series 2005-B**, which states a **Closing Date of January 1, 2005**.
11. Under the PSA, all mortgage loans were required to be transferred into the trust **on or before January 1, 2005**.
12. Defendants have produced **no evidence** of any transfer of Plaintiff's loan into the trust prior to that date.
13. Any transfer after January 1, 2005 violates the PSA, violates the REMIC requirements of 26 U.S.C. §§ 860D & 860G, and is **void, not voidable** under New York EPTL § 7-2.4 (PSA governing law).

## B. Proof of Claim 11 Is Facially Defective

14. Defendants filed Proof of Claim No. 11 without attaching the original note or any endorsed copy as required by FRBP 3001(c)(1).
15. Defendants failed to attach:
    a. the note;
    b. any allonge;
    c. any endorsement;

    d. any assignment;
    e. any business records establishing chain of title.
16. Proof of Claim 11 therefore lacks prima facie validity under FRBP 3001(f).
17. Defendants bear the burden of proving ownership and standing, but have provided no competent evidence of either.

## C. No Lost Note Affidavit; Failure to Comply with RSA 382-A:3-309

18. Defendants did not attach a Lost Note Affidavit.
19. Under RSA 382-A:3-309, a party enforcing a lost note must prove:
    a. possession when the note was lost;
    b. entitlement to enforce when lost;
    c. the loss was not due to transfer;
    d. provision of adequate protection against double liability.
20. Defendants have not met these statutory requirements.
21. Defendants therefore lack standing as a matter of law.

## D. Documentary & Endorsement Irregularities

22. Plaintiff's original note executed in 2004 was printed on **legal size** paper.
23. The only purported endorsement ever shown in past litigation appeared on an **8.5 × 11 copy**, with digital distortions and margin changes inconsistent with an original stamp.
24. There is no admissible evidence that any endorsement was ever placed on the original instrument.
25. Under RSA 382-A:3-308, once authenticity is contested, Defendants bear the burden of proving the endorsement; they cannot do so.

## E. Chain of Title Break and Securitization Failure

26. The PSA (Exhibit A) proves the trust closed on **January 1, 2005**.
27. Plaintiff's loan, dated **September 30, 2004**, was never shown to have been transferred by that date.
28. Any transfer after the Closing Date is **void** (Ibanez, Glaski, Erobobo).
29. Deutsche Bank, as trustee of the 2005 trust, therefore never lawfully acquired the Note.
30. A party cannot transfer an instrument it does not own; thus Deutsche Bank could not convey the loan to **CIM Trust 2025-NR1**.
31. The 2025 trust's claim of ownership is legally impossible.
32. Defendants' assertion of standing is therefore fraudulent or mistaken.

## F. Statute of Limitations

33. Defendants allege a default date of **June 1, 2009**.

34. Under RSA 382-A:3-118(a), a note enforcement action must be brought within **six years** after acceleration.
35. More than 15 years have elapsed.
36. The underlying debt is **time-barred**, and under 11 U.S.C. § 502(b)(1), a time-barred claim must be disallowed.

## G. Accounting and Escrow Irregularities in Claim 11

37. Proof of Claim 11 asserts:

- **$337,530.85** in arrears;
- **$95,209.73** in escrow deficiency;
- **$34,115.90** in fees;
- **$131,039.94** in interest arrears;
- **$75,085.35** in principal arrears.

38. The escrow ledger begins with a preexisting **negative balance** and includes 15 years of undisclosed "corporate advances."
39. A large **fee reversal** of $11,477.59 on October 4, 2013 shows prior fee errors, casting doubt on the entire ledger.
40. Payment amounts in the ledger contradict the current monthly payment listed in Form 410A.
41. Under FRBP 3001(c)(2)(A)–(D), these discrepancies justify striking or disallowing charges.

# CAUSES OF ACTION

## Count I — Declaratory Judgment (Standing)

Under 28 U.S.C. §§ 2201–2202 and RSA 382-A:3-301, Defendants lack standing to enforce the note or mortgage.

## Count II — Declaratory Judgment (Lost Note Requirements Not Met)

Defendants cannot meet RSA 382-A:3-309 and cannot enforce a lost instrument.

## Count III — Void Assignment / Chain of Title Break

Any post-closing PSA transfer is void, not voidable.

## Count IV — Void PSA and REMIC Transfer

Transfers into the trust after 1/1/2005 violate IRS REMIC law and NY EPTL § 7-2.4.

## Count V — Quiet Title

## Count VI — Slander of Title

## Count VII — Violation of RSA 358-A (Consumer Protection)

## Count VIII — Fraud on the Court (FRBP 9011)

## Count IX — Injunctive Relief (FRBP 7065)

## Count X — Turnover & Accounting (11 U.S.C. § 542)

---

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. A declaration that Defendants have no standing to enforce the note or mortgage.
B. A declaration that any transfer into the 2005 trust is void.
C. A declaration that CIM Trust 2025-NR1 has no enforceable interest.
D. Disallowance of Proof of Claim No. 11 under § 502(b)(1).
E. Quiet Title.
F. Injunction prohibiting foreclosure or collection.
G. Sanctions under FRBP 9011.
H. Turnover of the full collateral file.
I. Any other relief deemed just and proper.

---

Respectfully submitted,

*Brian J. Goodman, Sr.*
Debtor / Pro Se
40 Hall Street

Concord, NH 03301
Date: 11/26/25