# UNITED STATES BANKRUPTCY COURT

**DISTRICT OF NEW HAMPSHIRE**

FILED 2025 NOV 26 AM 9:07
Clerk of the US Bankruptcy Court NH

In re:
**BRIAN J. GOODMAN, SR.,**
Debtor.
Case No. 25-10233-KB
Chapter 13

# **MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S**

(1) OBJECTION TO PROOF OF CLAIM NO. 11,
(2) MOTION TO STRIKE CLAIM NO. 11, AND
(3) ADVERSARY COMPLAINT**

NOW COMES the Debtor, **Brian J. Goodman, Sr.**, pro se, and submits this Memorandum of Law in support of his Objection and Motion to Strike Proof of Claim No. 11 filed by Wilmington Savings Fund Society, FSB, as Owner Trustee of CIM Trust 2025-NR1 ("Claimant").

The Proof of Claim is **legally unenforceable, factually unsupported, time-barred**, and based on a **void chain of title**. For the reasons set forth below, it must be disallowed pursuant to **11 U.S.C. § 502(b)(1)**, or in the alternative, stricken under **FRBP 3001(c)(1)–(2)** and **FRBP 9011**.

# I. CLAIM 11 IS UNENFORCEABLE UNDER STATE LAW AND MUST BE DISALLOWED

(11 U.S.C. § 502(b)(1))

Section 502(b)(1) mandates that a claim **shall be disallowed** if:

"such claim is unenforceable against the debtor... under any agreement or applicable law."

Because the Claim is unenforceable under New Hampshire's Uniform Commercial Code and state contract law, the Bankruptcy Court **must disallow it**.

---

# II. CLAIMANT LACKS STANDING TO ENFORCE THE NOTE

(RSA 382-A:3-301; Bergeron v. N.Y. Community Bank)

### A. Standing requires proof Claimant is a "person entitled to enforce"

Under RSA 382-A:3-301, only three categories may enforce a note:

1. The **holder** of the instrument;
2. A **non-holder in possession with rights of a holder**;
3. A person entitled to enforce a **lost** instrument.

Claimant is **none** of these.

### B. Bergeron (NH Supreme Court) is controlling

In **Bergeron v. New York Community Bank**, 167 N.H. 32 (2014), the Court held:

- A foreclosing party must prove ownership and the right to enforce.
- Failure to produce a properly endorsed note is fatal.

Claimant did not attach the note, any endorsement, or any chain of title.

Therefore, standing is not merely unproven — **it is disproven**.

---

# III. CLAIMANT OFFERED NO LOST NOTE AFFIDAVIT AND CANNOT MEET RSA 382-A:3-309

Enforcement of a lost instrument requires strict compliance with RSA 382-A:3-309:

1. Proof of possession when the note was lost;
2. Proof the claimant was entitled to enforce when lost;

3. Explanation showing loss not due to transfer;
4. Adequate protection for the borrower.

Claimant provided:

- **No Lost Note Affidavit,**
- **No evidence of prior possession,**
- **No indemnity,** and
- **No chain of custody.**

Without strict compliance, enforcement is **prohibited by statute**.

---

# IV. THE PSA CLOSING DATE MAKES THE CHAIN OF TITLE VOID

(New York EPTL § 7-2.4; Glaski; Erobobo; Ibanez)

### A. The PSA is controlling

Exhibit A (PSA) establishes:

- **Closing Date: January 1, 2005**
- Governing law: **New York trust law**

The Debtor's Note:

- **Dated September 30, 2004**

### B. Transfers after trust closing date are VOID

Under NY EPTL § 7-2.4:

"Every sale, conveyance or other act of the trustee in contravention of the trust is **void**."

The courts applying this rule include:

- **U.S. Bank v. Ibanez,** 941 N.E.2d 40 (Mass. 2011)
- **Glaski v. Bank of Am.,** 160 Cal. Rptr. 3d 449 (2013)
- **Wells Fargo v. Erobobo,** 972 N.Y.S.2d 147 (N.Y. Sup. Ct. 2013)

Claimant produced **no evidence** that the Note was transferred into the trust by 1/1/2005.

Thus:

1. Deutsche Bank never acquired the Note lawfully.
2. Deutsche Bank could not convey what it never owned.
3. CIM Trust 2025-NR1 cannot derive rights from an invalid chain.

Claim 11 is based on a **legally impossible ownership theory**.

---

# V. THE CLAIM IS TIME-BARRED UNDER RSA 382-A:3-118(a)

Claimant alleges default occurred **June 1, 2009**.

RSA 382-A:3-118(a) provides:

An action to enforce the note must be brought within **six years** after the accelerated due date.

It has been **15 years**.

Time-barred debts are **unenforceable** under state law.
Under § 502(b)(1), the Court must disallow Claim 11.

---

# VI. THE ACCOUNTING IN CLAIM 11 IS MATERIALLY DEFECTIVE

(FRBP 3001(c)(2)(A)–(D); 12 C.F.R. § 1024.17; § 506(b))

### A. Escrow deficiency is unsupported

Claimant asserts a **$95,209.73 escrow deficiency**, yet provides:

- No escrow analyses,
- No tax bills,
- No insurance bills,
- No refund records, and
- No evidence that advances were contractually authorized.

### B. Payment history contradicts Form 410A

- Loan history payment amount: **$1,396.60**
- Claimed monthly payment: **$1,659.00**

This inconsistency destabilizes the claimed arrears.

### C. A massive fee reversal proves unreliable records

On **October 4, 2013**, Claimant reversed:

- **$8,186.03** in fees
- **$3,291.56** in late charges

This demonstrates the ledger is not trustworthy.

### D. Rule 3001(c)(2)(D) authorizes sanctions and exclusion

When charges are:

- Unsubstantiated,
- Incorrect, or
- Not properly itemized,

the Court may:

- Preclude evidence
- Disallow charges
- Award fees

Here, the accounting is materially defective and unreliable.

---

# VII. CLAIM SHOULD BE STRICKEN UNDER FRBP 9011

FRBP 9011 requires attorneys to certify that claims are:

- grounded in fact,
- legally warranted,
- and supported by evidence.

Filing a claim with:

- no note,

- no chain of title,
- no lost note affidavit,
- a legally impossible transfer chain,
- and a 15-year-old time-barred debt

is **not objectively reasonable**.

Sanctions may be appropriate, including striking the claim.

---

# VIII. CONCLUSION

For the foregoing reasons, the Debtor respectfully submits that:

- **Proof of Claim No. 11 is unenforceable,**
- **Claimant lacks standing,**
- **The chain of title is void,**
- **The claim is time-barred**, and
- **The accounting is materially defective.**

Therefore, the Court should:

1. **Disallow Proof of Claim No. 11;**
2. Alternatively, **strike** the Claim under FRBP 3001 and 9011;
3. Grant other relief requested in the Adversary Complaint;
4. Award such other relief as the Court deems just and proper.

---

**Respectfully submitted,**

Brian J. Goodman, Sr.
Debtor / Pro Se
40 Hall Street
Concord, NH 03301
Date: 11/26/25