UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| In Re: | Case Number 25-10233-KB |
| Brian J. Goodman | Chapter 13 |

**COMBINED RESPONSE OF U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE OF CIM TRUST 2025-NR1 TO DEBTOR'S MOTION TO STRIKE PROOF OF CLAIM [DOC. NO. 127], "REFINED" OBJECTION TO PROOF OF CLAIM [DOC. NO. 128], "STAND-ALONE ACCOUNTING OBJECTION TO CLAIM" [DOC. NO. 129], AND RELATED MEMORANDUM AND EXHIBITS**

Now comes U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2025-NR1 ("U.S. Bank") and hereby responds to the Debtor's Motion to Strike Proof of Claim No. 11 [Doc. No. 127], the Debtor's so-called "Refined" Objection to Proof of Claim No. 11 [Doc. No. 128], the Debtor's so-called "Stand-Alone Accounting Objection to Claim No. 11" [Doc. No. 129], and the related memorandum and exhibit(s) (notably, Doc. Nos. 131 and 132).  U.S. Bank states as follows:

1. U.S. Bank is the current holder of a certain mortgage given by Brian J. Goodman (the "Debtor") to Mortgage Electronic Registration Systems, Inc., as nominee for 1-800-East-West Mortgage Company Inc. in the original principal amount of $180,000.00 dated September 30, 2004, and recorded in Merrimack County Registry of Deeds in Book 2712, Page 875 (the "Mortgage").  The Mortgage encumbers real property known as *40 Hall Street, Concord, NH 03301* (the "Property"). Thereafter, the Mortgage was assigned to U.S. Bank. The current loan servicer for the Movant is Fay Servicing, LLC ("Fay").

2. The Mortgage secures a promissory note of even date and original principal amount given by the Debtor to 1-800-East-West Mortgage Company Inc. (the "Note") of which Movant is the current holder.

3. On April 11, 2025, the Debtor filed the instant Chapter 13 Petition.

18-033491 / BK02

4. The deadline for filing timely Proofs of Claim in this case was June 20, 2025. U.S. Bank filed a timely Proof of Claim in this case on June 18, 2025 [Claim No. 11-1] setting forth a total debt of $459,174.74 and a pre-petition arrearage of $337,530.85.[1]

5. On or about November 26, 2025, the Debtor *pro se* (and despite being presented by counsel) filed the following documents:

   a. Debtor's Motion to Strike Proof of Claim No. 11 (the "Motion to Strike") [Doc. No. 127];
   b. Debtor's Refined Objection to Proof of Claim No. 11 (the "First Objection to Claim") [Doc. No. 128];
   c. Debtor's Stand-Alone Accounting Objection to Claim No. 11 (the "Second Objection to Claim") [Doc. No. 129];
   d. Memorandum of Law in Support of Debtor's Objection to Proof of Claim No. 11, et al. (the "Memorandum") [Doc. No. 131]; and
   e. Exhibits [filed collectively as Doc. No. 132].

6. The Debtor also concurrently filed an Adversary Complaint commencing AP Case No. 25-01028 [Doc. No. 130; AP Doc. No. 1], naming U.S. Bank and its servicer and agents as defendants.

7. The Debtor's Motion to Strike, First and Second Objections, and the accompanying Memorandum of Law (as well as the additional Adversary Complaint) (collectively, the "Pleadings") are not substantially dissimilar in any way. In fact, all four (4) filings (in addition to the Adversary Complaint) are largely the same pleading stylized and organized in a different manner, each containing five (5) primary allegations: 1) that U.S. Bank lacks standing for failure to attach proper loan documentation and proof thereof; 2) that that U.S. Bank lacks standing to enforce the underlying promissory note because it was "lost"; (3) that U.S. Bank lacks standing due to an invalid/improper assignment chain; (4) that U.S. Bank lacks standing because its claim

---

[1] U.S. Bank acknowledges that its Proof of Claim was erroneously filed in the name of "Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2025-NR1," as opposed to "U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2025-NR1," and consequently all pleadings referenced herein refer to said Wilmington Savings Fund Society, FSB, et al. as the creditor. Undersigned counsel for U.S. Bank is endeavoring to amend Claim No. 11 to address this typographical error. For the sake of clarity and for the purposes of this Response, Wilmington Savings Fund Society, FSB is properly referred to as U.S. Bank.

