# The State of New Hampshire

**MERRIMACK COUNTY**                                **SUPERIOR COURT**

Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A2 Mortgage Pass-Through Certificates Series 2005-B

v.

Brian J. Goodman, et al.

Docket No.: 217-2020-CV-00402

## ORDER

The plaintiff, Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A2 Mortgage Pass-Through Certificates Series 2005-B ("Deutsche Bank"), brings this action against the defendant, Brian Goodman, and parties in interest, Fort Worth Associates, LLC[1] and Concord Hospital. Deutsche Bank brings claims for Declaratory Relief (Count I), Equitable Relief (Count II), Quiet Title (Count III), and Attorneys' Fees (Count IV). Deutsche Bank's claims arise from a mortgage Mr. Goodman executed and subsequently purported to rescind. Deutsche Bank moves for summary judgment. Mr. Goodman objects. For the following reasons, Deutsche Bank's motion is GRANTED.

## I. Standard

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Sabato v. Fed. Nat'l Mortg. Ass'n, 172 N.H. 128, 131 (2019). In

---

[1] Fort Worth Associates, LLC defaulted on March 31, 2021.

order to defeat summary judgment, the non-moving party "must put forth contradictory evidence under oath, sufficient . . . to indicate that a genuine issue of fact exists so that the party should have an opportunity to prove the fact at trial . . . ." Phillips v. Verax, 138 N.H. 240, 243 (1994) (citations and quotations omitted). A fact is material if it affects the outcome of the litigation under the applicable substantive law. Palmer v. Nan King Rest., Inc., 147 N.H. 681, 683 (2002). The Court looks to the "affidavits and other evidence" and to "all inferences properly drawn from them, in the light most favorable to the nonmoving party." Clark v. N.H. Dep't of Emp. Security, 171 N.H. 639, 650 (2019). In deciding the motion, the Court assesses "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed by the parties." RSA 491:8-a, III.

## II. Background

On September 30, 2004, Mr. Goodman executed and delivered a promissory note (the "Note") in the amount of $180,000.00 to 1-800-East-West Mortgage Company, Inc. ("East West"). (Nordberg Aff. ¶ 4, Aug. 26, 2022.) Mr. Goodman provided a mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for East West for $180,000.00. (Id.) The Mortgage was recorded in the Merrimack County Registry of Deeds (the "Registry"). (Id., Ex. B.) Mr. Goodman's property at 40 Hall Street, Concord, NH 03301 (the "Property") is the subject property of the Note and the Mortgage.

Deutsche Bank alleges that, on June 1, 2009, Mr. Goodman defaulted on his loan and has remained in default since. (Id. ¶ 10.)

On August 17, 2009, MERS assigned the Mortgage to Onewest Bank FSB. (Id. ¶ 5.) The assignment was recorded in the Registry. (Id., Ex. C.) On February 26, 2019, CIT Bank, NA f/k/a Onewest Bank, NA f/k/a Onewest Bank, FSB assigned the Mortgage to Deutsche Bank. (Id. ¶ 6.) The assignment was recorded in the Registry. (Id., Ex. D.)

Deutsche Bank currently owns the Note. (Id. ¶ 7.) The Note bears an initial allonge in favor of IndyMac Bank, F.S.B. and a subsequent endorsement to blank. (Id.)

On October 17, 2016, Mr. Goodman recorded a letter in the Registry (the "First Letter"). (Id. ¶ 8, Ex. F.) The First Letter was addressed "To Registrar Guay and All Others" with an attachment bearing the salutation "To Whom it May Concern." (Id.) The First Letter purported to rescind the Mortgage. (Id.) On June 8, 2018, Mr. Goodman recorded a second letter in the Registry (the "Second Letter") (together with the First Letter, the "Goodman Recordings"). (Id. ¶ 9, Ex. G.) The Second Letter bore the same address and salutation as the First Letter. (Id.) The Second Letter also purported to rescind the Mortgage. (Id.)

