THE STATE OF NEW HAMPSHIRE

MERRIMACK, S.S.                SUPERIOR COURT

Deutsche Bank National Trust Company, as Trustee for Residential Asset Securitization Trust Series 2005-A2 Mortgage Pass-Through Certificates Series 2005-B,
Plaintiff

v.

Brian J. Goodman, *et al*
Defendant

Case No: 217-2020-CV-00402

> Denied
> 
> *[signature]*
> 
> Honorable John C. Kissinger, Jr.
> January 18, ~~2023~~

## MOTION FOR THE COURT TO RECONSIDER AND/OR REVERSE ITS VOID GRANTING OF PLAINTIFF'S "REVISED" MOTION FOR SUMMARY JUDGMENT

**Now** comes Defendant, Brian J. Goodman (Goodman), *pro se*, and files this Motion for the Court to Reconsider and/or reverse its void granting of Plaintiff's "Revised" Motion for Summary Judgment and, in support thereof, states:

1. Facts - material and otherwise - and legal "notions" stated throughout the Order in its entirety, constitute pure fiction, being both erroneous, false, non-existent, and/or unproven as required by the burden of proof which is Plaintiff's. Goodman challenged Plaintiff's Complaint as to its facts and its "bases" through discovery lawfully propounded.

2. Goodman's right to information lawfully requested, material wholly material to the basis from which Plaintiff's "claims arise", was denied in an egregious violation of due process and equal protection under the due process and equal protection clause of the US Constitution's Fourteenth Amendment and part I, Article 15 of the NH Constitution, as well as violations of Superior Court Rules 21 and 22 specific to discovery. (That does not begin to raise the lifting of defaults entered against Plaintiff for no cause shown relative to discovery and the prejudicial alloweing of a revised motion for summary judgment.) It follows that, if both the facts stated are

Clerk's Notice of Decision
Document Sent to Parties
on 01/19/2023

1

erroneous or false, being based on presumptions about which either no allegations were even asserted by Plaintiff or proof of the truth of matter asserted by Plaintiff and challenged by Plaintiff was not provided, and New Hampshire law was, as a result, wrongfully applied, the Court's Order, at a minimum, the Court's lack of subject matter jurisdiction for other reasons notwithstanding, constituted plain error, literally from beginning to end, as in from page 1 – 11, respectively. As a result, the so-called "declaration" in the matter made by the Court commencing at page 10 at once constitutes plain error and is a void decision.

3. At its most basic, NH law requires that only a person who has suffered a legal injury at the hands of a named respondent has standing to commence a suit. See *J & M Lumber & Constr. Co. v. Smyjunas*, 161 N.H. 714, 20 A.3d 947 (2011). Statutes and case law specific to the actual complaint filed require that any claimant, in order to meet threshold standing requirements, must demonstrate it has been directly injured by Brian Goodman in "its purse". See *Baer v. N.H. Dep't of Educ*, 8 A.3d 48, 160 N.H. 727 (N.H. 2010). See also *Burrows v. City of Keene*, 121 N.H. 590, 432 A.2d 15 (N.H. 1981).

4. Plaintiff's lack of demonstrated standing and the Court's resulting lack of subject matter jurisdiction aside, the decision being otherwise fully against the weight of both so-called and/or non-existent evidence, Rescission effected pursuant to the Truth and Lending Act (TILA) still being very much in force (the Court's void holding relative to that issue Notwithstanding), the result of the Order rises to the level of nothing less than facilitated theft, specifically grand larceny of property, this also according to the *Burrows* decision, specifically its lengthy narrative on "property" and rights tangential to same.

