UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:  Chapter 13
Case No. 25-10233-KB

BRIAN J. GOODMAN, SR.,
    Petitioner

_____/

FILED 2025 DEC 10 PM 1:41
Clerk of the US Bankruptcy Court NH

# MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM STAY

## I. INTRODUCTION AND RELIEF SOUGHT

The Court, on November 26, 2025, granted U.S. Bank National Association, as Trustee for the registered holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4 ("U.S. Bank Trust" or "Movant"), relief from the automatic stay to proceed with foreclosure on the real property located at 72 Hall Street, Concord, New Hampshire 03301 (the "Property").

Petitioner respectfully submits that the Order was entered without the benefit of critical evidence demonstrating material inconsistencies in the note and endorsement chain that directly impeach Movant's claimed standing and undermine the reliability of Proof of Claim No. 5 ("Claim 5") see EXHIBIT B. Movant's own prior sworn filings in state court—specifically Attorney Edward P. O'Leary's **sworn affidavit** ("O'Leary Sworn Affidavit") and attached note see

EXHIBIT A —contradict the note configuration now presented in bankruptcy. This contradiction is precisely the type of evidentiary conflict that warrants reconsideration.

Petitioner further submits that he intends to prosecute this Chapter 13 case in good faith, cure arrears through an amended plan, and provide adequate protection. The grant of stay relief was premature and based on incomplete and impeached documentation.

## II. STANDARD FOR RECONSIDERATION

Under Fed. R. Bankr. P. 9023, a motion to reconsider may be granted upon a showing of manifest error of law or fact, newly discovered evidence, or changed circumstances. The Court also retains inherent equitable authority to revisit orders when material evidence was not before the Court or subsequent developments alter the factual or legal landscape.

## III. FACTUAL BACKGROUND AND COLLATERAL ATTACK ON MOVANT'S PAPER

A. The 2020 "True Original Copy" in the O'Leary Sworn Affidavit

In 2020, Movant submitted Attorney Edward P. O'Leary's **sworn affidavit** ("O'Leary Sworn Affidavit") in Merrimack County Superior Court, Docket No. 217-2020-CV-00299. Attached to that affidavit was a document

identified as a "true and accurate copy" of Petitioner's December 26, 2006 promissory note. That version contained:

- **No endorsements**
- **No allonge**

This was Movant's sworn representation of the enforceable note in 2020.

B. The 2025 "Upgraded" Note in Proof of Claim 5

In 2025, Movant now presents a drastically different version of the same note, attached to Proof of Claim No. 5:

1. Endorsement from Aegis Lending Corporation to Aegis Mortgage Corporation;

2. Endorsement to U.S. Bank National Association as Trustee;

3. A new allonge executed by Select Portfolio Servicing, Inc.

These endorsements and the allonge did **not** appear in the sworn 2020 filing.

C. The Paper Trail Shows a Compromised Chain of Title

The contradiction between:

- The 2020 "True Original Copy" in the O'Leary Sworn Affidavit (no endorsements), and
- The 2025 endorsed/allonged version in Claim 5, raises material questions about authenticity, timing, authority, and standing. The Court did not have this impeaching evidence when granting stay relief.

D. Former Counsel's Failure to Present the Evidence

Prior counsel failed to present the 2020 "True Original Copy" and related affidavit, resulting in an incomplete record.

This omission affected the ruling and provides grounds for reconsideration.

IV. LEGAL GROUNDS FOR RECONSIDERATION

A. Material Evidence Was Not Before the Court

The O'Leary Sworn Affidavit and attached note directly impeach Claim 5 and destroy any presumption of validity under Rule 3001. This new evidence requires an evidentiary hearing.

B. Counsel's Failure and Movant's Prior Sworn Statements Alter the Circumstances

The conflict between versions of the note, combined with counsel's omissions, constitutes a significant change in factual circumstances.

C. Petitioner's Ability to Cure Provides Adequate Protection

Petitioner can cure arrears through an amended Chapter 13 plan, resume payments, seek modification, or list the property for sale.

D. U.C.C. and Rule 3001 Require Strict Proof

Movant must prove authenticity and proper negotiation of the note, including the timing and authority of endorsements.

V. MOVANT'S BURDEN

Movant must reconcile why a non-endorsed 2020 "True Original Copy," sworn under oath by Attorney O'Leary, now appears in a fully endorsed and allonged form. Absent clear evidence, the endorsements appear post hoc.

VI. WHEREFORE

Petitioner respectfully requests that this Court:

A. Vacate the November 26, 2025 Order granting stay relief;

B. Reinstate the automatic stay;

C. Grant an evidentiary hearing regarding standing and authenticity;

D. Deny or condition further stay relief pending proof of standing;

E. Order production of all transfer, custodial, and securitization documents;

F. Consider sanctions for presenting inconsistent versions of the note; and

G. Grant such other relief as is just and proper.

Respectfully submitted,

/s/ Brian J. Goodman, Sr.

Brian J. Goodman, Sr.

Petitioner, pro se

_____

_____