# EXHIBIT A

STATE OF NEW HAMPSHIRE

MERRIMACK COUNTY, ss.                           SUPERIOR COURT

Docket No. 217-2020-CV-00299

U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I
Trust 2007-HE4, Asset-Backed Certificates, Series 2007-HE4
60 Livingston Avenue
St. Paul, MN 55107

Plaintiff,

v.

BRIAN J. GOODMAN
72 Hall Street
Concord, NH 03301

Defendant,

CONCORD HOSPITAL
250 Pleasant St,
Concord, NH 03301

Defendant/Party-in-Interest.

## AFFIDAVIT OF EDWARD P. O'LEARY

I, Edward P. O'Leary, hereby declare and state as follows:

1. I am more than 18 years old and I am competent to testify regarding the facts set forth in this affidavit.

2. I am an attorney licensed to practice law in the State of New Hampshire, in good standing, where I have been practicing since 1987.

3. Plaintiff U.S. Bank National Association retained Harmon Law Offices, P.C. to represent its interests in this declaratory judgment action.

4. I am an attorney at Harmon Law Offices, P.C., and I am the attorney of record for the plaintiff in this action.

202004-0010

104

105

5. This affidavit is made upon my review of records made and kept in the ordinary course of business by Harmon Law Offices, P.C.

6. The business records I reviewed were made at the time of such act, transaction, occurrence, or event recorded therein or within a reasonable time thereafter and were prepared prior to the initiation of this action.

7. Attached hereto as Exhibit A is a true and accurate copy of a fixed rate promissory note signed by Brian J. Goodman on December 26, 2006 before a New Hampshire Notary Public.

Signed under the pains and penalties of perjury on this 18th day of August, 2020.

Edward P. O'Leary, Bar #4107
HARMON LAW OFFICES, P.C.
150 California Street
Newton, MA 22458
Date: August 18, 2020         (617) 558-6109

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF MIDDLESEX ss.                           August 18, 2020

On this 18th day of August, 2020, before me, the undersigned notary public, personally appeared Edward P. O'Leary, proved to me through satisfactory evidence of identification, which were <u>United States District Court District of New Hampshire Id. #4107</u> (form of identification) to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

Capacity:

_Jessica Mosley Johnson_                                (Sign and Affix Seal)

My commission expires 4/29/2022



2

106

# EXHIBIT A



Loan No: [REDACTED]
Borrower: BRIAN J GOODMAN



Data ID: 767

MIN: [REDACTED]

## BALLOON NOTE
(FIXED RATE)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

December 26, 2006                              CONCORD                    NEW HAMPSHIRE
                                                 [City]                       [State]

72 HALL ST
CONCORD, NEW HAMPSHIRE 03301
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 230,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is AEGIS LENDING CORPORATION. I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.640%.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the first day of each month beginning on February 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on January 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at P.O. BOX 422039, HOUSTON, TX 77242-2039 or at a different place if required by the Note Holder.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3260  1/01
(Page 1 of 4 Pages)

108

Loan No: ███████                                                                                     Data ID: 767

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 1,369.56.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may prepay all or any part of the unpaid balance of the principal at any time, in which event Note Holder may, at its option and as permitted by law, if prepayment occurs within 3 years after the execution of this Note, assess a prepayment penalty on the amount in excess of 20 percent of the original loan amount that is prepaid in any 12-month period. The prepayment penalty shall be in an amount equal to 6 months' advance interest on the amount prepaid in excess of 20 percent of the original loan amount of this Note.

If this Note is not in default, the Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

By accepting partial payment of any payment, Note Holder does not waive the right to collect the remainder of such payment. Acceptance of any payment after maturity, or waiver of any breach or default of the terms of this Note shall not constitute a waiver of any later or other breach or default, and failure of Note Holder to exercise any of its rights shall not constitute waiver of such rights.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Acceleration
If I am in default, the Note Holder may without notice or demand, unless otherwise required by applicable law, require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount.

(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees. The Borrower may be awarded reasonable attorney's fees if the Borrower prevails in an action brought by the Lender or the Borrower. In addition, if the Borrower successfully asserts a partial defense, set-off or counterclaim to an action brought by the Lender, the court may withhold from the Lender the entire amount or such portion the court deems equitable.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna                                                       Form 3260  1/01

Loan No: ▮▮▮▮▮▮▮▮                                                                    Data ID: 767

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of notice of acceleration, Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

   Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

   If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

## 11. ATTORNEYS' FEES

Pursuant to New Hampshire Revised Statutes Annotated § 361-C:2, in the event that Borrower shall prevail in (a) any action, suit or proceeding, brought by Lender, or (b) an action brought by Borrower, reasonable attorneys' fees shall be awarded to Borrower. Further, if Borrower shall successfully assert a partial defense or set-off, recoupment or counterclaim to an action brought by Lender, a court may withhold from Lender the entire amount or such portion of its attorneys' fees as the court shall consider equitable.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Modified by Moolsberg, Riddle & Giarmo                                              Form 3260  1/01

