United States Bankruptcy Court
District of New Hampshire

In re:  Case No. 25-10233-KB
Brian J. Goodman, Sr.  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0102-1 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 11, 2025 | Form ID: pdf950 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 13, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Brian J. Goodman, Sr., 40 Hall St., Concord, NH 03301-3414 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 11, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew M. Dudley | jawill@chap13.com  karen@chap13.com;kalyn@chap13.com;ecfbrunswick@trustee13.com |
| Conner P Lang | on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust clang@orlans.com |
| Conner P Lang | on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity, but solely as Trustee of LSRMF MH Master Participation Trust II clang@orlans.com |
| Craig S. Donais | on behalf of Creditor Mark Plantier cdonais@wadleighlaw.com  emaloney@wadleighlaw.com;cdonais@recap.email |
| Donald William Seeley, Jr | on behalf of Creditor Wilmington Savings Fund Society FSB  not in its individual capacity but solely as Owner Trustee of CIM Trust 2025-NR-1, by Fay Servicing, LLC dseeley@hinshawlaw.com, cjalbert@hinshawlaw.com |

| District/off: 0102-1 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 11, 2025 | Form ID: pdf950 | Total Noticed: 1 |

Jamie Welch
    on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity, but solely as Trustee of LSRMF MH Master Participation Trust II ANHSOrlans@InfoEx.com, ecfaccount@orlans.com

Jamie Welch
    on behalf of Creditor U.S. Bank Trust Company  National Association, Not In Its Individual capacity But Solely In its capacity As Indenture Trustee of CIM Trust 2025-NR1 ANHSOrlans@InfoEx.com, ecfaccount@orlans.com

Jamie Welch
    on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust ANHSOrlans@InfoEx.com, ecfaccount@orlans.com

Jennifer L. Joubert
    on behalf of Creditor Shellpoint Mortgage Servicing jjoubert@bglaw.com

Joseph M. Dolben
    on behalf of Creditor U.S. Bank Trust Company  National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as successor Trustee to LaSalle Bank National Association, as Trustee for Bear St nhbk@harmonlaw.com

Kathleen McKenzie
    on behalf of Debtor Brian J. Goodman  Sr. kate@nhbankruptcy.com, kate@nhbankruptcy.com;sally@nhbankruptcy.com;raymondjdilucci@gmail.com

Lynne Rocheleau
    on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity, but solely as Trustee of LSRMF MH Master Participation Trust II ANHSOrlans@InfoEx.com, ecfaccount@orlans.com

Marcus E. Pratt
    on behalf of Creditor U.S. Bank Trust Company  National Association, Not In Its Individual capacity But Solely In its capacity As Indenture Trustee of CIM Trust 2025-NR1 bankruptcy@kordeassociates.com

Marcus E. Pratt
    on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust bankruptcy@kordeassociates.com

Marcus E. Pratt
    on behalf of Creditor US BANK TRUST NATIONAL ASSOCIATION  NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST bankruptcy@kordeassociates.com

Marcus E. Pratt
    on behalf of Creditor JPMorgan Chase Bank  National Association bankruptcy@kordeassociates.com

Office of the U.S. Trustee
    USTPRegion01.MR.ECF@usdoj.gov

TOTAL: 17

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:  Case No. 25-10233-KB
Chapter 13
Brian J. Goodman, Sr.,

    Debtor.

## ORDER DIRECTING THE DEBTOR TO NOTICE MOTIONS FOR HEARING

The Court has before it the Debtor's Motion to Strike Proof of Claim No. 11 (ECF No. 127), Refined Objection to Proof of Claim No. 11 (ECF No. 128), Stand-Alone Accounting Objection to Proof of Claim No. 11 (ECF No. 129) and Motion to Reconsider Order Granting Relief from Stay (ECF No. 142) (collectively, the "**Motions**"). LBR 7101(b) requires that, prior to filing any motion requiring a hearing, parties contact the courtroom deputy to reserve a hearing date and time. The Debtor did not do so. Moreover, none of the Motions were properly noticed for hearing: ECF Nos. 127, 128, and 129 were not noticed for hearing at all, while ECF No. 142 was improperly noticed for a contingent hearing, which is not permitted under AO 7104.

Accordingly, the Court orders that the Debtor shall notice each of the Motions for hearing after obtaining a hearing date from the courtroom deputy, and shall file and serve a notice of hearing in accordance with the LBRs. In the event that the Debtor fails to notice each of the Motions for hearing on or before **December 22, 2025**, each of the Motions will be terminated on the docket without further notice.

Date:   December 11, 2025        /s/ Kimberly Bacher
                                          Kimberly Bacher
                                          Chief Bankruptcy Judge