FILED 2025 DEC 22 PM 4:05
Clerk of the US Bankruptcy Court NH

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:
Brian J. Goodman,
Debtor.

Case No. 25-10233-KB
Chapter 13

_____

Brian J. Goodman,
Plaintiff,

v.

U.S. Bank Trust Company, National Association,
as successor in interest to U.S. Bank National Association,
as Trustee to LaSalle Bank National Association,
as Trustee for Bear Stearns Asset Backed Securities Trust 2007-HE4,
Asset Backed Certificates, Series 2007-HE4,

and

Select Portfolio Servicing, Inc.,
Defendants.

_____

ADVERSARY PROCEEDING NO. _____

**COMPLAINT FOR DECLARATORY RELIEF,**
**DETERMINATION OF VALIDITY AND ENFORCEABILITY OF LIEN,**
**AND DISALLOWANCE OF CLAIM**
**(FRBP 7001(2) and (9))**

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (K), and (O).
3. Venue is proper pursuant to 28 U.S.C. § 1409.
4. Plaintiff consents to the entry of final orders and judgment by this Court.

## II. PARTIES

5. Plaintiff Brian J. Goodman ("Debtor") is the debtor in the above-captioned Chapter 13 case.
6. Defendant U.S. Bank Trust Company, National Association ("U.S. Bank Trust") asserts a secured claim against real property located at 72 Hall Street, Concord, New Hampshire.
7. Defendant Select Portfolio Servicing, Inc. ("SPS") is the loan servicer claiming authority to collect and enforce the alleged obligation.

## III. FACTUAL ALLEGATIONS

8. Defendants filed Proof of Claim No. 5 asserting a secured claim and substantial arrears.
9. The Proof of Claim relies upon altered, inconsistent, and conflicting copies of a promissory note.
10. Endorsements and allonges attached to the note copies differ materially and do not establish a clear chain of title.
11. Defendants have failed to demonstrate that they are holders or persons entitled to enforce the note under UCC § 3-301.
12. To the extent Defendants assert enforcement rights based on a lost note theory, they have failed to satisfy the requirements of UCC § 3-309.
13. Any alleged transfer of the note and mortgage into the asserted securitized trust occurred, if at all, after the trust's closing date and is void or voidable.
14. Relief from stay was granted solely for the limited purpose of permitting foreclosure and did not adjudicate standing, claim validity, or lien enforceability.
15. A foreclosure sale has been noticed for February 4, 2026, creating imminent and irreparable harm absent judicial intervention.

**COUNT I**
Declaratory Judgment – Lack of Standing
(FRBP 7001(9))

2

16. Plaintiff realleges paragraphs 1 through 15.

17. Defendants lack standing and authority to enforce the note or mortgage.

18. Plaintiff seeks a declaration that Defendants are not persons entitled to enforce the instrument.

**COUNT II**

Determination of Validity, Priority, and Enforceability of Lien
(FRBP 7001(2))

19. Plaintiff realleges paragraphs 1 through 18.

20. The mortgage did not validly follow the note.

21. Any lien claimed by Defendants is invalid, unenforceable, or subject to limitation.

**COUNT III**

Disallowance of Claim
(11 U.S.C. § 502(b))

22. Plaintiff realleges paragraphs 1 through 21.

23. Defendants' claim is unenforceable under applicable non-bankruptcy law.

24. The claim must be disallowed in whole or in part.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter declaratory judgment that Defendants lack standing to enforce the note and mortgage;

B. Determine that Defendants' lien is invalid, unenforceable, or limited;

C. Disallow Defendants' Proof of Claim No. 5;

D. Grant temporary and permanent relief preventing foreclosure pending resolution of this adversary proceeding;

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Brian J. Goodman
Debtor / Plaintiff Pro Se
40 Hall St. Concord NH 03301
603-892-4841
preservationrlty@aol.com

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Brian J. Goodman,
Debtor.

Case No. 25-10233-KB
Chapter 13

Brian J. Goodman,
Plaintiff,

v.

U.S. Bank Trust Company, National Association, et al.,
Defendants.

Adversary Proceeding No. _____

SUMMONS

TO THE DEFENDANTS:

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.

You are required to file an answer to the complaint within 30 days after the date of issuance of this summons.
If you fail to respond, judgment by default may be entered against you.

Date Issued: _____

Clerk of the Bankruptcy Court
By: _____
Deputy Clerk