FILED 2026 JAN 16 PM3:06
Clerk of the US Bankruptcy Court NH

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Brian J. Goodman, Sr.    Bk. No. 25-10233-KB
Debtor    Chapter 13

**AMENDED CHAPTER 13 PLAN DATED JANUARY 16, 2026**

☑ **If this box is checked, this plan contains certain nonstandard provisions set out in paragraph 13 below. Any nonstandard provisions stated elsewhere in this plan are void.**

☐ **If this box is checked, this plan seeks to limit the amount of a secured claim based on a valuation of the collateral for the claim pursuant Federal Rule of Bankruptcy Procedure 3012. Details are set out in paragraph 7 below.**

☐ **If this box is checked, the debtor(s) will seek to avoid a judicial lien or non-possessory, nonpurchase-money security interest by separate motion to be filed in due course pursuant to Federal Rule of Bankruptcy Procedure 4003. Details are set out in paragraph 13 below.**

Debtor: Brian J. Goodman, Sr. _____   SS # xxx-xx-_4702___

1. **PLAN PAYMENTS**

   The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than __5___ years. This is a ____60_____ month plan.

   Debtor(s) will make regular payments to the Trustee as follows:

   $____0.00_____   per month for _____ months

   [and $_____   per month for _____ months.]

   Total of monthly plan payments:    $___0.00_____

   Debtor(s) will make additional payments(s) to the Trustee from other sources as specified below. Describe the source, estimated amount, and date of each anticipated payment.

   Lump-sum payment of approximately $40,000 from a court-approved sale/buyout of debtor's LLC interest (33–35 Pinecrest Circle), expected February 2026.

LBF 3015-1A (Eff. 08/08/2024)

In addition, for each year during the term of the plan, all tax refunds in excess of $_____ will be remitted within fourteen (14) days of receipt to the trustee as additional disposable income to fund the plan. Deviation from this requirement in a given year will be considered by the court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within thirty (30) days of the date of the filing of the tax return at issue.

2. **ADMINISTRATIVE CLAIMS**

   Trustee's fee pursuant to 11 U.S.C. § 1326 and debtor(s)' attorney's fees:

   A. Trustee's estimated fees and expense (10% of the total to be paid): $__Estimated__

   B. Attorney's fee and expenses requested to be paid through the plan, payable pursuant to *AO 2016-1*, notwithstanding 11 U.S.C. § 1325(a)(5)(B)(iii): $_0.00_Pro Se_

   C. Other: $_____

3. **DOMESTIC SUPPORT OBLIGATIONS**

   The following DSO claims will be paid in full through the plan:

   | Creditor | Estimated Total Prepetition Arrearage Claim |
   |---|---|
   | _NONE_____ | $_____ |
   | __NONE_____ | $_____ |

4. **PRIORITY CLAIMS**

   | Creditor | Interest Rate | Estimated Total Prepetition Claim |
   |---|---|---|
   | _NONE_____ | _____% | $_____ |
   | _NONE_____ | _____% | $_____ |

5. **SECURED CLAIMS (PRIMARY RESIDENCE)**

   Residence located at: ____40 Hall St Concord NH 03301_____

   Debtor(s) estimate the fair market value of such primary residence to be: $____265,000.00_____

   Since the debtor(s) seek to retain the collateral, and for the lien to remain in full force and effect, the claim will be treated in one of the following manners:

   ( )   Outside the plan. The mortgage is current and will continue to be directly payable by the debtor(s).

   OR

LBF 3015-1A (Eff. 08/08/2024)

( )  The mortgage is not current. Regular postpetition payments will be made directly by the debtor(s) and the prepetition arrearage only is to be paid through the plan, as follows:

| Mortgagee | Estimated Total Prepetition Arrearage |
|---|---|
| 1st _____ | $_____ |
| 2nd _____ | $_____ |
| 3rd _____ | $_____ |

OR

( X )  As set forth in paragraph 13 below.

6. **SECURED CLAIMS (OTHER)**

Current regular payments are to be made directly by the debtor(s). Prepetition arrearage amounts, if any, are to be paid through the plan:

| Name of Creditor | Description of Collateral | Estimated Total Prepetition Arrearage |
|---|---|---|
| ____SEE PARAGRAPH 13____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

7. **SECURED CLAIMS TO BE MODIFIED**

The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated. For purposes of Federal Rule of Bankruptcy Procedure 3015(g)(1), by confirming this plan, the Court is not making any determination under Federal Rule of Bankruptcy Procedure 3012 about the amount of a secured claim. Rather, the debtor(s) must file a separate motion consistent with Federal Rule of Bankruptcy Procedure 3012(b) and *LBR 3012-1* or *3012-2* as applicable.

