UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE (Concord)

| In Re: | Case Number 25-10233-KB |
|---|---|
| Brian J. Goodman, Sr. | Chapter 13 |

**OBJECTION OF US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST TO DEBTOR'S AMENDED CHAPTER 13 PLAN**

Now comes US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Secured Creditor") and hereby files this Objection to the Debtor's Amended Chapter 13 Plan. As grounds for said Objection, Secured Creditor states the following:

1. Secured Creditor is the holder of a mortgage encumbering the property located at *33-35 Pinecrest Circle, Concord, NH 03301* (the "Property"), originally given by Brian J. Goodman, Sr. (a/k/a Brian J. Goodman) (the "Debtor") to Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation (the "Mortgage"). The Mortgage is dated June 6, 2007 and is recorded in Merrimack County Registry of Deeds in Book 2994, Page 871. Thereafter, the Mortgage was assigned to Secured Creditor. NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") is the current servicer for this loan on behalf of Secured Creditor.

2. The Mortgage secures a promissory note given by the Debtor to First Magnus Financial Corporation in the original principal amount of $231,000.00 (the "Note"). Secured Creditor and/or its custodian and/or agent is, as of the date hereof, in possession of the Note. Secured Creditor is an entity entitled to enforce the Note.

3. The Debtor's Chapter 13 Petition was filed on April 11, 2025.

4. On or about June 20, 2025, Secured Creditor filed a timely Proof of Claim [Claim No. 12] setting forth a total debt claim of $269,892.52 and a pre-petition arrearage of $68,052.16.

5. On or about January 16, 2026, the Debtor filed an Amended Chapter 13 Plan [Doc. No. 183]. The Debtor's proposed Plan is for a sixty (60) month term, but fails to provide for a regular monthly payment to the Chapter 13 Trustee in Part 2 as required. Additionally, the Debtor's Plan does not propose to tender any funds towards Secured Creditor's pre-petition arrearage or for the maintenance of post-petition mortgage payments directly to Secured Creditor as such payments come due during the pendency of this Chapter 13 case in Part 5. Instead, Parts 2 and 13 exclusively contemplate a "sale/buyout of the [D]ebtor's membership interest in an LLC," which projects to yield an estimated $40,000.00 in proceeds to be used to fund the proposed Plan.[1]

6. The Debtor's proposed Amended Chapter 13 Plan does not appropriately provide for the curing of Secured Creditor's pre-petition arrearage or for the maintenance of post-petition mortgage payments. Secured Creditor asserts that the Debtor has no basis for proposing a Plan which fails to state that such payments are to be made. (Secured Creditor acknowledges that Fosterville Properties LLC is the owner of the Property of record by virtue of the deed recorded in Merrimack County Registry of Deeds in Book

---

[1] Secured Creditor presumes that this transaction refers to the same transaction referenced in the Motion to Approve filed on January 20, 2026 [Doc. No. 184], which remains pending as of the filing of this Objection.

19-036195 / BK03

3884, Page 2104 on March 21, 2025, but maintains that any transfer of the Property is/was subject to the Mortgage; further, the Debtor remains obligated under the Note.) As the proposed Chapter 13 Plan fails to appropriately provide for the cure of the full pre-petition arrears owed to Secured Creditor and/or the maintenance of post-petition payment obligations pursuant to the due date set forth in the Note, and per the explicit terms of the Note and Mortgage at issue, the proposed Plan violates 11 U.S.C. § 1322(b)(5).

7. Additionally, Secured Creditor objects to the Debtor's proposed Plan insofar as the Debtor has no basis for proposing a Plan which contains a lump sum payment(s) to the Trustee in violation of 11 U.S.C. § 1325(a)(5), which otherwise contemplates periodic payments to a Chapter 13 Trustee in equal monthly amounts. This is notable insofar as the proposed Plan does not contemplate monthly plan payments to the Chapter 13 Trustee, instead relying exclusively upon the proceeds from the "sale/buyout of the [D]ebtor's membership interest in an LLC" for funding.

8. Further, while Secured Creditor has no objection to the general premise of the transaction that the Debtor is using as a means of funding of the proposed Plan, the Debtor's proposed Plan as currently constituted is not feasible. The Debtor has the initial burden of demonstrating that the Plan has a reasonable likelihood of success. *In re Fantasia,* 211 B.R. 420 (1st Cir. BAP 1997). The Debtor cannot satisfy this burden based on the terms of the proposed Chapter 13 Plan that is before this Court, which is woefully underfunded based upon the exclusive $40,000.00 disbursement contemplated (even if it was to be permitted).

WHEREFORE, Secured Creditor respectfully requests that the Court:

(1) Withhold confirmation of the Debtor's Amended Chapter 13 Plan until the Debtor files a further Amended Plan which addresses this Objection; and/or

(2) Grant such other relief as the Court deems just and proper.

Dated: January 28, 2026

Respectfully submitted,
US Bank Trust National Association, Not
In Its Individual Capacity But Solely As
Owner Trustee For VRMTG Asset Trust
By its attorney,

/s/ Marcus E. Pratt
Marcus E. Pratt, Esquire
NH Bar #21206, BNH #07275
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com

19-036195 / BK03

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE (Concord)

| In Re: | Case Number 25-10233-KB |
| Brian J. Goodman, Sr. | Chapter 13 |

## CERTIFICATE OF SERVICE

I, Marcus E. Pratt, Attorney for **US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust** hereby certify that on January 28, 2026 I electronically filed the foregoing *Objection to Debtor's Amended Chapter 13 Plan* with the United States Bankruptcy Court for the District of New Hampshire using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

Office of the U.S. Trustee
Andrew Dudley, Trustee

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Brian J. Goodman, Sr.
40 Hall Street
Concord, NH 03301

/s/ Marcus E. Pratt
Marcus E. Pratt, Esquire
NH Bar #21206, BNH #07275
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com

19-036195 / BK03