UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                    Case No. 25-10233-KB
                                                          Chapter 13
Brian J. Goodman Sr.,

            Debtor.


## ORDER

The Court has before it the Debtor Brian J. Goodman Sr.'s Motion for Authority to Approve Buy-Out of Debtor's Interest and Direct Payment of Proceeds to Chapter 13 Trustee (ECF No. 184) (the "**Motion**"). The Motion requests authority to sell the Debtor's interest in real property at 33–35 Pinecrest Circle, Concord, New Hampshire 03301 (the "**Property**") to Fosterville Properties, LLC ("**Fosterville**"), with projected proceeds of $40,000 to be paid directly to the Chapter 13 Trustee, as contemplated in the Debtor's plan. *See* ECF No. 183.

The Property is subject to a mortgage and note in favor of JP Morgan Case Bank, NA; the mortgage servicer is Shellpoint Mortgage Servicing ("**Shellpoint**"). Claim No. 12-1. Shellpoint objected to the Motion (ECF No.193) (the "**Objection**"), arguing that the Motion fails to provide a sale price, whether Shellpoint's lien will be paid in full, and other pertinent information. Shellpoint also noted that the Debtor transferred his interest in the Property to Fosterville shortly before filing this bankruptcy case, meaning the Property may not be property of the estate.

On February 17, 2026, the Debtor filed a Supplement to the Motion (ECF No. 194) (the "**Supplement**"). According to the Supplement, the transaction contemplated in the Motion will result in Shellpoint receiving payment in full, with proceeds being remitted first to Shellpoint, and no other funds being disbursed until Shellpoint is paid in full. The closing would be administered by Summit Title Services LLC, Bedford ("**Summit**"). The Debtor continues to

expect approximately $40,000 in net proceeds that will be remitted to the Chapter 13 Trustee upon closing.

The Court held a hearing on the Motion on February 18, 2026. At the hearing, the Debtor confirmed that Fosterville was the buyer. Shellpoint reiterated that the Motion lacked certain information, such as a purchase and sale agreement, but stated it did not oppose its claim being paid in full through the Motion. Accordingly, the Court orders that:

1. The Debtor is authorized to sell his interest in the Property to Fosterville on the terms outlined in the Motion; and

2.  Summit is authorized to remit any proceeds from the sale, after Shellpoint is paid in full, to the Chapter 13 Trustee.


Date:   February 18, 2026                    /s/ Kimberly Bacher
                                             Kimberly Bacher
                                             Chief Bankruptcy Judge