UNITED STATES BANKRUPTCY COURT DISTRICT OF NH
DISTRICT OF NEW HAMPSHIRE  FILED

2026 APR 10  P 4: 54

BK NH REPOSITORY

In re:

Brian J Goodman Sr _____ ,          Case No 25-10233-KB
Debtor                                  Chapter 13

### AMENDED CHAPTER 13 PLAN DATED April 10, 2026

☒ **If this box is checked, this plan contains certain nonstandard provisions set out in paragraph 13 below. Any nonstandard provisions stated elsewhere in this plan are void.**

☐ **If this box is checked, this plan seeks to limit the amount of a secured claim based on a valuation of the collateral for the claim pursuant Federal Rule of Bankruptcy Procedure 3012. Details are set out in paragraph 7 below.**

☐ **If this box is checked, the debtor(s) will seek to avoid a judicial lien or non-possessory, nonpurchase-money security interest by separate motion to be filed in due course pursuant to Federal Rule of Bankruptcy Procedure 4003. Details are set out in paragraph 13 below.**

Debtor: Brian J Goodman Sr_____        SS # xxx-xx-4702____
Joint Debtor:_____        SS # xxx-xx-_____

1. **PLAN PAYMENTS**

   The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than 5_____ years. This is a 60_____ month plan.

   Debtor(s) will make regular payments to the Trustee as follows:

   $200_____        per month for 60____ months

   [and $_____ per month for _____ months.]

   Total of monthly plan payments:$12,000

   Debtor(s) will make additional payments(s) to the Trustee from other sources as specified below. Describe the source, estimated amount, and date of each anticipated payment.

   _____

   In addition, for each year during the term of the plan, all tax refunds in excess of $ 2000_____ will be remitted within fourteen (14) days of receipt to the trustee as additional disposable income to fund the plan. Deviation from this requirement in a given year will be considered by the court only upon the

LBF 3015-1A (Eff. 02/01/2026)

filing of a motion asserting extenuating circumstances; any such motion must be filed within thirty (30) days of the date of the filing of the tax return at issue.

2. **ADMINISTRATIVE CLAIMS**

Trustee's fee pursuant to 11 U.S.C. § 1326 and debtor(s)' attorney's fees:

A. Trustee's estimated fees and expense (10% of the total to be paid):          $1200_____

B. Attorney's fee and expenses requested to be paid through the plan,
   payable pursuant to LBR 2016-1, notwithstanding 11 U.S.C. § 1325(a)(5)(B)(iii): $   0_____

C. Other:          $ 0_____

3. **DOMESTIC SUPPORT OBLIGATIONS**

The following DSO claims will be paid in full through the plan:

| Creditor | Estimated Total Prepetition Arrearage Claim |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

4. **PRIORITY CLAIMS**

| Creditor | Interest Rate | Estimated Total Prepetition Claim |
|---|---|---|
| _____ | _____% | $_____ |
| _____ | _____% | $_____ |

5. **SECURED CLAIMS (PRIMARY RESIDENCE)**

Residence located at: 40 Hall St Concord NH 03301_____

Debtor(s) estimate the fair market value of such primary residence to be: $ 250,000_____

Since the debtor(s) seek to retain the collateral, and for the lien to remain in full force and effect, the claim will be treated in one of the following manners:

( )    Outside the plan. The mortgage is current and will continue to be directly payable by the debtor(s).

OR

( )    The mortgage is not current. Regular postpetition payments will be made directly by the debtor(s) and the prepetition arrearage only is to be paid through the plan, as follows:

Estimated Total

LBF 3015-1A (Eff. 02/01/2026)

| Mortgagee | Prepetition Arrearage |
|---|---|
| 1st _____ | $ _____ |
| 2nd _____ | $ _____ |
| 3rd _____ | $ _____ |

OR

(X) As set forth in paragraph 13 below.

6. **SECURED CLAIMS (OTHER)**

Current regular payments are to be made directly by the debtor(s). Prepetition arrearage amounts, if any, are to be paid through the plan:

| Name of Creditor | Description of Collateral | Estimated Total Prepetition Arrearage |
|---|---|---|
| 42 Hall (Rushmore) | Single Family Home | $ unknown |
| 56 East (Fay ) | Single Family Home | $ unknown |
| _____ | | $ _____ |

7. **SECURED CLAIMS TO BE MODIFIED**

The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated. For purposes of Federal Rule of Bankruptcy Procedure 3015(g)(1), by confirming this plan, the Court is not making any determination under Federal Rule of Bankruptcy Procedure 3012 about the amount of a secured claim. Rather, the debtor(s) must file a separate motion consistent with Federal Rule of Bankruptcy Procedure 3012(b) and LBR 3012-1 or 3012-2 as applicable.

