**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

IN RE:

BRIAN J. GOODMAN, SR.,

      Debtor.

Case No. 25-10233-KB

Chapter 13

## OBJECTION TO CONFIRMATION

Now comes Creditor U.S. Bank Trust Company, National Association, Not In Its Individual capacity But Solely In its capacity As Indenture Trustee of CIM Trust 2025-NR-1, by Fay Servicing, LLC, ("Creditor"), which objects to the confirmation of the Amended Plan filed by Debtor on April 10, 2026 [ECF #213]. In support, Creditor states the following:

1. Creditor is the holder of a mortgage encumbering Debtor's real property commonly known as 40 Hall Street, Concord, MA (the "Property").

2. Creditor filed a motion for relief from the automatic stay in October 2025 relief was granted January 2026 [ECF #80 and #176]

3. The Amended Plan does not identify any source of income to fund the plan.

4. The Amended Plan specifically states that Creditor's claim is not being treated through the plan, but also indicates that he wishes to retain the Property.

5. The Amended Plan also does not set forth any ongoing payments to Creditor either to cure the arrearage or maintain the loan post-petition.

6. The Amended Plan further suggests that the Debtor reserves all rights to object to proofs of claim and to continue prosecuting adversary proceedings.

7. The Amended Plan does not include a liquidation analysis required by 11 U.S.C. § 1325(a)(4) or any provisions for the treatment of filed, unsecured claims.

8. The Amended Plan should be denied confirmation as it does not provide for the submission of all or such portion of future earnings or other income to the funding of the plan.

9. To the extent the Amended Plan proposes a treatment of Creditor's Claim, Creditor objects to the nonstandard treatment and prays that confirmation be denied on that basis.

10. Creditor asserts further that the Amended Plan should be denied as it has not been presented in good faith pursuant to 11 U.S.C. § 1325(a)(3). The Debtor's prior first amended plan he filed in January 2026 [Doc #183] (confirmation denied by Doc #200) contained substantially the same shortcomings as the Amended Plan in its failure to identify the source of income, and its failure to address treatment of Creditor's claim and unsecured claims.

11. The Amended Plan is the fourth plan proposed by the Debtor. The first [Doc #23] was denied confirmation in July 2025 [Doc #48]; the second [Doc #104] was denied confirmation in November 2025 [Doc #126]; and the third [Doc #183] was denied confirmation in February 2026 [Doc #200]. The Amended Plan does not meaningfully address the reasons for the denials of previous plans.

12. The Debtor's asserted reason for filing the Amended Plan is "to provide an updated and accurate status of Debtor's ongoing efforts to preserve income-producing real estate, protect investments, and negotiate directly with secured creditors" [Doc #213 at pg. 8]. This justification is in not in keeping with the purpose of a Chapter 13 plan set forth in 11 U.S.C. § 1322(a).

13. The Debtor's continued failure to file a meaningful plan that addresses the reasons for the non-confirmation of the plans that came before constitutes bad faith and represents a dilatory motive. While the Debtor can certainly negotiate with creditors to cure defaults

87233\329070480.v1

and resolve disputes concerning his properties, he is not permitted to abuse the Chapter 13 plan process by filing serially deficient Chapter 13 plans that omit any payment on filed claims, propping open a case where there is no reasonable prospect of a plan being confirmed. The Debtor is not treating the plan confirmation process as an opportunity to propose a reasonable treatment of his creditor's claims, but instead as an opportunity to provide a status report to this Court. Creditor believes that dismissal pursuant to 11 U.S.C § 1307 (c) is warranted, particularly under 1307(c)(1), (3), (4), and (5).

Wherefore, Creditor prays that the plan confirmation be denied and for any other such relief this Court deems meet and just.

Respectfully submitted,

U.S. Bank Trust Company, National Association, Not In Its Individual capacity But Solely In its capacity As Indenture Trustee of CIM TRUST 2025-NR1;
FAY SERVICING, LLC
By: Their Attorneys

*/s/ Patrick J. McDonald*
Patrick J. McDonald, #BNH07719
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7032
pmcdonald@hinshawlaw.com

Dated:        April 15, 2026

3

## <u>CERTIFICATE OF SERVICE</u>

I, Patrick J. McDonald, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

Joseph M. Dolben: nhbk@harmonlaw.com
Craig S. Donais: cdonais@wadleighlaw.com
Andrew M. Dudley, Trustee: jawill@chap13.com
Jennifer L. Joubert: jjoubert@bglaw.com
Conner P. Lang: clang@orlans.com
Office of the U.S. Trustee: USTPRegion01.MR.ECF@usdoj.gov
Marcus E. Pratt:  mpratt@kordeassociates.com
Lynne Rocheleau: ANHSOrlans@infoex.com
Jamie Welch: ANHSOrlans@infoex.com
Shawn M. Masterson: smasterson@cohencleary.com
Joseph M. Dolben: nhbk@harmonlaw.com
Lynne Roucheleau: lrocheleau@orlans.com

and paper copies will be sent to those indicated as non-registered participants on April 15, 2026.

Brian J. Goodman, Sr
40 Hall Street
Concord, NH 03301

/s/ Patrick J. McDonald
Patrick J. McDonald

4

87233\329070480.v1