UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

BRIAN J. GOODMAN, SR.,

Debtor.

Chapter 13

Case No. 25-10233-KB

Hon. Kimberly A. Bacher

## DEBTOR'S MOTION TO CONTINUE CONFIRMATION HEARING, TRUSTEE'S MOTION TO DISMISS, AND RELATED MATTERS

NOW COMES the Debtor, Brian J. Goodman, Sr., proceeding pro se, and respectfully requests that the Court continue the Confirmation Hearing presently scheduled for June 26, 2026, together with the Trustee's Motion to Dismiss and any related matters presently scheduled for hearing on that date, for a period of approximately fourteen (14) days. In support thereof, the Debtor states as follows:

1. The Debtor is proceeding pro se.

2. The Debtor has made diligent efforts to obtain legal representation but has recently been advised that anticipated counsel will be unable to undertake representation, requiring the Debtor to continue proceeding pro se while addressing the issues presently before the Court.

3. Since the filing of the Debtor's Amended Chapter 13 Plan, substantial developments have occurred affecting plan feasibility, treatment of creditor claims, and issues presently before the Court.

4. The Debtor has successfully resolved significant issues concerning 42 Hall Street, Concord, New Hampshire, including the withdrawal of a pending Motion for Relief from Stay and the implementation of a payment arrangement with the secured creditor.

5. The Debtor has made substantial payments toward preserving and maintaining 56 East Side Road, Northfield, New Hampshire and continues efforts to resolve remaining issues concerning that property.

6. The Debtor has obtained insurance documentation concerning the estate properties and is in the process of providing such documentation to the Chapter 13 Trustee. The Debtor respectfully requests a brief continuance to permit the Trustee to review the documentation and to allow the Debtor to supplement any additional information that may be requested.

7. The Chapter 13 Trustee has raised issues concerning the accounting and disposition of proceeds received from the Pinecrest buyout transaction. The Debtor is presently compiling a complete accounting and supporting documentation for presentation to the Trustee and the Court.

8. Objections to confirmation remain pending, including Docket Nos. 214 and 215. The Debtor requires a brief period to prepare responses and amend the plan to address developments that occurred after those objections were filed. In particular, the objection filed at Docket No. 215 was filed prior to the subsequent resolution of issues concerning 42 Hall Street, including the withdrawal of the related Motion for Relief from Stay and implementation of a payment arrangement with the secured creditor. The Debtor seeks an opportunity to amend the Plan to accurately reflect these material developments and address the remaining issues raised by creditors and the Trustee.

9. The Debtor continues efforts to resolve issues concerning 40 Hall Street and to determine the appropriate treatment of that property within an amended Chapter 13 Plan. The Debtor has submitted a Qualified Written Request, requested account information, and made repeated attempts to communicate regarding potential resolution of the claim. Despite those efforts, the Debtor has not yet received sufficient information or engagement necessary to formulate final treatment of the claim within the Plan. The Debtor respectfully seeks a brief continuance to continue those efforts and to incorporate any resulting developments into an amended Chapter 13 Plan.

10. The Debtor has also been required to devote substantial time and attention to related litigation and appellate matters during the same period, including matters necessary to preserve the Debtor's legal rights.

11. The Debtor believes that a brief continuance of approximately fourteen (14) days will permit:

a. Completion of the Pinecrest accounting;

b. Filing of a further amended Chapter 13 Plan;

c. Responses to pending creditor objections;

d. Incorporation of developments concerning 42 Hall Street and 56 East Side Road;

e. Continued efforts to resolve issues relating to 40 Hall Street;

f. Further efforts to obtain legal representation;

g. Review of insurance documentation by the Trustee; and

h. Submission of additional information requested by the Trustee or creditors.

12. This request is made in good faith and not for purposes of delay. Since the prior continuance, the Debtor has continued working with creditors, obtained insurance documentation, resolved significant issues relating to 42 Hall Street, made substantial payments toward preserving estate assets, and is preparing an accounting responsive to concerns raised by the Trustee. The Debtor respectfully submits that a brief continuance may narrow or resolve issues presently preventing confirmation and permit the filing of a more complete and accurate amended Chapter 13 Plan for the benefit of all parties in interest. The Debtor further respectfully submits that denial of a brief continuance may result in the Court considering an outdated plan that does not reflect the material developments that have occurred since the prior continuance.

WHEREFORE, the Debtor respectfully requests that the Court continue the Confirmation Hearing, Trustee's Motion to Dismiss, and any related matters presently scheduled for June 26, 2026 for approximately fourteen (14) days, or such other date as the Court deems appropriate.


Respectfully submitted,

Brian J. Goodman, Sr.
40 Hall Street
Concord, NH 03301
Pro Se Debtor

Date: June 23, 2026

CERTIFICATE OF SERVICE

I, Brian J. Goodman, Sr., hereby certify that on June 23, 2026, I caused a true and correct copy of the foregoing Debtor's Motion to Continue Confirmation Hearing, Trustee's Motion to Dismiss, and Related Matters to be served upon all parties entitled to notice, including:

Andrew M. Dudley, Chapter 13 Trustee;

Office of the United States Trustee;

Patrick J. McDonald, Esq., counsel for Fay Servicing, LLC and U.S. Bank Trust Company, National Association, Not In Its Individual Capacity But Solely In Its Capacity As Indenture Trustee of CIM Trust 2025-NR1;

Conner Lang, Esq., counsel for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust;

and all parties receiving notice through the Court's CM/ECF system, by first-class mail and/or electronic service as applicable.

Brian J. Goodman, Sr.
Pro Se Debtor

Date: June 23, 2026