FILED 2026 JUN 26 AM 8:34
Clerk of the US Bankruptcy Court NH

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

BRIAN J. GOODMAN, SR.,

Debtor.

Chapter 13

Case No. 25-10233-KB

**DEBTOR'S SUPPLEMENTAL STATEMENT REGARDING CONFIRMATION HEARING AND REQUEST FOR LEAVE TO FILE ONE FINAL MODIFIED CHAPTER 13 PLAN**

NOW COMES the Debtor, Brian J. Goodman, Sr., proceeding pro se, and respectfully submits this Supplemental Statement in advance of the June 26, 2026 Confirmation Hearing.

1. Since filing the Amended Chapter 13 Plan on April 10, 2026, material developments have occurred that were not reflected in the plan presently before the Court.

2. The Debtor has continued to act in good faith to preserve assets of the bankruptcy estate, work with secured creditors, and formulate a feasible path toward reorganization.

3. The Debtor has provided the Chapter 13 Trustee with the requested insurance documentation, and the Trustee has acknowledged receipt thereof.

4. With respect to **56 East Side Road**, the Debtor paid **$10,000.00** toward resolving post-petition obligations in an effort to preserve that estate asset. As a result of those payments, the Motion for Relief from Stay relating to that property was withdrawn.

5. With respect to **42 Hall Street**, the Debtor entered into a stipulated payment arrangement totaling **$15,733.00**. Those funds were allocated from the Pinecrest proceeds for the purpose of preserving that estate asset. As of the date of this filing, the Debtor has made **two payments of $2,622.18** pursuant to that agreement. Although the written stipulation expired before execution due to administrative delays, creditor's counsel has advised the Debtor that he is working to have the stipulation reinstated so that it may be executed.

6. The Debtor respectfully submits that the Pinecrest proceeds were not used for personal expenditures or dissipated. Rather, those funds were allocated toward preserving estate assets and addressing secured creditor obligations in an effort to maximize value for creditors and facilitate a successful reorganization.

7. With respect to **40 Hall Street**, the Debtor's principal residence, the Debtor has continued attempting to resolve the matter through communication with creditor's counsel, submission of a Qualified Written Request (QWR), requests for payoff information and a complete accounting, and active efforts to pursue refinancing and other consensual resolution options. Despite those efforts, the Debtor has been unable to obtain sufficient information from the secured creditor to formulate a final treatment of 40 Hall Street within the current Chapter 13 Plan. The Debtor respectfully submits that clarification of the amount properly owed and resolution of the remaining issues concerning that property are necessary to allow the Debtor to propose a feasible modified Chapter 13 Plan.

8. Earlier this week, the Debtor respectfully sought a continuance because the Debtor believed these material developments should be incorporated into a modified Chapter 13 Plan before confirmation was considered. Although that request was denied, the Debtor respectfully submits that these developments now warrant consideration by the Court.

9. The Debtor respectfully submits that the current Amended Chapter 13 Plan no longer accurately reflects the present posture of this case, including:

   o the payments made toward preserving estate assets;

   o the stipulated payment arrangement concerning 42 Hall Street;

   o the resolution of matters concerning 56 East Side Road;

   o the insurance documentation provided to the Trustee;

   o the continuing efforts to resolve 40 Hall Street; and

   o the accounting of the Pinecrest proceeds.

10. The Debtor respectfully requests that, if the Court determines that the current Amended Plan cannot be confirmed, the Court grant leave to file **one final Modified Chapter 13 Plan** incorporating these material developments rather than dismissing the case.

11. This request is made in good faith and not for purposes of delay. The Debtor has continued working with secured creditors, has applied available funds toward preserving estate assets and addressing post-petition obligations, has provided the Trustee with requested insurance documentation, and respectfully submits that the interests of creditors and the estate will be better served by allowing one final modified Chapter 13 Plan reflecting these material developments rather than dismissing the case before those developments can be presented to the Court.

WHEREFORE, the Debtor respectfully requests that the Court consider these material developments during today's hearing and, if confirmation of the current plan is denied, grant the Debtor leave to file one final Modified Chapter 13 Plan, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Brian J. Goodman, Sr.
Debtor, Pro Se
40 Hall Street
Concord, NH 03301
(603) 892-4841
Date: June 26, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2026, I served a copy of the foregoing upon the Chapter 13 Trustee, the Office of the United States Trustee, Patrick J. McDonald, Esq., Conner Lang, Esq., and all parties entitled to notice by first-class mail and/or electronic notice as applicable.

Brian J. Goodman, Sr.

Debtor, Pro Se