UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW HAMPSHIRE

FILED 2026 JUL 9 PM2:53
Clerk of the US Bankruptcy Court NH

In re:

Brian J. Goodman, Sr.,

Debtor.


Chapter 13

Case No. 25-10233-KB

Hon. Kimberly Bacher


## DEBTOR'S EMERGENCY MOTION TO CLARIFY AND EXTEND TIME TO COMPLY WITH PARAGRAPH 1(c) OF JUNE 26, 2026 ORDER


NOW COMES the Debtor, Brian J. Goodman, Sr., proceeding pro se, and respectfully moves this Court for an order clarifying paragraph 1(c) of the Court's June 26, 2026 Order requiring a payment of $40,000 to the Chapter 13 Trustee by July 10, 2026, and extending that deadline pending the Court's ruling on this motion. This motion is filed in light of the Court's June 26, 2026 Order stating that failure to comply may result in dismissal under 11 U.S.C. § 1307. In support, the Debtor states as follows:


1. On February 18, 2026, the Court entered an order concerning the Pinecrest transaction and referenced approximately $40,000 in anticipated proceeds to be remitted to the Chapter 13 Trustee.


2. On June 23, 2026, before the confirmation hearing, the Debtor filed a Motion to Continue advising the Court that substantial developments had occurred affecting plan feasibility and creditor treatment, including Pinecrest accounting issues, developments concerning 42 Hall Street, 56 East Side Road, and unresolved issues concerning 40 Hall Street.

3. Prior to the June 26, 2026 hearing, the Debtor also filed a Supplemental Statement advising the Court that Pinecrest-related funds had been applied toward preserving estate assets and maintaining the Debtor's reorganization efforts, rather than for personal expenditures.

4. On June 26, 2026, the Court entered an order requiring, among other things, that the Debtor provide the Trustee with "a payment in the amount of $40,000" on or before July 10, 2026, and further stating that failure to comply may result in dismissal under 11 U.S.C. § 1307.

5. The Debtor respectfully seeks clarification of paragraph 1(c) because, as of the date of this motion, the Debtor cannot comply exactly as written by tendering $40,000 to the Trustee by July 10, 2026.

6. The Debtor understands that the Court's prior Pinecrest order referenced approximately $40,000 in anticipated proceeds. However, after the Pinecrest closing and correction of title-related issues and related adjustments associated with that transaction, the amount actually available to the Debtor from Pinecrest-related funds was approximately $35,000.

7. Of that approximately $35,000, the Debtor respectfully states that:

   a. approximately $10,000 was applied toward preserving and maintaining 56 East Side Road;

   b. approximately $15,000 was applied toward preserving and maintaining 42 Hall Street and related post-petition obligations; and

   c. approximately $10,000 presently remains on hand.

8. The Debtor respectfully states that these Pinecrest-related funds were not used for personal expenditures, but were applied in good faith toward preserving estate assets, maintaining secured properties, addressing post-petition obligations, and preserving the Debtor's ability to negotiate and propose a feasible Chapter 13 plan.

9. The Debtor further respectfully states that, despite substantial post-petition developments affecting the estate and plan feasibility, the Debtor has not yet been able to obtain approval of an amended Chapter 13 plan that fully incorporates the current treatment of 40 Hall Street, 42 Hall Street, 56 East Side Road, the Pinecrest proceeds issue, and other material developments affecting the estate. Clarification of paragraph 1(c) is therefore necessary so that the Debtor may understand what funds, if any, must be turned over to the Trustee and what funds, if any, remain available to support a feasible amended plan.

10. The Debtor acknowledges that this motion is being filed close to the July 10, 2026 deadline. Since entry of the June 26, 2026 Order, however, the Debtor has been actively gathering and reviewing the Pinecrest closing and accounting information requested by the Trustee and the Court, while also addressing urgent matters affecting estate assets and plan feasibility, including ongoing issues concerning 40 Hall Street, 42 Hall Street, 56 East Side Road, the Debtor's pending Superior Court appeal involving Mark Plantier, and the impending foreclosure proceedings concerning 72 Hall Street. The Debtor files this motion before the July 10 deadline in order to seek clarification and avoid noncompliance while those issues are being addressed.

11. The Debtor is not attempting to disregard the Court's prior orders. Rather, the Debtor respectfully seeks clarification because:

  a. the Court's prior Pinecrest-related order referenced approximately $40,000 in anticipated proceeds;

  b. the amount actually available to the Debtor after closing-related and title-related corrections was approximately $35,000;

  c. portions of those funds were applied before the June 26, 2026 Order toward preserving estate assets and reorganization efforts; and

  d. the Debtor presently does not have $40,000 in cash available to tender by July 10, 2026.