18-033491 / BK02

was "time-barred"; and (5) that the figures set forth in U.S. Bank's Proof of Claim are materially defective—notably, in the assessment of pre-petition fees, costs, and escrow.

8. Each of the first four (4) allegations set forth in the Debtor's Pleadings have been topics of and have been addressed in nearly a decade's worth of litigation between the Debtor and U.S. Bank (and its predecessors in interest). (This litigation followed more than a decade of prior litigation waged by the Debtor to thwart efforts to foreclosure the Mortgage; *see e.g.* Merrimack Superior Court Case No. 217-2009-EQ-394; Merrimack Superior Court Case No. 2010-CV-00265; and New Hampshire Supreme Court Case No. 2015-0216 to which U.S. Bank respectfully requests that the Court take judicial notice.)

9. Most recently, U.S. Bank (by and through its predecessor in interest, Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A2 Mortgage Pass-Through Certificates Series 2005-B ("Deutsche Bank")) commenced an action in Merrimack County Superior Court, Docket No. 217-2020-CV-00402 seeking, inter alia, declaratory relief and to quiet title. That action was disposed of Deutsche Bank's Motion for Summary Judgment, which affirmed Deutsche Bank's standing as mortgagee and noteholder; a copy of the order dated November 14, 2022 on said Motion is attached hereto as <u>Exhibit A</u>.

10. The Debtor unsuccessfully sought reconsideration of said order (*see* Order attached hereto as <u>Exhibit B</u>), and then subsequently appealed said order to the New Hampshire Supreme Court, Case No. 2022-0715. The New Hampshire Supreme Court then affirmed the decision of the Superior Court; a copy of the relevant order dated May 9, 2024 is attached hereto as <u>Exhibit C</u>. The Debtor once again unsuccessfully sought reconsideration of said order (*see* Order attached hereto as <u>Exhibit D</u>), and then sought relief from the Bankruptcy Court shortly thereafter, filing his first Petition (as Chapter 13 case, initially filed as a Chapter 7 case) on August 22, 2024, Case No. 24-10576-KB. That case was dismissed on January 23, 2025 for failure to file a Chapter 13 Plan. The instant Chapter 13 Petition was then filed a few months later.

11. Insofar as the Debtor, by virtue of the Pleadings, is attempting to relitigate the matters previously decided by the Merrimack County Superior Court—and later affirmed by the New Hampshire Supreme Court—U.S. Bank maintains that the Debtor is barred for doing so in this case under the doctrine of *res judicata*. While U.S. Bank acknowledges that the 2022 Superior Court action did commence prior to the 2024 assignment(s) of the subject mortgage to U.S. Bank, the Pleadings

specifically call into question the standing and status of Deutsche Bank relative to this matter (not U.S. Bank), which has already been adjudicated. As set forth above, the Debtor's Pleadings are substantially similar and can be characterized as rather a single pleading stylized and organized in a different manner, despite being largely incoherent and disjointed in format and argument. Nonetheless, the issues before this Court include the same issues decided by in the state court (and notably affirmed by New Hampshire's highest court) and should not be revisited here.[2]

12. Relative to the Debtor's allegation that the figures set forth in U.S. Bank's Proof of Claim are materially defective, U.S. Bank maintains that its Proof of Claim in this case was appropriately filed in accordance with the Federal Rules of Bankruptcy Procedure and, therefore, constitutes *prima facie* evidence of the validity of same. Fed. R. Bankr. P. 3001. Notably, the Proof of Claim filed, specifically the Official Form 410A that accompanies same, provides a full and accurate accounting of the subject mortgage loan as of the date of filing. The Committee Notes regarding Official Form 410 (Proof of Claim) and Official Form 410A (Mortgage Proof of Claim Attachment) from December 2015 state in relevant part as follows:

> [T]he form now requires the claimant to provide a loan history that reveals when payments were received, how they were applied, when fees and charges were incurred, and when escrow charges were satisfied . . . The loan history should begin with the first date on which the borrower failed to make a payment in accordance with the terms of the note and mortgage, unless the note was subsequently brought current with no principal, interest, fees, escrow payments, or other charges immediately payable.[3]

Consistent with the aforementioned Committee Notes, the Mortgage Proof of Claim Attachment for Claim No. 11 commences on or about June 2009 when accrual of payment arrearage initially began on the Debtor's mortgage account (despite any suggestion by the Debtor that the history needs to begin as of the date of loan origination). As such, U.S. Bank contends that it has properly completed Official Form 410A as was intended when such form originally became effective. To the extent that the Debtor disagrees with this assessment and/or further contends that the Form as filed is/was incomplete, U.S. Bank calls upon the Debtor to provide proof of any

---

[2] To the extent necessary, U.S. Bank respectfully requests an appropriate briefing period on the issue of *res judicata* preventing the Debtor in this case from relitigating issues already decided in state court.

[3] *See* <<https://www.uscourts.gov/sites/default/files/2025-04/b_410-totalcn_cummulative_0425-committee-note.pdf>>.

alleged error, omission, and/or abnormality in the Official Form 410A *with specificity* warranting clarification, supplement, and/or amendment.

13. During the claims allowance process, the burden shifts between the parties. Initially, a creditor bears the burden of establishing its claim. Fed. R. Bankr. P. 3001(f). Once a creditor properly executes and files a proof of claim in accordance with Federal Rules of Bankruptcy Procedure, its proof of claim is considered "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *Juniper Dev. Group v Kahn (In re Hemingway Transport, Inc.*), 993 F.2d 915, 925 (1st Cir. 1993); *In re Melillo*, 392 B.R. 1, 6 (B.A.P. 1st Cir. 2008).

14. A properly filed proof of claim is *prima facie* evidence of the validity and amount of a claim and, to overcome this *prima facie* effect, the objecting party must bring forward evidence equal in probative force to that underlying said proof of claim; only then is the ultimate burden of persuasion with the proponent of said proof of claim. *In re Tracey*, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008); *In re LaFata*, 483 F.3d 13, 23 (1st Cir. 2007); *In re MacPherson*, 254 B.R. 302, 305 at fn. 3 (B.A.P. 1st Cir. 2000), quoting *Juniper Dev. Group v Kahn (In re Hemingway Transport, Inc.*), 993 F.2d 915, 925 (1st Cir. 1993). If a party objects to a claim, the objecting party carries the burden of going forward with evidence to overcome the *prima facie* validity and the amount of the claim. *In re Plourde,* 418 B.R. 495, 504 (B.A.P. 1st Cir 2009), citing *In re Long,* 353 B.R. 1, 13 (Bankr. D. Mass. 2006) and *United States v. Clifford (In re Clifford),* 255 B.R. 258, 262 (D. Mass. 2000). If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant*. Id.* quoting *In re Organogenesis, Inc.,* 316 B.R. 574, 583 (Bankr. D. Mass 2004).

15. Fed. R. Bankr. P. 3001 (c)(2) provides:

[i]n a case in which the debtor is an individual . . . [i]f, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

U.S. Bank maintains that its inclusion of all fees, costs, and advances incurred pre-petition relative to the subject mortgage loan in the total arrearage amount to be paid through the Debtor's proposed Plan during the pendency of this Chapter 13 bankruptcy is appropriate, and further, is consistent with the Code and applicable rules. (Contrary to the Debtor's suggestion, there is in