## III. Analysis

The premise of Deutsche Bank's claims is that there is no legal basis to find that the Goodman Recordings constitute a valid rescission claim. Deutsche Bank argues that the last possible time Mr. Goodman could have effectively rescinded the Mortgage was in September 2007. Accordingly, the Goodman Recordings, recorded in October 2016 and June 2018, are ineffective. Mr. Goodman challenges Deutsche Bank's argument on several grounds. The Court will first address Mr. Goodman's arguments and then the substance of Deutsche Bank's argument.

I.  Deutsche Bank's Supportive Affidavit

Mr. Goodman argues that Deutsche Bank's supportive affidavit fails to meet the requirements under RSA 491:8-a, II. RSA 491:8-a, II provides that "[a]ny party seeking summary judgment shall accompany his motion with an affidavit based upon personal knowledge of admissible facts as to which it appears affirmatively that the affiants will be competent to testify." Mr. Goodman contends that Ms. Nordberg's affidavit fails to support Deutsche Bank's motion because her testimony was based on her review of records rather than personal knowledge. Therefore, Mr. Goodman argues that the Court cannot consider Deutsche Bank's motion without the required supportive affidavit with admissible testimony.

The New Hampshire rules of evidence carve out a specific exception to the personal knowledge requirement for witnesses testifying as a custodian of records.

> Rule 803(6) requires that the proponent of the document produce the custodian of the record, or another qualified witness, to testify about the identity and mode of preparation of the proffered document, and to testify that it was made in the regular course of business at or near the time of the transaction recorded. Verification of the authenticity, regularity and correctness of such records by the official having them in charge, or by another qualified witness, constitutes the proper foundation for admission of the proffered record. The qualified witness required by Rule 803(6) need only be someone who understands the system of how the document was made, and need not have participated in the document's creation or know who created it.

State v. Howe, 159 N.H. 366, 374 (2009). "Under well established rules of evidence, a witness may testify to the contents of records kept in the regular course of business without having personal knowledge of the facts reported therein." State v. Leith, 172 N.H. 1, 9 n.2 (2019). The same rule applies to affidavits. See Rockwall Commons

4


Assoc., Ltd. v. MRC Mortg. Grantor Trust I, 331 S.W.3d 500, 510 (Tex. App. 2010) ("[W]hen an affiant's summary judgment affidavit contains testimony that identifies her status as a record's custodian and establishes her relationship with the facts of the case in manner sufficient to demonstrate the facts at issue, the personal knowledge requirement for summary judgment affidavits may be satisfied.").

Ms. Nordberg testified that she is an assistant secretary with Fay Servicing, LLC which is a servicer for Deutsche Bank. (Nordberg Aff. ¶ 1.) Ms. Nordberg testified that she "reviewed Fay's business records maintained in the ordinary course of its mortgage loan servicing business relative to the residential mortgage account standing in the name of Brian J. Goodman." (Id. ¶ 2.) Those records included "all servicing documents received from previous servicers with respect to the subject loan." (Id. ¶ 3.) While Ms. Nordberg's affidavit is not based on her direct personal knowledge, the personal knowledge requirement in RSA 491:8-a, II is satisfied because Ms. Nordberg qualifies as a custodian of the relevant records. Ms. Nordberg reviewed documents maintained in the regular course of business, negating the need for her to testify directly from her own personal knowledge.

Mr. Goodman further contends that the supporting affidavit submitted with Deutsche Bank's motion fails because Ms. Nordberg was not "duly sworn." Mr. Goodman argues that the affidavit does not contain a certification under the jurat that states that Ms. Nordberg swore to the truth before an entity lawfully permitted to administer an oath. Mr. Goodman's argument is without merit.

Affidavits must be "sworn before a person having proper authority." See Powers v. Shepard, 21 N.H. 60, 60 (1850). In an albeit distinct context, parties completing

financial disclosures pursuant to Super. Ct. R. 197 must attest to the completeness of the disclosures on an "affidavit under oath, subject to the pains and penalties of perjury." In re Rohdenburg, 149 N.H. 276, 278 (2003).