5. "'Property,' in the constitutional sense, is not the physical thing itself but is rather the group of rights which the owner of the thing (and here Goodman is that owner) has with respect to it.... The term refers to a person's right to 'possess, use, enjoy and dispose of a thing and is not limited to the thing itself.'.... The property owner's right of 'indefinite user (or of using

2

indefinitely) . . . necessarily includes the right . . .' to exclude others from using the property, whether it be land or anything else....'From the very nature of these rights of user and of exclusion, it is evident that they cannot be materially abridged without, *ipso facto*, taking the owner's 'property.'.... The owner need not be deprived of all valuable use of his property. If the denial of use is substantial and is especially onerous, a taking occurs." *Burrow*, 121 N.H. 590. Here "the taking" is onerous and has been complete. Goodman is to be totally and unlawfully deprived by a party with not one iota of demonstrated right, interest, and/or title to "the property" ... it never having been alleged and/or qualified exactly what the property at issue was ... as specifically required by NH law and without any direct economic injury or loss having been either asserted or proved by it. The taking has occurred with prejudice being shown against Goodman in the extreme and with the rules of Court, let alone the law, being broken to an appalling degree.

6. Relative to the foregoing, "public officials [and that includes the judiciary] have a duty to obey the constitution". *Id.* Goodman specifies that means both the U.S. and N.H. Constitutions. NH Judges take an oath as to that duty. That did not happen in this matter and the referenced theft has resulted. Further, Goodman has been forced, also in violation of his rights under, at a minimum, the NH Constitution, to "bear the financial burden of protecting himself from unconstitutional abuses of power" exhibited by this Court. *Id.*

7. The entire action is without basis and it is a scenario that leaves this Court without subject matter jurisdiction, let alone discretion, in the matter. If the Court erroneously believes it has discretion, than at the least, it has wholly acted with an unsustainable exercise of that discretion.*State v. Lambert*, 147 N.H. 295, 296 (2001). Worse than that it has refused to require that Plaintiff provide proof as requested specific to even its identity, the most basic of facts, to include proof of Plaintiff being domiciled at what Goodman knows is an absolutely false

address, Plaintiff's alleged capacity to act in a trustee role for a trust that was not proven to even lawfully exist or to have been lawfully funded with any alleged debt owed to trustee or the trust for whom Plaintiff purports to act as trustee, or indeed any party, by Brian Goodman, as a result of any alleged debt, the fact there was no assertion even made as to any ownership of debt whatsoever notwithstanding, having been lawfully conveyed to it. (Goodman admits the bait and switch as to terms and issues and layers of law and rule breaking have become so piled on top of one another, that it has become more difficult to describe the manner in which the ball has been allowed to "bounce" and the longer sentences are reflecting that reality.)

8. Conveyance of the debt in the first instance can only be made by a party that itself has the right to enforce any alleged debt. That brings the focus right back to the so-called originating "lender". Any so-called chain of title entertained by the Court in this action has to go back to the beginning of the transaction under which Plaintiff alleges it has an interest. Goodman timely rescinded because of the absolute lie as to the purported cost of credit and the concealment (not mere "non-disclosure") as to who was whom relative to the transaction. Ultimately, monies at issue constituted no loan and Goodman will not the Court presume that there was a "loan" and/or that a bona fide debt by a regulated lender resulted and existed on the books of any party without proof. Plaintiff was asked for proof of the originating scenario as well. It must have it ... there is no such thing as a valid excuse of "burdensome" when it comes to proving what a Plaintiff must prove. If it can't prove it, then it must be ejected from the courtroom. If Goodman has to provide "receipts", so does a financial institution. But "proof" of what be proven was deemed irrelevant. The reality here only highlights what has been utterly apparent in this action, especially all that has transpired relative to the discovery and summary judgment processes, is: **THE ABSENCE OF EVIDENCE BECOMES AND DID BECOME EVIDENCE OF ABSENCE OF PROOF OF THE TRUTH OF THE MATTER ASSERTED - MATERIAL OR OTHERWISE.**

4

9. The undisputable fact is that unless Plaintiff can make and prove the assertion that it is owner of the debt or somehow is acting in some capacity for a party that itself owns and is lawfully funded with the debt, it has no standing. In order to prove debt, the ledger which shows transactions specific to an account receivable of which any debt owed by Brian Goodman is the subject, must be presented. Where no ledger is produced, as is the case herein, given what is required under all US jurisdictions, including NH law, no direct or concrete injury has been proven or can be presumed. Not only can summary judgment not be granted to Plaintiff, it must, according to law, be granted to Goodman.