110

Loan No: [REDACTED]                                                                 Data ID: 767

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

............................................................(Seal)
BRIAN J GOODMAN — Borrower

[Sign Original Only]

/1/

MULTISTATE BALLOON FIXED RATE NOTE

## U.S. Bank National Association v. Brian Goodman

From: "Edward P. O'Leary" <eoleary@harmonlaw.com>
Date: 08/18/2020 15:44
To: "carussell76@myfairpoint.net" <carussell76@myfairpoint.net>
Cc: Apoorva Joshi <ajoshi@harmonlaw.com>

Good afternoon Attorney Russell,

I've attached an un-redacted copy of the Balloon Note relating to the declaratory judgment action noted above. If you have any questions, please contact Apoorva Joshi or me.

Thanks,
Ed


Edward P. O'Leary, Esq.
Harmon Law Offices, P.C.
150 California Street
Newton, MA  02458
Tel. (617) 558-6109
eoleary@harmonlaw.com

The information contained in this e-mail may be confidential and may be subject to the attorney-client privilege and/or the work product doctrine. It may also be private and/or confidential information protected under state and federal laws. As such, it is solely for the addressee. Access to this e-mail by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. Please notify the sender if you have inadvertently received this e-mail prior to deleting it. If you no longer want to receive this email please send an email to: stopemail@harmonlaw.com and you will be removed from our list within 5 business days.

**Attachments ( 1 file, 398.3 KB)**
 - Goodman - Note.pdf   (398.3 KB)


A TRUE ORIGINAL DOCUMENT TO BE
ORIGINAL COPY

Loan No: 4002879317  
Borrower: BRIAN J GOODMAN

Data ID: 767

# BALLOON NOTE
## (FIXED RATE)

MIN: 100055140028793178

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

December 26, 2006                         CONCORD                 NEW HAMPSHIRE
                                           [City]                    [State]

72 HALL ST  
CONCORD, NEW HAMPSHIRE 03301  
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 230,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is AEGIS LENDING CORPORATION. I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.640%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on February 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on January 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. BOX 422039, HOUSTON, TX 77242-2039 or at a different place if required by the Note Holder.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - **FANNIE MAE UNIFORM INSTRUMENT**  
Modified by Middleberg, Riddle & Gianna

Form 3260  1/01  
(Page 1 of 4 Pages)



113

Loan No: 4002879317                                                                                      Data ID: 767

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 1,369.56.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may prepay all or any part of the unpaid balance of the principal at any time, in which event Note Holder may, at its option and as permitted by law, if prepayment occurs within 3 years after the execution of this Note, assess a prepayment penalty on the amount in excess of 20 percent of the original loan amount that is prepaid in any 12-month period. The prepayment penalty shall be in an amount equal to 6 months' advance interest on the amount prepaid in excess of 20 percent of the original loan amount of this Note.

If this Note is not in default, the Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

By accepting partial payment of any payment, Note Holder does not waive the right to collect the remainder of such payment. Acceptance of any payment after maturity, or waiver of any breach or default of the terms of this Note shall not constitute a waiver of any later or other breach or default, and failure of Note Holder to exercise any of its rights shall not constitute waiver of such rights.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Acceleration
If I am in default, the Note Holder may without notice or demand, unless otherwise required by applicable law, require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount.

(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees. The Borrower may be awarded reasonable attorney's fees if the Borrower prevails in an action brought by the Lender or the Borrower. In addition, if the Borrower successfully asserts a partial defense, set-off or counterclaim to an action brought by the Lender, the court may withhold from the Lender the entire amount or such portion the court deems equitable.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3260  1/01
(Page 2 of 4 Pages)

114

Loan No: 4002879317                                                                                           Data ID: 767

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of notice of acceleration, Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

### 11. ATTORNEYS' FEES

Pursuant to New Hampshire Revised Statutes Annotated § 361-C:2, in the event that Borrower shall prevail in (a) any action, suit or proceeding, brought by Lender, or (b) an action brought by Borrower, reasonable attorneys' fees shall be awarded to Borrower. Further, if Borrower shall successfully assert a partial defense or set-off, recoupment or counterclaim to an action brought by Lender, a court may withhold from Lender the entire amount or such portion of its attorneys' fees as the court shall consider equitable.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT
**Modified by Middleberg, Riddle & Gianna**

Form 3260  1/01
(Page 3 of 4 Pages)



Loan No: 4002879317

Data ID: 767

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

..........................................(Seal)
BRIAN J GOODMAN —Borrower

[Sign Original Only]