Name of Creditor:     ___NONE_____
Collateral:                  _____
Valuation:                  _____
Proposed Treatment:  _____

Name of Creditor:     ____NONE_____
Collateral:                  _____
Valuation:                  _____
Proposed Treatment:  _____

8. **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

LBF 3015-1A (Eff. 08/08/2024)

Upon confirmation, the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

Name of Creditor:     ____NONE_____
Collateral:           _____
Name of Creditor:     ____NONE_____
Collateral:           _____

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor Property Description | Assumed/Rejected | Proposed Cure Amount/Period |
|---|---|---|
| _____NONE_____ | _____ | $_____ |
| _____NONE_____ | _____ | $_____ |

10. **UNSECURED CLAIMS**

Unsecured creditors' claims total $__TO BE DETERMINED_____ (including, if applicable, the unsecured portion of claims modified under paragraph 7). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion for authorization to pay certain claims. Unsecured creditors will begin receiving payment on a *pro rata* basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at 0%.

11. **GENERAL PLAN PROVISIONS**

   A. **Duty to Provide Tax Returns and Income Information:**

   1. For the entire term of the plan, the debtor(s) must provide a copy of each federal income tax return or each request for an extension to file such return, directly to the trustee within seven (7) days of the filing of such return or extension request with the taxing authority.

   2. The debtor(s) shall have a duty to keep the trustee advised as to the status of all federal income tax returns and tax refunds, including any Internal Revenue Service approved extension requests and shall respond to the trustee not later than sixty (60) days from the date of any written demand or inquiry from the trustee relating to such returns or refunds.

   3. If a debtor(s) is not required to file a federal income tax return for a particular tax year because of a lack of taxable income, then the debtor(s) must notify the trustee, in writing, that no tax return will be filed. The trustee must receive this written notification no later than April 15 of the calendar year in which the tax return would ordinarily have been due.

   B. **Allowance of Claims:** In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the debtor(s) or another party in interest successfully object to the proof of claim.

C. **Property of the Estate and Insurance:** All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. § 1306(b), the debtor(s) will remain in possession of all property of the estate unless a provision of this plan, or an order of this court, specifically states otherwise. The debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the debtor(s)' property.

D. **Retention of Lien:** All secured creditors shall retain the liens securing their claims unless otherwise stated.

E. **Application of Payments Under This Plan:**

   1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the debtor(s)' mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

   2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies trustee payments to postpetition costs and fees without prior approval of this court, such actions may be a violation of 11 U.S.C. § 524(i).**

F. **Duty of Mortgage Servicer to Provide Loan Information:**

   1. Upon written request of the debtor(s), any mortgage servicer or its successor shall provide to the debtor(s) and/or the debtor(s)' attorney all information with respect to the debtor(s)' mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes.

      The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the debtor(s) properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The debtor(s) shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

   2. Upon written request of the debtor(s)' counsel, any of the information requested to be provided to the debtor(s) in paragraph F(1) above shall also be provided to the debtor(s)' counsel.

G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

   1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within fourteen (14) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided

therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor(s) or to the attorney for the debtor(s).

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

12. **LIQUIDATION ANALYSIS**

In the event of a liquidation under chapter 7, I/we would claim the state/federal exemptions, based upon which unsecured creditors would receive 0%.

A. **REAL ESTATE: Residential**, located at: _____

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total non-exempt value: | $_____ |

B. **REAL ESTATE: Non-residential**, located at: _____

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total non-exempt value: | $_____ |

C. **NON-EXEMPT TANGIBLE ASSETS:**

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total non-exempt value: | $_____ |

D. **NON-EXEMPT INTANGIBLE ASSETS:**

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|

LBF 3015-1A (Eff. 08/08/2024)

    _____    $_____    $_____    $_____    $_____

    Total non-exempt value:    $_____

13. **SPECIFIC NONSTANDARD PLAN PROVISIONS**

Under Federal Rule of Bankruptcy Procedure 3015(c), nonstandard provisions must be set forth below. "Nonstandard provision" means a provision deviating from or not otherwise included in *LBF 3015-1A*. Nonstandard provisions not set forth below are void.