Name of Creditor: _____
Collateral: _____
Valuation: _____
Proposed Treatment: _____

Name of Creditor: _____
Collateral: _____
Valuation: _____
Proposed Treatment: _____

8. **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

Upon confirmation, the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

Name of Creditor: _____
Collateral: _____

LBF 3015-1A (Eff. 02/01/2026)

Name of Creditor: _____

Collateral: _____

9.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor Property Description | Assumed/Rejected | Proposed Cure Amount/Period |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

10. **UNSECURED CLAIMS**

Unsecured creditors' claims total $ unknown_(including, if applicable, the unsecured portion of claims modified under paragraph 7). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion for authorization to pay certain claims. Unsecured creditors will begin receiving payment on a *pro rata* basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at to be determined after claims__%.

11. **GENERAL PLAN PROVISIONS**

A. **Duty to Provide Tax Returns and Income Information:**

1. For the entire term of the plan, the debtor(s) must provide a copy of each federal income tax return or each request for an extension to file such return, directly to the trustee within seven (7) days of the filing of such return or extension request with the taxing authority.

2. The debtor(s) shall have a duty to keep the trustee advised as to the status of all federal income tax returns and tax refunds, including any Internal Revenue Service approved extension requests and shall respond to the trustee not later than sixty (60) days from the date of any written demand or inquiry from the trustee relating to such returns or refunds.

3. If a debtor(s) is not required to file a federal income tax return for a particular tax year because of a lack of taxable income, then the debtor(s) must notify the trustee, in writing, that no tax return will be filed. The trustee must receive this written notification no later than April 15 of the calendar year in which the tax return would ordinarily have been due.

B. **Allowance of Claims:** In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the debtor(s) or another party in interest successfully object to the proof of claim.

C. **Property of the Estate and Insurance:** All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. § 1306(b), the debtor(s) will remain in possession of all property of the estate unless a provision of this plan, or an order of this court, specifically states otherwise. The debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the debtor(s)' property.

LBF 3015-1A (Eff. 02/01/2026)

D. **Retention of Lien:** All secured creditors shall retain the liens securing their claims unless otherwise stated.

E. **Application of Payments Under This Plan:**

1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the debtor(s)' mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies trustee payments to postpetition costs and fees without prior approval of this court, such actions may be a violation of 11 U.S.C. § 524(i).**

F. **Duty of Mortgage Servicer to Provide Loan Information:**

1. Upon written request of the debtor(s), any mortgage servicer or its successor shall provide to the debtor(s) and/or the debtor(s)' attorney all information with respect to the debtor(s)' mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes.

   The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the debtor(s) properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The debtor(s) shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

2. Upon written request of the debtor(s)' counsel, any of the information requested to be provided to the debtor(s) in paragraph F(1) above shall also be provided to the debtor(s)' counsel.

G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within fourteen (14) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor(s) or to the attorney for the debtor(s).

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this court and each such creditor consents to such jurisdiction by failure to file any timely

LBF 3015-1A (Eff. 02/01/2026)

objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

12. **LIQUIDATION ANALYSIS**

In the event of a liquidation under chapter 7, I/we would claim the state/federal exemptions, based upon which unsecured creditors would receive_____%.

A. **REAL ESTATE: Residential**, located at: 40 Hall St Concord NH 03301_____

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Single Family | $ 290000 | $ unknown | $ | $ |
| | | | Total non-exempt value: | $ |

B. **REAL ESTATE: Non-residential**, located at: 42 Hall St and 56 East Side Rd

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Both single family home | $290k (each) | $ | $ | $ |
| | | | Total non-exempt value: | $ |

C. **NON-EXEMPT TANGIBLE ASSETS:**

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | | | Total non-exempt value: | $ |

D. **NON-EXEMPT INTANGIBLE ASSETS:**

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | | | Total non-exempt value: | $ |

LBF 3015-1A (Eff. 02/01/2026)

13. **SPECIFIC NONSTANDARD PLAN PROVISIONS**

Under Federal Rule of Bankruptcy Procedure 3015(c), nonstandard provisions must be set forth below. "Nonstandard provision" means a provision deviating from or not otherwise included in LBF 3015-1A. Nonstandard provisions not set forth below are void.

☐ If this box is checked, the debtor(s) propose to enter into a consensual loan modification with _____. To the extent that the treatment of the secured creditor within the plan relies on the existence of such a loan modification, the debtor(s) may not oppose a motion for relief from the automatic stay filed by the secured creditor, based solely on the proposed loan modification.

"See Exhibit A attached hereto and incorporated herein."

I/We declare under penalty of perjury that the foregoing is true and correct.

Date: APRIL 10th 2026_

_____
Debtor Signature

Date: 4/10/26

_____
Debtor Signature

By filing this plan, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s), certify that this plan contains no nonstandard provisions other than those set out above in paragraph 13. "Nonstandard provision" means a provision deviating from or not otherwise included in LBF 3015-1A.