12. The Debtor therefore respectfully requests clarification as to whether paragraph 1(c) of the June 26, 2026 Order requires:

a. immediate turnover of the full $40,000 figure referenced in the Order;

b. turnover of the approximately $10,000 presently remaining on hand from Pinecrest-related funds;

c. turnover of some other amount after the Court reviews the Debtor's accounting and the actual amount available to the Debtor after closing adjustments and title-related corrections; or

d. some other form of compliance or schedule of compliance the Court deems appropriate.

13. The Debtor respectfully requests an extension of the July 10, 2026 deadline pursuant to Fed. R. Bankr. P. 9006(b) pending the Court's ruling on this motion, so that the Debtor is not deemed in default of paragraph 1(c) before the Court has clarified the amount required to be paid.

14. The Debtor also respectfully requests that, pending the Court's ruling on this motion, the Debtor be permitted to temporarily retain the approximately $10,000 remaining Pinecrest-related funds, because those funds are the only liquid funds presently available to preserve value for the estate and maintain options concerning 40 Hall Street, 72 Hall Street, and the possibility of a feasible amended Chapter 13 plan.

15. The Debtor files this motion together with a proposed order and notice consistent with the Court's local motion practice rules, including LBR 9013-1 and LBR 7104.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

A. clarifying paragraph 1(c) of the Court's June 26, 2026 Order and specifying what amount, if any, the Debtor must tender to the Chapter 13 Trustee from Pinecrest-related funds and on what schedule;

B. extending the July 10, 2026 deadline to comply with paragraph 1(c) pending the Court's ruling on this motion and/or for such additional period as the Court deems just and proper;

C. permitting the Debtor to temporarily retain the approximately $10,000 remaining Pinecrest-related funds pending the Court's ruling on this motion; and

D. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Brian J. Goodman, Sr.
40 Hall Street
Concord, NH 03301
Debtor, Pro Se

Date: July 9, 2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Brian J Goodman Sr,                                    Case No. 25-10233-KB
Debtor.                                                           Chapter 13

### NOTICE OF CONTINGENT HEARING

Please take notice that on July 24, 2026 at 9:00 a.m. movant <u>Debtor, Brian J Goodman Sr</u> will appear before the Hon. Kimberly Bacher, or any judge that may be sitting in that judge's place, at **either** the United States Bankruptcy Court, Courtroom A, Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Concord, New Hampshire, or via Zoom as described below, and present the Debtor's Emergency Motion to Clarify and Extend Time to Comply with Paragraph 1.(c) of June 26, 2026 Order.

To appear by Zoom via video, go to this link: **https://www.zoomgov.com** and then enter the Meeting ID and Passcode listed below.

To appear by Zoom using a telephone, call Zoom for Government at **1-646-828-7666 or 1-669-254-5252** and then enter the Meeting ID and Passcode listed below.

The Meeting ID for this hearing is **160 462 2499**, and the Passcode is **760398**. The Meeting ID and Passcode can also be found on the court's website.

**YOUR RIGHTS MAY BE AFFECTED. You should read this notice and the Debtor's Emergency Motion to Clarify and Extend Time to Comply with Paragraph 1.(c) of June 26, 2026 Order. carefully and discuss it with your attorney.** If you do not have an attorney, you may wish to consult one. If you have no objection to the motion, no action is required by you. If you object to the relief sought, or if you wish the matter to be heard on the hearing date, you must file a written objection with the Clerk, United States Bankruptcy Court, Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Room 200, Concord, NH 03301 on or before <u>July 17th 2026</u>. **If no objection is timely filed, the court may grant the relief requested in advance without holding a hearing.**

A copy of your objection or response must be mailed or delivered to the undersigned filer at the address set forth below, the case trustee, the United States Trustee, and a certificate of service must be filed with the clerk. If you file an objection or response, you must also appear at the hearing on the date and time set forth above.

Date: ___7/9/26___

_Signature_ Brian J Goodman Sr.
Pro Se,
Address 40 Hall St. Concord NH 03301
Tel. No. 603-892-4841

LBF 7104-1 (Eff. 02/01/2026)

CERTIFICATE OF SERVICE

I, Brian J. Goodman, Sr., hereby certify that on this 9th day of July, 2026, I caused a true and correct copy of the foregoing Debtor's Emergency Motion to Clarify and Extend Time to Comply with Paragraph 1(c) of June 26, 2026 Order to be served upon all parties entitled to notice, including:

- Andrew M. Dudley, Chapter 13 Trustee;

- Office of the United States Trustee;

- Patrick J. McDonald, Esq.;

- Conner Lang, Esq.; and

- all parties receiving notice through the Court's CM/ECF system and/or by first-class mail as applicable.


Brian J. Goodman, Sr.

Debtor, Pro Se