18-033491 / BK02

fact no requirement in the applicable rules that U.S. Bank include copies of relevant property tax and/or hazard insurance bills or invoices in support of same.) The Debtor's Pleadings indicate that the Debtor disputes the pre-petition arrearage set forth in the Proof of Claim, but provides no additional documentation and/or substantiation of the Debtor's assertion that U.S. Bank's Proof of Claim was filed in and/or included any error(s) in the pre-petition arrearage amount set forth. (Notably, the Exhibits filed at Doc. No. 132 is comprised of a cover page of a 2025 Pooling and Servicing Agreement; a copy of Claim No. 11 as filed; and a duplicate copy of the Note with a further affidavit.) Additionally, beyond blanket assertions made by the Debtor that suggests that the certain line items set forth therein are "fatally flawed" or "unreasonable," the Pleadings—specifically, the Objections to Claim—fail to provide any proof in support of such contentions. Given that the Debtor has failed to provide any factual basis for the relief sought, U.S. Bank asserts that its Proof of Claim speaks for itself, and further, that it has sufficiently addressed the Debtor's Objections to Proof of Claim No. 11, but reserves the right to supplement this Response as necessary.[4]

16. Given the similarity of the Debtor's Pleadings at issue, as well as the Adversary Complaint filed commencing AP Case No. 25-01028, U.S. Bank urges the Court to consolidate these matters pursuant to Fed. R. Bankr. P. 7042 (which incorporates Fed. R. Civ. P. 42). Otherwise, for the reasons suggested herein, U.S. Bank intends to file a Motion to Dismiss AP Case No. 25-01028 forthwith pursuant to Fed. R. Civ. P. 12(b)(6).

---

[4] The Debtor is currently under an order for file a further Amended Chapter 13 Plan by January 16, 2026 [*see* Order at Doc. No. 126].  The most recent Amended Chapter 13 Plan filed on October 17, 2025 [Doc. No. 104] in fact contemplated a cure of the entirety of the pre-petition arrearage of $337,530.85 set forth in Claim No. 11, as well as the maintenance of ongoing post-petition payment obligations.  It remains unclear as to how the Debtor intends to treat U.S. Bank's claim in any further filing as a result of the pending *pro se* Pleadings.

As of the filing of this Response, a Motion for Relief from Stay filed by U.S. Bank is also pending [Doc. No. 80, filed on September 25, 2025] due to the Debtor failing to maintain post-petition payments. A continued hearing on said Motion is currently scheduled for January 7, 2026.  As of the initial hearing conducted on the Motion for Relief on November 26, 2025, the parties (through counsel) had been discussing the prospect of a so-called "catch-up" stipulation. It remains unclear at this time, however, as to how the Debtor intends to proceed with such negotiation as a result of the pending *pro se* Pleadings.

18-033491 / BK02

WHEREFORE, U.S. Bank respectfully requests that the Court:

a) <u>DENY</u> the Debtor's Motion to Strike Proof of Claim No. 11 [Doc. No. 127];

b) <u>OVERRULE</u> the Debtor's Refined Objection to Proof of Claim No. 11 [Doc. No. 128] and Stand-Alone Accounting Objection to Claim No. 11 [Doc. No. 129]; and/or

c) <u>GRANT</u> such other relief as the Court deems just and proper.


Date:  December 10, 2025

Respectfully submitted,
U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2025-NR1
By its attorney,

/s/ Marcus E. Pratt
Marcus E. Pratt, Esquire
NH Bar #21206, BNH #07275
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com

18-033491 / BK02

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| In Re: | Case Number 25-10233-KB |
|---|---|
| Brian J. Goodman | Chapter 13 |

## CERTIFICATE OF SERVICE

I, Marcus E. Pratt, Attorney for **U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2025-NR1 and/or its successors and assigns** hereby certify that on December 10, 2025 I electronically filed the foregoing *Combined Response to Motion to Strike, et al.* with the United States Bankruptcy Court for the District of New Hampshire using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

Office of the U.S. Trustee
Andrew M. Dudley, Trustee
Kathleen E. McKenzie, Esquire

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Brian J. Goodman
40 Hall Street
Concord, NH 03301

        /s/ Marcus E. Pratt
        Marcus E. Pratt, Esquire
        NH Bar #21206, BNH #07275
        Korde & Associates, P.C.
        900 Chelmsford Street, Suite 3102
        Lowell, MA 01851
        Tel: (978) 256-1500
        bankruptcy@kordeassociates.com

18-033491 / BK02