Ms. Nordberg's affidavit starts with "I, Oxford Nordberg, duly sworn of my own personal knowledge, information and belief, and believing my statements to be true, do under oath state as follows" and then concludes with "[s]igned under the pains and penalties of perjury." (Nordberg Aff.) Notary public, Kylethia Davis, certified that Ms. Nordberg appeared before her, properly identified herself, and acknowledged that she signed the affidavit voluntarily for its stated purpose. (Id.) Ms. Nordberg's attestations suffice to qualify her affidavit as "duly sworn."

Accordingly, Mr. Nordberg's affidavit qualifies under RSA 491:8-a, II to support Deutsche Bank's motion because she is a custodian of the relevant records in this matter and her testimony was "duly sworn."[2]

II. Deutsche Bank's Standing

Mr. Goodman contends that Deutsche Bank does not have standing to bring its claims. Mr. Goodman argues that Deutsche Bank must prove ownership of the Mortgage and Note through evidence it paid value in exchange for them and must prove financial injury to demonstrate standing.[3] Mr. Goodman provides no legal authority to support these contentions.

---

[2] Mr. Goodman additionally attacks the Court's ability to consider the documents attached to Ms. Nordberg's affidavit because they do not purport to be authenticated certified copies of the records. The New Hampshire Supreme Court rejected a substantially similar argument in Kreik v. Partners for Payment Relief, DEII, LLC, No. 2019-0729, 2020 WL 7663830, at *2-3 (Nov. 13, 2020) (non-precedential). The Court likewise rejects Mr. Goodman's argument.

[3] Mr. Goodman incorrectly argues that Deutsche Bank must prove it is the "Holder in Due Course" to maintain this action. Mr. Goodman presumably refers to standing to enforce a negotiable instrument under RSA 382-A:3-301. Here, Deutsche Bank seeks not to enforce an instrument but to clear title.

6

RSA 498:5-a permits suits "by any person claiming title to, or any interest in, real or personal property, or both . . . to clear up all doubts and disputes and to quiet and settle the title to the same . . . ."[4] Deutsche Bank sets forth supported facts that it maintains an interest in the Property arising out of the assignment of the Mortgage. This fact alone is sufficient to support Deutsche Bank's standing to bring this suit to "clear up all doubts and disputes" as to the Property's title. Mr. Goodman disputes whether Deutsche Bank is the proper owner of the Note as it only now, in its second motion for summary judgment, claims to own the original Note and previously proffered an affidavit stating the original Note was lost. While the Court acknowledges that Deutsche Bank has not provided evidence of the assignment of the Note, such evidence is unnecessary to determine Deutsche Bank's standing. Its ownership of the Mortgage, alone, is sufficient to find that it has an interest in the Property to support its standing to bring this action.

At the crux of Mr. Goodman's arguments is a belief that Deutsche Bank failed to provide valid evidence to sufficiently prove itself the owner of the Mortgage and the Note. The Court finds that through the recorded assignments in the Registry and the production of copies of the Note and the Mortgage, Deutsche Bank has satisfied the Court that it maintains a sufficient stake in the state of title of the Property to warrant action in this Court. The Court acknowledges Mr. Goodman's arguments that Deutsche Bank has not provided financial account ledgers to demonstrate value exchanged for the Mortgage or the Note, nor definitive proof that Mr. Goodman defaulted on his

---

[4] The language in RSA 547:11-c under which Deutsche Bank brings its claim for quiet title is substantially similar and likewise grants Deutsche Bank standing.

Mortgage obligation.[5] These arguments do not impact the Court's analysis on the narrow issue of whether Deutsche Bank has standing to bring suit against Mr. Goodman for declaratory judgment, equitable relief, quiet title, and attorneys' fees seeking to relieve the Property from any encumbrances the Goodman Recordings may have created. The Court is not deciding in this instance whether Deutsche Bank maintains the authority to foreclose on the Property. Such additional evidence may be relevant in those future proceedings.