10. Plaintiff and the Court have at all times conducted themselves as if they each believed they were in the middle of a foreclosure action. This action is a title action and, as a result, when it comes to any claim being made by an alleged mortgagee, that party, according to unambiguous statute, has to prove ownership of "the debt" alleged as being owed to claimant. The debt is not the same thing as the note ... it is distinct personalty ... personal property ... of itself. The last Goodman checked the law does not allow an entity that did not prove it owned an alleged underlying obligation to claim and obtain title to the asset. **Goodman states existence and ownership of the alleged debt at issue is what must be proven. NH law, both decisional and statutory, requires it.** Only then can an entity be allowed under the law to march on and forcibly sell the alleged collateral that serves as security for the debt and dispossess the occupants of that collateral. In this case at bar, the presentation of the ledger that contains transaction specific to any debt did not happen as requested by Goodman. Thus, Plaintiff has not proved injury concerning the debt which it must due in order to prevail in this action. It has not proved, as the Court alleged, at Order, p 3, that it "currently owns the note". Far from it.

11. In order for that to happen, NH statute also provides only an entity that has paid value for the right to enforce the security interest can enforce it. The Order, at p 6, makes a false representation that Goodman provided no legal authority that says Deutsche Bank National Trust

5

Company, as Trustee ... must prove ownership of the Mortgage and Note as a result of having paid value and prove financial injury to demonstrate standing. More than being false, it leads to plain error with regards to discretion the Court does not even have. From ¶1, line 1 and for the paragraph in its entirety, the Court has exhibited Plain error as what the claim is about.

12. Since the security interest, the alleged mortgage, has no value itself, being mere chattel, the focus circles back to the debt, the only thing of value. Proof must be provided that value was paid for the debt and that the assignor to whom value was paid (and that means 1 800 East West) was itself lawfully able to enforce the debt in its own right. The only way to do that is to claim and provide proof of value paid for the alleged debt through production of receipts which were requested and/or produce *the accounting ledger in the claimant's name that shows the life of the debt and bona fide servicing that has taken place from the beginning.* Debt, if it exists, will be entered on a creditor's ledger in the name of a party with the legal right to enforce it as an asset.

13. In the case of an alleged trustee acting for an alleged trust, there must be proof that the Trust was lawfully created and that the debt, as asset, was lawfully conveyed to a lawfully existing trust. If the ledger is not produced as was demanded, there has been no proof of injury. That reality is inescapable. As to the Court acknowledging Plaintiff has not provided financial account ledgers to demonstrate value paid for the Mortgage or the Note, nor 'definitive proof' that Mr. Goodman defaulted on his mortgage obligation, the Court misapprehends the reality, the otherwise void nature of the Order aside (which it also misapprehends), that at such time as foreclosure efforts will commence, Goodman will be subjected to assertions of "claim preclusion". The Court is in error, plain error, as to its assertion that Plaintiff not demonstrating that value was paid for the mortgage and note are not relevant as to "title". This is a claim brought for "title" of property, Plaintiff's almost comical, the criminal nature of the process that has otherwise been allowed to ensue notwithstanding, denial in mid-stream that it was claiming title to the property notwithstanding. Plaintiff's relevant Reply is hereby incorporated by

6

reference. Neither note nor the mortgage are the crux of the matter. The debt is "the only thing.

14. In New Hampshire, "'the interest of the mortgagee passes in all cases with the debt, … because it is a mere incident to the debt, has no value independent of the debt, and cannot be separated from the debt." *Southerin v. Mendum,* 5 N.H. 420, 432 (1831). Similarly, we [the NH Supreme Court] stated that 'an assignment of the mortgage, without an assignment of the debt, passes nothing.' *Smith v. Moore,* 11 N.H. 55, 62 (1840)." *Bergeron v. New York Community Bank*, 168 N.H. 63 (N.H. 2015).