MULTISTATE BALLOON FIXED RATE NOTE - Single Family - FANNIE MAE UNIFORM INSTRUMENT

116

# EXHIBIT B

Loan No: ▮▮▮▮  
Borrower: BRIAN J GOODMAN

Data ID: ▮▮▮▮

# BALLOON NOTE
(FIXED RATE)

MIN: 

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

December 26, 2006                               CONCORD              NEW HAMPSHIRE
                                                  [City]                  [State]

72 HALL ST  
CONCORD, NEW HAMPSHIRE 03301  
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 230,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is AEGIS LENDING CORPORATION. I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.640%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments  
I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on February 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on January 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. BOX 422039, HOUSTON, TX 77242-2039 or at a different place if required by the Note Holder.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT  
Modified by Middleberg, Riddle & Gianna

Form 3260  1/01  
(Page 1 of 4 Pages)

INITIALS: ▮▮▮

Loan No: █████████                                                                              Data ID: ███

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 1,369.56.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may prepay all or any part of the unpaid balance of the principal at any time, in which event Note Holder may, at its option and as permitted by law, if prepayment occurs within 3 years after the execution of this Note, assess a prepayment penalty on the amount in excess of 20 percent of the original loan amount that is prepaid in any 12-month period. The prepayment penalty shall be in an amount equal to 6 months' advance interest on the amount prepaid in excess of 20 percent of the original loan amount of this Note.

If this Note is not in default, the Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

By accepting partial payment of any payment, Note Holder does not waive the right to collect the remainder of such payment. Acceptance of any payment after maturity, or waiver of any breach or default of the terms of this Note shall not constitute a waiver of any later or other breach or default, and failure of Note Holder to exercise any of its rights shall not constitute waiver of such rights.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Acceleration
If I am in default, the Note Holder may without notice or demand, unless otherwise required by applicable law, require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount.

(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees. The Borrower may be awarded reasonable attorney's fees if the Borrower prevails in an action brought by the Lender or the Borrower. In addition, if the Borrower successfully asserts a partial defense, set-off or counterclaim to an action brought by the Lender, the court may withhold from the Lender the entire amount or such portion the court deems equitable.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3260  1/01
(Page 2 of 4 Pages)

INITIALS: ___

Loan No: ▮  Data ID: ▮

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of notice of acceleration, Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

**11. ATTORNEYS' FEES**

Pursuant to New Hampshire Revised Statutes Annotated § 361-C:2, in the event that Borrower shall prevail in (a) any action, suit or proceeding, brought by Lender, or (b) an action brought by Borrower, reasonable attorneys' fees shall be awarded to Borrower. Further, if Borrower shall successfully assert a partial defense or set-off, recoupment or counterclaim to an action brought by Lender, a court may withhold from Lender the entire amount or such portion of its attorneys' fees as the court shall consider equitable.

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - **FANNIE MAE UNIFORM INSTRUMENT**
Modified by Middleberg, Riddle & Gianna

Form 3260 1/01
(Page 3 of 4 Pages)

INITIALS: _[signature]_ _____

Loan No: █████████                                    Data ID: ████

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

........................................................(Seal)
BRIAN J GOODMAN —Borrower

[Sign Original Only]

[Notary seal: LUANNA RAE GRATZER, NOTARY PUBLIC, STATE OF NEW HAMPSHIRE, My Commission Expires May 7, 2011]

PAY TO THE ORDER OF
AEGIS MORTGAGE CORPORATION
WITHOUT RECOURSE
AEGIS LENDING CORPORATION
By: Trymeka McCoy
TRYMEKA McCOY
ASSISTANT SECRETARY

PAY TO THE ORDER OF
U.S. Bank National *
WITHOUT RECOURSE
AEGIS MORTGAGE CORPORATION
By: Trymeka McCoy
TRYMEKA McCOY
ASSISTANT SECRETARY

* Association, as Trustee
for the registered holders
of Bear Stearns Asset
Backed Securities I Trust
2007-HE4 Asset-Backed
Certificates, Series 2007-HE4

**MULTISTATE BALLOON FIXED RATE NOTE** - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3260  1/01
(Page 4 of 4 Pages)

ALLONGE TO NOTE

Loan #: ███████
Borrower: BRIAN J GOODMAN
Date of Note: 12/26/2006
Loan Amount: $230,000.00
Property Address: 72 HALL ST, CONCORD, NEW HAMPSHIRE 03301
Original Lender: AEGIS LENDING CORPORATION

For value received, I hereby transfer, endorse and assign the within Note.

Pay to the order of


U.S. Bank NAtional Association, as trustee for the registered holders of the Bear Stearns Asset Backed securities I Trust 2007-HE4 Asset Backed Certificates ,Series 2007-HE4, By Select Portfolio Servicing, Inc. As Attorney in Fact

By: _____ *[signature]* _____
Name: __LUDJIN DELGADO__
Title: __DOCUMENT CONTROL OFFICER__