☐ ~~If this box is checked, the debtor(s) propose to enter into a consensual loan modification with _____. To the extent that the treatment of the secured creditor within the plan relies on the existence of such a loan modification, the debtor(s) may not oppose a motion for relief from the automatic stay filed by the secured creditor, based solely on the proposed loan modification.~~

    a. This plan is funded in part by a pending court-approved sale/buyout of the debtor's membership interest in an LLC associated with 33–35 Pinecrest Circle. Net proceeds are estimated at approximately $40,000 and are expected to be received in February 2026, subject to court approval.

    b. Upon receipt, sale proceeds shall be paid to the Chapter 13 Trustee to cure all delinquent pre-confirmation trustee payments and to fund plan feasibility.

    c. Properties for which relief from the automatic stay has been granted, including 40 Hall Street and 72 Hall Street, are not treated as protected by this plan. Nothing herein re-imposes the automatic stay or admits the validity, amount, or enforceability of any claim.

    d. Debtor shall comply with court-ordered adequate protection or conditional payments for 42 Hall Street ($1,171.56) and 56 East Side Road ($1,450.81) on or before February 13, 2026, pursuant to orders entered January 7 and January 8, 2026.

    e. Debtor reserves all rights to object to proofs of claim and to prosecute pending adversary proceedings. No provision of this plan constitutes an admission.

    f. This is the debtor's first amended plan filed pro se following withdrawal of prior counsel and reflects materially changed circumstances.

LBF 3015-1A (Eff. 08/08/2024)

I/We declare under penalty of perjury that the foregoing is true and correct.

Date: January 16, 2026

_____
Debtor Signature

Brian J. Goodman, Sr.
Debtor, Pro Se

By filing this plan, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s), certify that this plan contains no nonstandard provisions other than those set out above in paragraph 13. "Nonstandard provision" means a provision deviating from or not otherwise included in *LBF 3015-1A*.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Brian J Goodman, Sr.
Debtor.

Case No. 25-10233-KB
Chapter 13

### NOTICE OF CONTINGENT HEARING ON CONFIRMATION
### (RESPONSE REQUIRED)

Please take notice that on February 20, 2026 at 9:00 A.M., the debtor's plan dated January 16, 2026 is scheduled for a hearing on confirmation pursuant to 11 U.S.C. § 1324 before the Hon. Kimberly Bacher, or any judge that may be sitting in that judge's place, at **either** the United States Bankruptcy Court, Courtroom A, Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Concord, New Hampshire, or via Zoom as described below.

**To appear by Zoom via video,** go to this link: https://www.zoomgov.com and then enter the Meeting ID and Passcode listed below.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-646-828-7666 or 1-669-254-5252 and then enter the Meeting ID and Passcode listed below.

**The Meeting ID for this hearing is 160 462 2499, and the Passcode is 760398. The Meeting ID and Passcode can also be found on the court's website.**

An order confirming the plan will be binding on all parties pursuant to 11 U.S.C. § 1327, except as provided by 11 U.S.C. § 1329.

**YOUR RIGHTS MAY BE AFFECTED. You should read the attached plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.** If you have no objection to the confirmation of the debtor's plan dated January 16, 2026, no action is required by you. If you do object to the plan, or if you wish to be heard, you must file a written objection with the Clerk, United States Bankruptcy Court, Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Room 200, Concord, NH 03301 on or before February 6, 2026.

A copy of your objection or response must be mailed or delivered to the undersigned debtor or debtor's attorney at the address set forth below, the chapter 13 trustee, and the United States Trustee, and a certificate of such action must be filed with the clerk. If you file an objection or response, you must also appear at the hearing on the date and time set forth above. **If no objections are filed by the objection deadline stated above, February 6, 2026, the court may enter an order confirming the plan without a hearing.**

Date: _____January 16, 2026__

Signature
Brian J Goodman, Sr.
Debtor, Pro Se
40 Hall St Concord NH 03301
603-892-4841
preservationrlty@aol.com

LBF 3015-1B (Eff. 10/01/2024)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Brian J. Goodman, Sr.,
Debtor

Case No.: 25-10233-KB
Chapter: 13

Hearing Date: 02/20/26

Hearing Time: 9:00 A.M.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, I served a true and correct copy of the Amended Chapter 13 Plan in the above-captioned case by first-class United States mail, postage prepaid, upon all creditors and parties in interest at the addresses listed on the Court's official mailing matrix.

I further certify that I am filing the Amended Chapter 13 Plan and this Certificate of Service in person at the Clerk's Office, as I do not have CM/ECF filing privileges.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 16, 2026

_____
Brian J. Goodman, Sr.
Debtor Pro Se