LBF 3015-1A (Eff. 02/01/2026)

**EXHIBIT A**
**NONSTANDARD PLAN PROVISIONS (Paragraph 13)**

Debtor: Brian J. Goodman Sr.
Case No.: 25-10233-KB
Chapter 13

**40 Hall Street, Concord, New Hampshire (Primary Residence)**
Debtor intends to retain the property located at 40 Hall Street, Concord, New Hampshire. The automatic stay has been lifted as to this creditor. Debtor is actively negotiating with Fay Servicing regarding reinstatement, payoff, settlement, or refinance, and has recently obtained a payoff statement. The loan has been subject to extensive prior litigation and is currently the subject of an adversary proceeding and appeal. This claim is not being treated through the plan at this time, and Debtor reserves all rights.

**42 Hall Street, Concord, New Hampshire**
Debtor intends to retain this income-producing property. The property generates approximately $2,700 per month in rental income. Debtor is actively negotiating with the creditor regarding a stipulation or other agreement to resolve post-petition arrears and future payments and intends to maintain ongoing payments. Debtor seeks a feasible repayment structure consistent with the actual cash flow of the property so that any agreement can be performed.

**56 East Side Road, Northfield, New Hampshire**
Debtor intends to retain this income-producing property. The property generates approximately $1,800 per month in rental income. Debtor is actively working with the creditor to resolve post-petition arrears and maintain ongoing payments and is seeking a feasible resolution consistent with the property's cash flow. Debtor reserves the right to amend treatment as negotiations progress.

**General Provisions**
This amended plan is filed in good faith to comply with the Court's deadline and to provide an updated and accurate status of Debtor's ongoing efforts to preserve income-producing real estate, protect investments, and negotiate directly with secured creditors. Debtor is actively working to stabilize all properties and reach consensual resolutions where possible. Debtor reserves the right to amend this plan prior to confirmation as negotiations progress and additional claim information becomes available.

Date: April 10, 2026

Brian J. Goodman Sr.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Brian J Goodman Sr            ,                                    Case No 25-10233-KB
Debtor.                                                           Chapter 13

### NOTICE OF CONTINGENT HEARING ON CONFIRMATION
### (RESPONSE REQUIRED)

Please take notice that on [May 15, 2026 at 9:00 A.M. ], the debtor's plan dated April 10, 2026 __ is scheduled for a hearing on confirmation pursuant to 11 U.S.C. § 1324 before the Hon. Kimberly Bacher, or any judge that may be sitting in that judge's place, at **either** the United States Bankruptcy Court, Courtroom [A], Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Concord, New Hampshire, or via Zoom as described below.

**To appear by Zoom via video, go to this link: https://www.zoomgov.com and then enter the Meeting ID and Passcode listed below.**

**To appear by Zoom using a telephone, call Zoom for Government at 1-646-828-7666 or 1-669-254-5252 and then enter the Meeting ID and Passcode listed below.**

**The Meeting ID for this hearing is 160 462 2499, and the Passcode is 760398. The Meeting ID and Passcode can also be found on the court's website.**

An order confirming the plan will be binding on all parties pursuant to 11 U.S.C. § 1327, except as provided by 11 U.S.C. § 1329.

**YOUR RIGHTS MAY BE AFFECTED. You should read the attached plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.** If you have no objection to the confirmation of the debtor's plan dated April 10, 2026__, no action is required by you. If you do object to the plan, or if you wish to be heard, you must file a written objection with the Clerk, United States Bankruptcy Court, Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Room 200, Concord, NH 03301 on or before [May 1, 2026].

A copy of your objection or response must be mailed or delivered to the undersigned debtor or debtor's attorney at the address set forth below, the chapter 13 trustee, and the United States Trustee, and a certificate of such action must be filed with the clerk. If you file an objection or response, you must also appear at the hearing on the date and time set forth above. **If no objections are filed by the objection deadline stated above, [May 1, 2026], the court may enter an order confirming the plan without a hearing.**

Date: April 10, 2026_____

_____
Signature
Brian J Goodman Sr._____
Print Name
Address 40 Hall St Concord NH 03301_____

_____
Tel. No.  603-892-4841_____

LBF 3015-1B (Eff. 02/01/2026)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Brian J. Goodman Sr.
Case No: 25-10233-KB
Chapter 13

## CERTIFICATE OF SERVICE

I, Brian J. Goodman Sr., hereby certify that on April 10, 2026, I served a true and correct copy of the Amended Chapter 13 Plan dated April 10, 2026, including Exhibit A, and the Notice of Contingent Hearing on Confirmation, by depositing the same in the United States Mail, first-class postage prepaid, addressed to all parties listed on the Court's mailing matrix in this case.

I further certify that all parties in interest, including creditors, the Chapter 13 Trustee, and the United States Trustee, were served in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of New Hampshire.

Date: April 10, 2026

Brian J. Goodman Sr.
Debtor, Pro Se