III. Effect of the Goodman Recordings

The Court now turns to the substance of Deutsche Bank's argument. Federal law provides a right of rescission for certain transactions. Applicable here is the rescission rule for security interest agreements which provide for an interest in the obligor's principal dwelling.

> [I]n the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.

15 U.S.C. § 1635(a). "This regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements. But this conditional right to rescind does not last forever.

---

[5] Mr. Goodman additionally argues that there is no lawful "servicer," "investor," or "loan" because his obligation is considered satisfied. This argument relies entirely on inadmissible hearsay and therefore the Court declines to consider it. (See Def.'s Obj., Ex. C.)

8

Even if a lender *never* makes the required disclosures the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 260 (2015) (emphasis in original) (quoting 15 U.S.C. § 1635(f)).  Put simply, "the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998).

Deutsche Bank does not dispute the applicability of § 1635(a) to the Mortgage, nor whether the original lender abided by the disclosure requirements.  The only issue presented is whether Mr. Goodman's attempted rescissions fell within the permissible three year period.  Mr. Goodman executed the Mortgage on September 30, 2004 as security for the Note.  Twelve years later, on October 17, 2016, Mr. Goodman recorded the First Letter purporting to rescind the Mortgage.  Two years later, on June 8, 2018, he recorded the Second Letter, again attempting to rescind the Mortgage.  The Court need not consider which period of rescission applies, the three day or three year, as the Goodman Recordings were recorded well after either permitted period of rescission.  Therefore, the Goodman Recordings are ineffective attempts to rescind the Mortgage and are thus null and void.  Accordingly, Deutsche Bank is entitled to summary judgment on Counts I, II, and III.

IV.   Attorneys' Fees

Deutsche Bank requests attorneys' fees and costs pursuant to the terms of the Mortgage.  Section 9 of the Mortgage permits the "Lender" to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under [the] security agreement."  (Nordberg Aff., Ex. B.)  The Mortgage provides that "[a]ny

9

amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument." (Id.) The "Borrower" under the Mortgage is Mr. Goodman. (Id.) The "Lender" is East West. (Id.)

This matter qualifies under Section 9 of the Mortgage. Section 9(b) designates "a legal proceeding that might significantly affect Lender's interest in the Property" as a qualifying matter. This action is a legal proceeding aimed at clearing up doubts the Goodman Recordings may have made on the Property's title. Such doubts "might significantly affect [Deutsche Bank's] interest in the Property." Therefore, pursuant to the Mortgage, Deutsche Bank is entitled to seek attorneys' fees and costs from Mr. Goodman.

Through the assignment of the Mortgage, Deutsche Bank maintains the rights granted to East West. "A simple right to the payment of money is clearly assignable because it has no material effect on the obligor's duty." § 49.3 Payment, Land, Goods, Express Warranty, Output, and Requirements Contracts – UCC, 9 Corbin on Contracts (rev. ed.). The "Lender's" right to attorneys' fees and other costs associated with actions pursued under Section 9 of the Mortgage is nothing more than a simple right to the payment of money. Accordingly, Deutsche Bank, the assignee of East West's rights under the Mortgage, maintains the right to Mr. Goodman's debt which, pursuant to Section 9, now includes Deutsche Bank's attorneys' fees and costs associated with this matter.

### IV.   Conclusion

For the foregoing reasons, Deutsche Bank's motion for summary judgment is GRANTED. The Court declares that the Goodman Recordings constitute no cloud,

encumbrance, lien, or other interest on the Property. Accordingly, the Goodman Recordings are null and void and effectively rescinded. Finally, the Court orders Deutsche Bank's attorneys' fees and costs to be combined with Mr. Goodman's debt pursuant to the Mortgage.

**SO ORDERED.**

_____11/14/22_____  
**Date**

_____  
John C. Kissinger, Jr.  
Presiding Justice