15. In exploring that early case law further, one finds, "Mortgages do not come within the statute of frauds. They are considered merely as chattel interests….The debt is the principal thing, and the mortgage merely an incident. The interest of the mortgagee in the land is personal property….mere chattel". *Southerin*, 5 N.H. 420, 432. That decision continued, **"[T]he interest of the mortgagee is not in fact real estate, but a personal chattel"** *Id.* **As a result, as was affirmed in the *Bergeron* decision, "[A]n assignment of the mortgage, without assigning the debt, passes nothing."** It follows that, as a result of any recorded assignment of mortgage, Plaintiff would have held nothing more than a piece of paper which, of itself, gave it no "right, title, or interest" to anything, and certainly not any "property".

16. The *Smith* decision got even more specific as to particulars: **"an absolute conveyance by the mortgagee, before entry, and without an assignment of the debt, will pass no title. 6 N. H. Rep. 205, *Bell* vs. *Morse*."** *Smith*, 11 N.H. 55. Further, as to the manner of conveyance of "the debt", "A symbolical delivery of possession is not sufficient. In order to come within the provisions of the statute, there must be such a possession as is required to be taken by the vendee on an absolute sale. And the possession must be retained in the same manner." *Id.* Plaintiff, to prevail, needed to prove all of the above required elements to meet the threshold requirements for standing relative to its complaint brought as both a declaratory judgment and quiet title

7

action. It needed to meet it to maintain the action and to prevail.

17. Goodman's conduct is irrelevant until Plaintiff can definitively prove it has sustained a concrete, economic injury. There is the added problem of the Court not having jurisdiction has a result of Plaintiff not including the various parties claiming ownership interest, even the so-called witness' own servicer-employer. The witness says the company services for Deutsche. Goodman has legal notice otherwise. **So, according to RSA 498:5-a (and here Goodman says that the Complaint was not brought under the appropriate statute and one statute which applies in Probate Court is not applicable) and the attendant case law, *Porter v. Coco*, 154 N.H. 353 (N.H. 2006), there is yet another reason, this Court does not have subject matter Jurisdiction and cannot entertain the complaint.**

18. It was pursuant to case law that Goodman crafted his discovery, the answer(s) to which were refused by Plaintiff, the absolute materiality of same notwithstanding. As to "ownership of the note", again, the note is not the debt. The debt is considered specifically as "debt personalty". Any alleged endorsement of the note results in a rebuttable presumption and that is exactly what Goodman did in demanding proof of the required money trail. Plaintiff's refusal to provide the information requested was, in a glaring denial of due process and equal protection under the law and violation of court rules, fully supported by the Court.

19. Plaintiff's claim of "quiet title" where it has to prove good title as against the world, fails. Because of the nature of the case, Plaintiff has to establish it is holder in due course which it did not do. The Court is in error. In order to "clear title", Plaintiff must indeed meet the provisions of RSA § 382-A:3-302 ["PETE" status is irrelevant; the Court is acting like this is foreclosure action. **IT IS A TITLE ACTION.**] Plaintiff can not only not sustain its complaint by virtue of not having proven value paid, but there is also the problem of it allegedly taking

8

assignment in 2019 with the knowledge of an alleged 2009 default. Such a situation negates the possibility of such an entity's being able to ever success to holder in due course status. As a result, "**An obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument.**" RSA § 382-A:3-305. Plaintiff has told a flat out lie. There is a "lost note affidavit", but there was never any lost note. The fact is there was never any note that existed on Indy Mac's (or any other party's) ledger to be transferred, the bogus endorsements notwithstanding. Goodman addressed the fact(s) that MERS own database stated there was no servicer because there was no asset in receivership and that Plaintiff, in its "revised" motion for summary judgment removed the lost note affidavit from its motion. No note was ever transferred from any party to any party and no debt was ever serviced. Plaintiff has never produced anything but a redacted note for the simple reason, anybody getting to and talking with "MERS" (which is exactly what Goodman did, with a report presented under sworn Affidavit) presented a huge problem of more lies and impossible claims by any "bank entity". No party could ever assert that it held the note prior to its being "lost". No entity can assert that it has the "original" of what was sworn to as a "lost note". Plaintiff has not and can never satisfy, in addition to those stated, provisions of NH RSAs RSA § 382-A:1-201 (b)(21); RSA § 382-A:3-201; RSA § 382-A:3-203; RSA § 382-A:3-305, RSA § 382-A:3-306, or § 382-A:9-203.

20. As to allegations of "default", there can be no creditor and thus no claim made by Plaintiff if there is no loan account receivable carried as an asset on the ledger of Plaintiff as claimed creditor - something it did not even assert. If it wasn't asserted, it does not exist and can be neither implied nor presumed as this Court has done … right up to the very end when it unlawfully allowed "attorney's fees and costs to be combined with Mr. Goodman's debt pursuant to the Mortgage" pursuant to #9 of the Mortgage … debt that was not even proven as

existing and pursuant to a Mortgage that, the Court's Order notwithstanding, under operation of law and Congressional fiat, is Void. As a result, #16 of the void mortgage is applicable.

21. Goodman reserves the right to address TILA rescission timely effected in detail, but states before his conduct can be addressed by Plaintiff or "rescinded" by the Court, Plaintiff has to establish it has standing as a result of direct injury sustained by it. At a minimum, however, both the *Jesinowski* and *Beach* decisions have been both mischaracterized and misapprehended by the Court. Because of Justice David Souter's relation to *Beach*, Goodman references *Lakeman v. LaFrance*, 102 N.H. 300, 156 A. 2d 123 (N.H. 1959) **(**"Statutes of limitations are regarded as statutes of repose"). *Kalb v. Feuerstein*, 308 U.S. 433 (1940) is applicable, as is *Bailey v. Glover*, 88 U.S. (21 Wall.) 342 (1874).

22. The Court's narrative relative to the Business Records exception to the Hearsay Rule fails. There was not one single "business record" as defined under the Rules of Evidence, no documents of a servicing nature and/or that were asserted as being created in the alleged servicer's "regular course of business" by the non-disclosed alleged as servicer-employee unsworn affidavit. The only documents addressed were those where "servicer" had no participation in creating. No alleged representative could speak to the manner in which they were created. There was no competent witness that satisfied relevant statutory requirements.

23. In support of this Motion, Goodman incorporates and adopts in their entirety the following documents: his sworn Opposition(s) to Plaintiff's unsworn Motion(s) for Summary Judgment, with Exhibits; his Motion to Compel Discovery to which is attached discovery propounded; and unadjudicated Motion to Reconsider the Denial of the Motion to Compel.

24. In conclusion, the Order is characterized in totality as plain error, issued without discretion or legal authority, its void status notwithstanding. It must be reconsidered.

**WHEREFORE**, Goodman motions that the Court:

A. Reconsider its otherwise void granting of summary judgment in favor of Plaintiff;

B. Issue Summary Judgment in favor of Goodman; and

C. Grant such other relief as is lawful and proper.

December 30, 2022                                    Respectfully submitted:


                                                  __/s/ Brian Goodman_____
                                                  Brian J. Goodman, *pro se*
                                                  42 Hall St.
                                                  Concord, NH  03301
                                                  (603) 892-4841


## Certificate of Service

I, Brian J. Goodman, certify that this day a copy of the above Motion has been delivered to Attorneys Tracy Kish, at Korde & Associates, PC, and Michael Fontaine, at Welts, White, and Fontaine, PC, via email as a result of its having been filed into the Court's ECF system.  Fort Worth Associates has been served at the address provided by Plaintiff.

December 30, 2022                                    __/s/Brian Goodman

11